1  CHARLES R. MESSER (SBN: 101094)
   MesserC@cmtlaw.com
2  DAVID J. KAMINSKI (SBN: 128509)
   KaminskiD@cmtlaw.com
3  STEPHEN A. WATKINS (SBN: 205175)
   WatkinsS@cmtlaw.com
4  CARLSON & MESSER LLP
5  5959 W. Century Boulevard, Suite 1214
   Los Angeles, California 90045
6  (310) 242-2200 Telephone
7  (310) 242-2222 Facsimile
   ATTORNEYS FOR
8  VERIZON WIRELESS (VAW) LLC

9           UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11

12  JOHN LOFTON, an individual, on his own behalf )   Case No.:
    and on behalf of all others similarly situated )
13                                                )   **NOTICE OF REMOVAL**
                        Plaintiff,                )
14                                                )
           vs.                                    )
15                                                )
    VERIZON WIRELESS (VAW) LLC, a Delaware        )
16  limited liability company, and DOES 1-100,    )
    inclusive,                                    )
17                                                )
                        Defendants.               )
18  _____

19              **DEFENDANT'S NOTICE OF REMOVAL**

20        Defendant VERIZON WIRELESS (VAW) LLC ("Defendant") hereby files this notice of

21  removal under 28 U.S.C. §1446(a).

22        **A. Introduction**

23        1.      Defendant is Verizon Wireless (VAW), LLC (Defendant"); Plaintiff is John Lofton

24  ("Plaintiff").

25        2.      This case was initially filed on June 14, 2012 in the Superior Court of California,

26  County of Alameda, Case No. RG12634618.  That case did not allege any claims under Federal law.

27

28

    {00011546.DOCX;1}

3.      On November 12, 2013, Plaintiff filed his Third Amended Complaint ("TAC"), which for the first time, raised a Federal question under the Telephone Consumer Protection Act. 47 U.S.C. § 227, *et seq.*, ("TCPA"). Service was effected by having counsel for Defendant sign and return a Notice and Acknowledgement of Receipt on November 20, 2013. A true and correct copy of the Third Amended Complaint and the Notice and Acknowledgement of Receipt are attached hereto as Exhibits A and B respectively.

4.      As the Notice and Acknowledgement of Receipt was signed and returned on November 20, 2013, Defendant files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b). *See Star Varga v. United Airlines*, 2009 U.S. Dist. LEXIS 64000, 8-9 (N.D. Cal. July 24, 2009)(holding removal was proper when made 30 days after the date defense counsel signed and returned the notice and acknowledgment of receipt); *Cal. Code Civ. Pro.* § 415.30(c).

5.      A true and correct copy of the face pages for Plaintiff's original Complaint and summons, First Amended Complaint and Second Amended Complaint are attached hereto as Exhibit C. The original summons and complaint is set forth at AC0001-15, the First Amended Complaint at AC00034-46, and the Second Amended Complaint at AC00512-557 in the concurrently filed CD.

**B. Basis for Removal**

6.      Removal is proper because as of November 12, 2013, the Plaintiff's Complaint involves a federal question. 28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996). Specifically, Plaintiff's TAC alleges claims that arise under 47 U.S.C. § 227, *et seq.*, for alleged violation of the Telephone Consumer Protection Act.

7.      "Where it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court

{00011546.DOCX;1}

NOTICE OF REMOVAL
2

has jurisdiction…. " *Smith v. Kansas City Title and Trust Co.*, 255 U.S. 180, 41 S. Ct. 243, 65 L. Ed. 577 (1921) (Court upheld federal jurisdiction over the case because the state claim embraced a federal question).   A case may "arise under" federal law for purposes of 28 U.S.C. § 1331 even when a state cause of action is asserted, however, "where the vindication of a right under state law necessarily turns on some construction of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)   The question then is whether plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute.".

8.     Similarly, to bring a case within (arising-under jurisdiction), a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. *Gully v. First Nat'l Bank* (U.S. 1936) 299 U.S. 109, 112, 112, 57 S. Ct. 96, 97.

9.     All pleadings, process, orders, and other filings in the state court action are submitted electronically with the attached disk due to volume, and are Bates Stamped AC00001-2732.  A paper copy will be filed promptly upon request.

10.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

11.     Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## C. Jury Demand

12.     Plaintiff demands a jury in the state court action.  Defendant does not demand a jury trial.

{00011546.DOCX;1}

D. **Conclusion**

13.     Defendant respectfully requests removal of this action as it involves a Federal question under the TCPA.

Dated:  December ____, 2013                                CARLSON & MESSER LLP

By: _____
Charles R. Messer
Stephen A. Watkins
Attorneys for Defendant
VERIZON WIRELESS (VAW) LLC

{00011546.DOCX;1}