United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN LOFTON, | **Case No.: 13-cv-5665 YGR** |
| **Plaintiff,** | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| VERIZON WIRELESS (VAW) LLC, | |
| **Defendant.** | |

Defendant Verizon Wireless (VAW) LLC filed its Motion to Dismiss the Third Amended Complaint of Plaintiff John Lofton on December 20, 2013.  (Dkt. No. 8.)  Plaintiff filed his Motion for Preliminary Injunction on January 22, 2014.  (Dkt. No. 13.)  Both matters came on for hearing on March 11, 2014.  Having carefully considered the briefing and arguments submitted in this matter, and for the reasons set forth on the record on March 11, 2014 and in this Order, both Motions are **DENIED**.

With respect to the Motion to Dismiss, Defendant offers no compelling reason to depart from the reasoning of courts, including the California Supreme Court, which have determined that California Penal Code section 632.7 prohibits the "recording of *any* communication."  *Flanagan v. Flanagan*, 27 Cal. 4th 766, 776 (Cal. 2002) (emphasis in original); *see also*, *e.g.*, *Simpson v. Best Western Int'l, Inc.*, No. 12-04672, 2012 WL 5499928, *6 (N.D. Cal. Nov. 13, 2012) (holding that Section 632.7 "applies to all communications, not just confidential communications" (quoting

United States District Court
Northern District of California

1  *Flanagan*, 27 Cal. 4th at 771 n.2)); *Simpson v. Ramada Worldwide, Inc.*, 12-CV-5029-PSG, 2012

2  WL 5988644, at *3 (N.D. Cal. Nov. 29, 2012) (substantially the same); *Roberts v. Wyndham Int'l,*

3  *Inc.*, 12-CV-5180-PSG, 2012 WL 6001459, at *4 (N.D. Cal. Nov. 30, 2012) (substantially the

4  same); *Simpson v. Vantage Hospitality Grp., Inc.*, 12-CV-04814-YGR, 2012 WL 6025772, at *5-6

5  (N.D. Cal. Dec. 4, 2012) (denying motion to dismiss claim under Section 632.7 because "the only

6  requirement contained in Section 632.7 is that there was a communication and Plaintiff has alleged

7  that communications occurred").   The question here is not close: "any" and "all" mean any and all.

8         With respect to the Motion for Preliminary Injunction, Plaintiff fails to demonstrate an

9  "immediate" threat of irreparable injury.  It is undisputed that Defendant has modified the offending

10  portion of its policy and that the relief sought would merely prohibit Defendant from changing it

11  back.  Plaintiff presents no evidence that such a change is imminent.  His motion therefore fails.

12  *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); *Privitera v.*

13  *California Bd. of Med. Quality Assur.*, 926 F.2d 890, 897 (9th Cir. 1991) (weighing "immediacy of

14  the threatened injury" in reviewing decision to deny preliminary injunctive relief); *see also Winter v.*

15  *Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("A preliminary injunction will not be issued

16  simply to prevent the possibility of some remote future injury."); *Alliance for the Wild Rockies v.*

17  *Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (requiring showing of "likelihood" of irreparable

18  injury even under the "serious questions" sliding-scale approach relied upon by Plaintiff here).

19  Rather than presenting evidence sufficient to carry his burden, Plaintiff contends that Defendant

20  bears a burden of showing a preliminary injunction should *not* issue because Defendant has engaged

21  in "voluntary cessation" of the accused practice.  The argument attempts, without legal support, to

22  graft a doctrine of standing jurisprudence onto the law of remedies.  *Cf. S.E.C. v. Banc de Binary*

23  *Ltd.*, 2:13-CV-00993-RCJ, 2013 WL 4042280, at *7 (D. Nev. Aug. 7, 2013) ("The mootness issue is

24  a prudential jurisdictional question antecedent to the merits of the preliminary injunction motion, not

25  a merits question incorporated therein . . . .").  The burden of establishing entitlement to the

26  extraordinary relief of a preliminary injunction lays squarely upon the party seeking the injunction—

27  here, Plaintiff.  *See, e.g.*, *Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1135.  As

28  set forth above, Plaintiff has failed to carry that burden.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

The Court is cognizant that this case has been significantly delayed by successive challenges to the pleadings, as well as other motion practice.  The brevity of this Order stems from the Court's reluctance to impose further delay while the parties await resolution of issues which, ultimately, are not close questions.  Defendant shall answer the Third Amended Complaint within 14 days of the signature date of this Order.

This Order terminates Dkt. Nos. 8 and 13.

**IT IS SO ORDERED**.

Date:  March  14, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**