David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
212 Marine Street
Santa Monica, California 90405
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff John Lofton, on his own behalf, and behalf of all others similarly situated*

**IN THE UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON WIRELESS (VAW) LLC, a Delaware limited liability company, and DOES 1-100, inclusive,<br><br>Defendants. | No. C 13-05665 YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**PLAINTIFF JOHN LOFTON'S NOTICE OF APPEAL FROM THE COURT'S MARCH 14, 2014 ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**PRELIMINARY INJUNCTION APPEAL** |

Plaintiff John Lofton ("Plaintiff") hereby submits his Notice of Appeal from the March 14, 2014 order by the United States District Court of the Northern District of California denying Lofton's motion for preliminary injunction ("Order") against Defendant Verizon Wireless (VAW) LLC's ("Verizon"). Lofton hereby appeals to the United States Court of Appeals for the Ninth Circuit under 28 U.S. Code § 1292(a)(1). Lofton appeals on the grounds that the Order did not apply prevailing Ninth Circuit law that, because Lofton's injuries stemmed from Verizon's written monitoring disclosure policy that was in place at the time of those injuries, "there is implicit likelihood of its repetition in the immediate future," and because that same policy

repeatedly caused injurious acts in the past, "there is a sufficient possibility that [Verizon] will engage in [the same] in the near future to satisfy" the requirement of a likelihood of irreparable harm. *Armstrong v. Davis*, 275 F.3d 849, 861 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005) (citation, punctuation omitted).

**REPRESENTATION STATEMENT**

Pursuant to Circuit Rule 3-2(b), parties to the appeal and the names, address, and telephone numbers of their counsel are set forth below. John Lofton, plaintiff and appellant in this matter, is represented by

> David C. Parisi (162248)
> Suzanne Havens Beckman (188814)
> PARISI & HAVENS LLP
> 212 Marine Street
> Santa Monica, California 90405
> (818) 990-1299 (telephone)
> (818) 501-7852 (facsimile)
> dcparisi@parisihavens.com
> shavens@parisihavens.com

> Ethan Preston (263295)
> PRESTON LAW OFFICES
> 8245 North 85th Way
> Scottsdale, Arizona 85258
> (480) 269-9540 (telephone)
> (866) 509-1197 (facsimile)
> ep@eplaw.us

Verizon Wireless (VAW) LLC, defendant and appellee in this matter, is represented by:

> Charles R. Messer (101094)
> David J. Kaminski (128509)
> Stephen A. Watkins (205175)
> CARLSON & MESSER LLP
> 5959 West Century Boulevard, Suite 1214
> Los Angeles, California 90045
> (310) 242-2200 (telephone)
> (310) 242-2222 (facsimile)
> messerc@cmtlaw.com
> kaminskd@cmtlaw.com
> WatkinsS@cmtlaw.com

A copy of the Order is attached below.

Dated: April 10, 2014           By: __s/Ethan Preston__
                                    David C. Parisi (162248)
                                    Suzanne Havens Beckman (188814)
                                    PARISI & HAVENS LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

212 Marine Street
Santa Monica, California 90405
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff John Lofton, on his own behalf, and behalf of all others similarly situated*

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN LOFTON**,<br><br>    **Plaintiff,**<br><br>    v.<br><br>**VERIZON WIRELESS (VAW) LLC**,<br><br>    **Defendant.** | **Case No.: 13-cv-5665 YGR**<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Defendant Verizon Wireless (VAW) LLC filed its Motion to Dismiss the Third Amended Complaint of Plaintiff John Lofton on December 20, 2013. (Dkt. No. 8.) Plaintiff filed his Motion for Preliminary Injunction on January 22, 2014. (Dkt. No. 13.) Both matters came on for hearing on March 11, 2014. Having carefully considered the briefing and arguments submitted in this matter, and for the reasons set forth on the record on March 11, 2014 and in this Order, both Motions are **DENIED**.

With respect to the Motion to Dismiss, Defendant offers no compelling reason to depart from the reasoning of courts, including the California Supreme Court, which have determined that California Penal Code section 632.7 prohibits the "recording of *any* communication." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 776 (Cal. 2002) (emphasis in original); *see also*, *e.g.*, *Simpson v. Best Western Int'l, Inc.*, No. 12-04672, 2012 WL 5499928, *6 (N.D. Cal. Nov. 13, 2012) (holding that Section 632.7 "applies to all communications, not just confidential communications" (quoting

1 *Flanagan*, 27 Cal. 4th at 771 n.2)); *Simpson v. Ramada Worldwide, Inc.*, 12-CV-5029-PSG, 2012
2 WL 5988644, at *3 (N.D. Cal. Nov. 29, 2012) (substantially the same); *Roberts v. Wyndham Int'l,*
3 *Inc.*, 12-CV-5180-PSG, 2012 WL 6001459, at *4 (N.D. Cal. Nov. 30, 2012) (substantially the
4 same); *Simpson v. Vantage Hospitality Grp., Inc.*, 12-CV-04814-YGR, 2012 WL 6025772, at *5-6
5 (N.D. Cal. Dec. 4, 2012) (denying motion to dismiss claim under Section 632.7 because "the only
6 requirement contained in Section 632.7 is that there was a communication and Plaintiff has alleged
7 that communications occurred"). The question here is not close: "any" and "all" mean any and all.

8       With respect to the Motion for Preliminary Injunction, Plaintiff fails to demonstrate an
9 "immediate" threat of irreparable injury. It is undisputed that Defendant has modified the offending
10 portion of its policy and that the relief sought would merely prohibit Defendant from changing it
11 back. Plaintiff presents no evidence that such a change is imminent. His motion therefore fails.
12 *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); *Privitera v.*
13 *California Bd. of Med. Quality Assur.*, 926 F.2d 890, 897 (9th Cir. 1991) (weighing "immediacy of
14 the threatened injury" in reviewing decision to deny preliminary injunctive relief); *see also Winter v.*
15 *Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("A preliminary injunction will not be issued
16 simply to prevent the possibility of some remote future injury."); *Alliance for the Wild Rockies v.*
17 *Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (requiring showing of "likelihood" of irreparable
18 injury even under the "serious questions" sliding-scale approach relied upon by Plaintiff here).
19 Rather than presenting evidence sufficient to carry his burden, Plaintiff contends that Defendant
20 bears a burden of showing a preliminary injunction should *not* issue because Defendant has engaged
21 in "voluntary cessation" of the accused practice. The argument attempts, without legal support, to
22 graft a doctrine of standing jurisprudence onto the law of remedies. *Cf. S.E.C. v. Banc de Binary*
23 *Ltd.*, 2:13-CV-00993-RCJ, 2013 WL 4042280, at *7 (D. Nev. Aug. 7, 2013) ("The mootness issue is
24 a prudential jurisdictional question antecedent to the merits of the preliminary injunction motion, not
25 a merits question incorporated therein . . . ."). The burden of establishing entitlement to the
26 extraordinary relief of a preliminary injunction lays squarely upon the party seeking the injunction—
27 here, Plaintiff. *See*, *e.g.*, *Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1135. As
28 set forth above, Plaintiff has failed to carry that burden.

The Court is cognizant that this case has been significantly delayed by successive challenges to the pleadings, as well as other motion practice. The brevity of this Order stems from the Court's reluctance to impose further delay while the parties await resolution of issues which, ultimately, are not close questions. Defendant shall answer the Third Amended Complaint within 14 days of the signature date of this Order.

This Order terminates Dkt. Nos. 8 and 13.

**IT IS SO ORDERED**.

Date: March 14, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**