**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOHN LOFTON**,<br><br>    **Plaintiff**,<br><br>    v.<br><br>**VERIZON WIRELESS (VAW) LLC**,<br><br>    **Defendant.** | **Case No.: 13-cv-5665 YGR**<br><br>**ORDER DENYING MOTION TO STRIKE ANSWER, GRANTING LEAVE TO FILE AMENDED ANSWER, SETTING CASE MANAGEMENT CONFERENCE** |

## I. BACKGROUND

Plaintiff John Lofton's operative Third Amended Complaint (Dkt. No. 1, Ex. A ("TAC")) alleges that, in June 2012, he received two calls on his cell phone from third-party debt collector Collecto, Inc. On the calls, Collecto sought to collect an unpaid bill for cell phone services supplied by defendant Verizon Wireless (VAW) LLC. Plaintiff alleges, however, that he is, and was, not a Verizon customer and that Collecto called seeking somebody other than Plaintiff—in short, that Collecto had a wrong number. The gravamen of the complaint is that Collecto recorded the calls without plaintiff's express prior consent and that Verizon, because it used Collecto as its agent, is liable for that conduct. The TAC asserts three claims: two under California statutes, namely, the Invasion of Privacy Act, CAL. PENAL CODE § 632.7, and the Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.*, and a third under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Plaintiff seeks to represent two classes of similarly situated individuals—a

California class proceeding under California law and a national class proceeding under federal law—and prays for statutory penalties, equitable and injunctive relief, and prevailing-party attorney fees and costs. It bears emphasis that plaintiff filed this case nearly two years ago (*see* Dkt. No. 1, ¶¶ 2-3), and the parties appear to have yet to complete discovery (*see* Dkt. Nos. 9, 13-2).

Notwithstanding the slow progress of this litigation, now before the Court is a challenge to the pleadings. Pursuant to Federal Rule of Civil Procedure 12(f), plaintiff moves to strike portions of Verizon's Answer to the TAC. (Dkt. Nos. 24 ("Answer"), 28 ("Mot.").) With its opposition, Verizon filed a Proposed Amended Answer, seeking leave to file it as the operative responsive pleading. (Dkt. No. 29 ("Opp'n"), Ex. A ("Prop. Am. Answer").) Plaintiff's reply brief directs its argument to the Proposed Amended Answer, acknowledging that the Proposed Amended Answer moots some but not all of the arguments in his Motion.

As set forth below more specifically, the Court exercises its discretion and **DENIES** plaintiff's Motion, and **GRANTS** Verizon's request to file an amended answer.[1] Plaintiff has failed to persuade the Court that it should exercise its discretion to grant his Rule 12(f) motion, which serves merely to protract rather than to streamline this litigation. Pursuant to its Order of January 2, 2014 (Dkt. No. 11), the Court **SETS** a Case Management Conference for **June 23, 2014**.

## II.   LEGAL STANDARD

A court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994)). "Motions to strike 'are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011) (quoting *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for May 27, 2014.

2001)).  Given the disfavored status of Rule 12(f) motions, "courts often require a showing of prejudice by the moving party before granting the requested relief."  *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (quoting *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).  "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."  *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)).  Whether to grant a motion to strike is a matter committed to the sound discretion of the district court.  *See Whittlestone,* 618 F.3d at 973 (citing *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000)).

## III. DISCUSSION

Plaintiff brings a variety of challenges to defendant's Answer and Proposed Amended Answer, at significant expense to the Court and the parties, and without specifically articulating significant prejudice.  Many of plaintiff's challenges amount to little more than hypertechnical criticisms of purported defects of pleading formality.  Although language disapproving of these defects may be culled from the opinions of some district courts, in the circumstances of this litigation they do not persuade the Court to exercise its discretion to grant plaintiff's Motion.

The only portion of plaintiff's Motion with significant force is the portion attacking the Answer's fifth, tenth, and fifteenth affirmative defenses on the basis that, prior to removal of this action, the state court allegedly deemed them insufficient.  (Mot. at 2-4; Reply at 2-3.)  Such a ruling by the state court, if evident in the record, would constitute good cause to strike the insufficient defenses.  Fed. R. Civ. P. 12(f).  Here, however, the Court **DENIES** plaintiff's motion with respect to those defenses because, although plaintiff purports to quote the state court's rulings (*see* Mot. at 3, Reply at 3), he neglected to supply either true and correct copies of the purported rulings of which the Court could take judicial notice, or citation to a publicly available copy of the rulings.  Instead, plaintiff cited what appear to be bates-stamped page numbers of his own internal files.  The Court is not obligated to scour state-court records to uncover a party's cited authorities.  Both parties may rest assured that this Court, as it explained in a prior order (Dkt. No. 11), "treats everything that occurred in the state court as if it had taken place in federal court."  *Carvalho v. Equifax Info. Servs., LLC*,

629 F.3d 876, 887 (9th Cir. 2010) (quoting *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963)). Thus, any rulings of the state court with respect to possible defenses still stand.  However, on the record presently before the Court, the Court cannot conclude that the state court indeed made the rulings plaintiff claims it did.

The Court has considered the remainder of plaintiff's attacks on the Answer, as well as the Proposed Amended Answer, and concludes that the defects they identify either may have some impact on the outcome of the litigation, do not rise to the level of the colorably prejudicial, or do not otherwise warrant striking.  Plaintiff does not establish that any of the asserted defenses are legally insufficient, nor that any of the allegations are redundant, immaterial, impertinent, or scandalous. Plaintiff's requests to have certain factual matters deemed admitted in light of purported deficiencies of form are particularly misplaced. (*E.g.*, Mot. at 15.)  Part of the reason Rule 12(f) motions are disfavored is because of the federal policy in favor of resolving cases on their merits, as opposed to, e.g., formalities.  CAL. PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL § 9:375.  Plaintiff's requests to deem matters admitted runs counter to that laudable policy.  Moreover, the purpose of Rule 12(f) motions is to minimize litigation, not to compound it.  Plaintiff's motion itself patently entails the very "expenditure of time and money that must arise from litigating spurious issues" that Rule 12(f) is meant to forestall.  *Cf. Fantasy, Inc.*, 984 F.2d at 1527.

**IV.     CONCLUSION**

For the foregoing reasons, the motion of plaintiff John Lofton to strike the Answer to the Third Amended Complaint of defendant Verizon Wireless (VAW) LLC is **DENIED**.  Defendant has leave to file an Amended Answer to the Third Amended Complaint, consistent with the guidance herein, within **three business days** of the signature date of this Order.

The Court **SETS** a Case Management Conference in this matter on its 2:00 p.m. Calendar on **Monday, June 23, 2014**, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California.  The parties shall file a joint case management conference statement at least **five business days** in advance of the Case Management Conference.  The statement must include all elements requested in the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement."

4

As set forth in the Court's Standing Order in Civil Cases, these conferences are intended to be substantive and productive. Accordingly, each party shall be represented at the Case Management Conference by counsel with authority to enter into stipulations and make admissions pursuant to Federal Rule of Civil Procedure 16(a) and (c), as well as fully prepared to address all of the matters referred to in the CAND CMC Order and Civil Local Rule 16-10(b). Failure to do so shall be considered grounds for sanctions.

This Order terminates Dkt. No. 28.

**IT IS SO ORDERED**.

Date: May 23, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**