1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7   JOHN LOFTON,                              Case No.  13-cv-05665-YGR (JSC)
                    Plaintiff,
8
        v.                                    **ORDER RE: JOINT DISCOVERY
9                                             LETTER**
    VERIZON WIRELESS (VAW) LLC,               Re: Dkt. No. 51
10
                    Defendant.
11

12

13          In this putative class action, Plaintiff John Lofton seeks to compel documents from

14  Defendant Verizon Wireless (VAW) LLC ("Verizon").  After carefully considering the parties'

15  joint discovery letter, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b),

16  and orders as follows.

17          Plaintiff contends that Verizon has failed to promptly produce documents in response to

18  his Request for Production ("RFP") Nos. 53 and 54.  Verizon responds that it will serve

19  "meaningful" supplemental document disclosures by October 31, 2014.  (Dkt. No. 51 at 3.)

20  Plaintiff neither replies to Verizon's proposal nor provides an alternative proposal.  The Court

21  accordingly ORDERS that Verizon supplement its document production in response to RFP Nos.

22  53 and 54 by October 31, 2014 and that the parties meet and confer regarding further

23  supplementation.[1]

24          Plaintiff also seeks production of documents responsive to his RFP Nos. 51, 52, and 59 to

25  61.  Verizon stated in its supplemental responses on September 10, 2014 that it would produce

26

27  _____

[1] Verizon laments Plaintiff's document production to date and requests that Plaintiff also be
ordered to supplement his document production by October 31, 2014.  Because it does not appear
28  that the parties have met and conferred regarding Plaintiff's document production, the Court
DENIES Verizon's request without prejudice.

United States District Court
Northern District of California

1    documents responsive to those requests, with the exception of No. 60,[2] but failed to provide a date

2    by which it would produce those documents.  The parties' joint letter does not address the timing

3    of the agreed-upon production.  The Court accordingly ORDERS Verizon to begin production of

4    all documents responsive to RFP Nos. 51, 52, 59, and 61 by October 31, 2014.  The parties shall

5    meet and confer regarding a schedule for further production of responsive documents.  The Court

6    alerts the parties that their discovery efforts should focus on the documents each side needs for the

7    class certification briefing, which is set to commence on December 16 of this year.  (*See* Dkt. No.

8    38.)

9           Finally, Plaintiff seeks to compel documents responsive to RFP Nos. 49 and 50.  Verizon

10   asserts that such documents are in the possession of third parties and that the documents are not

11   otherwise under its control.  Plaintiff responds that, prior to removal, the state court judge

12   determined that Verizon had contractual control over the documents of at least some of its third-

13   party vendors.  However, the state court judge made this so-called determination only in an

14   informal email expressing his tentative view on the matter and only with respect to one third party

15   (Collecto).  (*See* Dkt. No. 42-1 ¶ 4 ("[I]n an October 10, 2013 email, the state court stated its

16   'recollection is that the Collecto-Verizon agreement granted Verizon control records pertaining to

17   Collecto's collection efforts on Verizon accounts.'").)  The Court is not persuaded that the state

18   court settled the dispute, even in regards to Collecto.  Plaintiff states that if the Court is not going

19   to follow the state court's "determination," he would like to provide additional briefing on the

20   matter.  The Court accordingly sets the following supplemental briefing schedule, which may be

21   changed by the parties' stipulation:

22          Plaintiff provides his portion of the supplemental letter to Verizon:        By Oct. 29, 2014

23          Verizon provides its supplemental response to Plaintiff:                     By Nov. 5, 2014

24          Plaintiff replies and submits the supplemental letter to the Court:           By Nov. 10, 2014
                                                                                          at 9:00 a.m.
25

26          Plaintiff and Verizon are each allotted six pages of briefing so that the supplemental joint

27

28   [2] Verizon asserted that documents responsive to No. 60 were no longer available to it.  (*See* Dkt.
     No. 51-1 ¶ 18.)  Plaintiff does not challenge this assertion in the joint letter.

United States District Court
Northern District of California

1   letter brief shall not exceed 12 pages.

2         **IT IS SO ORDERED**.

3   Dated: October 22, 2014

4   _____
    JACQUELINE SCOTT CORLEY

5   United States Magistrate Judge

United States District Court
Northern District of California

3