**Parisi & Havens LLP**
212 Marine Street, Suite 100
Santa Monica, California 90405
Phone: (818) 990-1299
Fax: (818) 501-7852

Judge Jacqueline Scott Corley
San Francisco Courthouse, Courtroom F - 15th Floor
450 Golden Gate Avenue, San Francisco, California 94102

   Re: *Lofton v. Verizon Wireless (VAW) LLC et al.*, No. 4:13-cv-05665-YGR

Dear Judge Corley:

  Plaintiff John Lofton ("Lofton") and Defendant Verizon Wireless (VAW) LLC ("Verizon") transmit this joint letter under Court's standing order regarding discovery disputes. This letter concerns a request for sanctions against Verizon and non-party Collecto concerning a wide variety of abusive and deceptive practices with respect to class discovery. The parties met and conferred in person on October 15, 2014. (Preston Decl. ¶46.)

**Lofton's Statement**
  In state court, Verizon refused to meet and confer in good faith under California Rule of Court 3.724 (state court's Rule 26(f) equivalent). (*Id*. ¶8.) Even after the case was removed, Verizon refused to meet and confer in good faith under Rule 26(f). (ECF No. 42-1 ¶13-23.) Verizon's stubborn refusal to cooperate with discovery in goodfaith—and, in particular, its refusal to discuss preservation and production formats in good faith—have had disasterous consequences for class discovery in this case.

  **Verizon Allowed Collecto to Spoliate Dialer Logs:** Collecto's dialer logs contain information essential to class certification. (Preston Decl. ¶3; Snyder Decl., ¶¶9-10.) In 2012, Lofton told Collecto that he might sue, so it should preserve relevant documents. But Collecto did not suspend its policy of routinely destroying dialer logs until recently. (*Id*. ¶¶5-9.) It is apparent from an undisclosed prior TCPA class action (the *Powell* case, discussed below) that Collecto knew it should have preserved "records of all outbound calls and calls logs." (*Id*.¶35; *see also* Snyder Decl., ¶11.) Below, Verizon concedes this spoliation but tries to argue it was limited to logs for two dialers prior to *January 1, 2011*. Contrary to Verizon's argument below, however, the TCPA class period extends four years from the date of Lofton's original complaint, i.e., to *June 2008*. *Cf*. Fed. R. Civ. P. 15(c)(1)(B). Collecto has spoliated relevant documents.

  Verizon contends the spoliation is entirely Collecto's problem. This is wrong: Verizon *also* had a duty to preserve Collecto's documents: "courts have extended the affirmative duty to preserve evidence to instances when that evidence is not directly within the party's custody or control so long as the party has access to or indirect control over such evidence." *World Courier v. Barone*, No. 06-3072, 2007 WL 1119196, *1 (N.D. Cal. Apr. 16, 2007) (sanctioning spoliation caused by non-party; followed by *Cyntegra, Inc. v. Idexx Labs., Inc.*, No. 06-4170, 2007 WL 5193736, *5 (C.D.Cal. Sept. 21, 2007) (same); citation, punctuation omitted). Further, the state court previously held Verizon's contract with Collecto was a sufficient basis to allege an agency

1

relationship—and Verizon has never disputed the authenticity of that contract. (Ex. B to ECF No. 37-1.) This Court has held sanctions can be imposed for "spoliation under the doctrine of respondeat superior." *Axis Reinsurance Co. v. Telekenex, Inc.*, 913 F. Supp. 2d 793, 799 (N.D. Cal. 2012). "'A party may be held responsible for the spoliation of relevant evidence done by its agents.' . . . [A]gency law is directly applicable to a spoliation motion, and the level of culpability of the agent can be imputed to the master." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 516 n.23 (D. Md. 2010) (sanctions imposed for actions of, e.g., computer consultant; quoting *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 522 n.16 (D. Md. 2009)). Lofton has not been able to take discovery on the facts behind Verizon's claim below that it is blameless and Collecto is wholly to blame. But this is a shell game, even in the best case scenario. Verizon's counsel also represents Collecto (*see* Preston Decl. ¶2), and had a duty to ensure Collecto complied with its discovery obligations. *Cf.* Fed. R. Civ. P. 26(g). Verizon's counsel failed to comply with that duty, and that failure is attributable to Verizon. The law is clear that a court may sanction a litigant "because of his counsel's unexcused conduct," because the litigant "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequence of the acts or omissions of this freely selected agent." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988). Likewise, Verizon freely chose Collecto to defend it in this action and it cannot escape liability for Collecto's acts. Courts have treated non-parties as parties for purposes of discovery where they are closely aligned with a party and it would otherwise "frustrate discovery"; "[o]*therwise a litigant by contracting with a third party could nullify and evade the rules of procedure*." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 148 (S.D.N.Y. 1997) (citations omitted; italics added).

For whatever reason, Verizon denies below that it represented that its expert can replicate the information from Collecto's account notes. (Messer Decl. ¶3.) **Verizon's denial is unequivocally false, as Verizon's counsel itself made that representation on October 2, 2014**. (Preston Decl. ¶33.) Moreover, Collecto's Rule 30(b)(6) sworn testimony indicates that the account notes do not necessarily record important information about the dialer or the dialing mode used to make a call. (*Id*. ¶4.) "If spoliation is shown, the burden of proof logically shifts to the guilty party to show that no prejudice resulted from the spoliation because that party is in a much better position to show what was destroyed and should not be able to benefit from its wrongdoing." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 888 F. Supp. 2d 976, 998 (N.D. Cal. 2012) (citation, punctuation omitted). Verizon has not proven it can restore what Collecto destroyed.

Below, Verizon argues that no misconduct took place because, e.g., Lofton did not mention call logs in his 2012 preservation letter. The letter specifically stated it was "intended to alert and/or remind Collecto as to the scope of its duty to preserve relevant documents; *the foregoing statements do not limit the scope of Collecto's duty in any way.*" (Preston Decl. ¶7.) Verizon also complains that Lofton did not serve discovery for "call logs"; its true that Lofton's discovery did not use this phrase, but it did clearly seek records of Collecto's outgoing calls. (*Id*. ¶¶13-14.) More to the point, if Verizon wanted the benefit of the doubt on these issues, it should not have resisted a genuine dialog about what documents existed and what was being done to preserve them in the California Rule 3.724 and Federal Rule 26(f) conferences. Lofton does not know what documents or records Verizon or its debt collectors maintain: that is the entire purpose of the Rule 26(f) conference.

**Verizon Intentionally Produced Almost Unusable Class Discovery:** Verizon has used several gambits to derail class discovery. First, Verizon produced Collecto's account notes (labeled EOS0491-95) in an almost unusable format in response to class discovery by Lofton (for, e.g., records of Collecto's outgoing calls). Lofton asked for Verizon to produce documents in a delimited format that could be readily parsed by a computer to identify class members: the production of EOS0491-95 in an non-delimited format caused to Lofton incurred thousands of dollars in expert fees and substantial attorney time analyzing and parsing EOS0491-95. (Preston Decl. ¶¶13-14; 18-19; see also Snyder Decl., ¶12.) ***Below, Verizon misrepresents the record when it states that Collecto could not have produced EOS0491-95 in Excel by omitting page 31 of the relevant transcript.*** (Preston Decl. ¶23.) Indeed, Collecto later testified that it could have produced its account notes in several delimited, easily parsed formats all long. (*Id*. ¶¶17, 20-21.) EOS0491-95 was intended to feign compliance with Lofton's discovery while raising the costs of class discovery out of Lofton's reach. Collecto was unable to explain why EOS0491-95 was produced in the format they were—but it is clear that EOS0491-95's format was a deliberate decision. (*Id*. ¶¶22-23.) Collecto's production of EOS0491-95 violated Verizon's discovery obligations:

> [A] responding party is [not] free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

Fed. R. Civ. P. 34(b) advisory committee's note on 2006 amendment.[1] Contrary to Verizon below, nothing in *Legal Voice v. Stormans Inc.,* 738 F.3d 1178 (9th Cir. 2013) authorized Collecto to produce EOS0491-95 in a deliberately burdensome format. Under these facts (particularly where Collecto is defending Verizon in this case), Collecto's "culpability . . . can be imputed to [Verizon.]" *Victor Stanley*, 269 F.R.D. at 516 n.23. Lastly, *EOS0491-95 was incomplete*. Although Lofton alerted Verizon to this issue in April 2014, Verizon did nothing until just before Collecto's Rule 30(b)(6) deposition—when it ultimately admitted the problem. (Preston Decl. ¶¶24-26.) Lofton estimates that EOS0491-95 contains less than half of the records it should have contained. (*See id*. ¶28.)

**Verizon Has Misrepresented Collecto's Abilitt to Produce Class Discovery:** Verizon also consistently misrepresented Collecto's abilities to produce class discovery. First, Verizon falsely claimed it could not identify wrong number calls at all. (*Id*. ¶¶10-12.) After seven months of hounding, Verizon conceded its account notes contained records of wrong number calls. (*Id*. ¶10.) Then, Verizon gave Lofton a declaration from Collecto which asserted that Collecto had to search its account notes by hand to identify outgoing calls because it did not know how to automate the task. (*Id*. ¶15.) This declaration was also materially false: contrary to Verizon below, *Lofton needs to identify outgoing calls for both his IPA claims and his TCPA claims*. (*See*

---

[1] Under both Rule 34 and the California Civil Discovery Act, the party serving a document request decides the format of production. Cal. Code Civ. Proc. § 2031.030(a)(2). California law follows federal law on ediscovery matters. *Ellis v. Toshiba Am. Info. Sys., Inc.*, 218 Cal.App.4th 853, 862 n.6 (2013).

*id*.) Indeed, Verizon did not disclose or acknowledge the existence of Collecto's dialer logs—which are infinitely better suited to class discovery—until after Lofton raised that issue in the July 2014 case management statement. Third, *Verizon's counsel* represented that Collecto could only produce its account notes in EOS0491-95's format. (*Id*. ¶16.) This was also false: Collecto testified that it could have produced its account notes in a delimited, parsable format. (*Id*. ¶¶17, 20-21.) Fourth, Lofton asked for documents which he needed to interpret Collecto's account notes and identify calls to class members in May 2013, but Verizon did not produce those documents until October 2014—contributing significantly to Lofton's expense analyzing EOS0491-95. (*Id*. ¶¶37-40.)

**This Conduct Was Intentional:** Verizon cannot play this conduct off as innocent mistakes born of naiveté. Verizon and Collecto concealed *Powell*, a prior TCPA class action which demonstrates that Collecto knew what class discovery required. (*Id*. ¶¶29-34.) This omission is significant because, e.g., "[d]efendants who ha[ve] early notice of their possible liability cannot avoid a class suit merely because their own actions have made the class more difficult to identify." *Appleton Elec. Co. v. Advance-United Expressways*, 494 F.2d 126, 135 (7th Cir. 1974). There is no way to explain the failure to disclose the *Powell* case other than intentional deception. (Preston Decl. ¶31.) In particular, Verizon has concealed Collecto's ability to produce "call logs." (*Id*. ¶41.) While Verizon has characterized Collecto's "call logs" as being irrelevant to class discovery, Collecto's discovery responses in *Powell* were explicit that Collecto knew call logs were necessary for class discovery. (*Id*. ¶¶42-45.) Below, Verizon argues that Collecto did not spoliate its records from 2008 to 2010. This is wrong; *Collecto knew it should have begun to preserve call logs beginning in June 2010, when* Powell *was filed, because it knew about its ongoing TCPA liability*. See *Montoya v. Orange County Sheriff's Dep't*, No. 11-1922, 2013 WL 6705992, *7-9 (C.D. Cal. Dec. 18, 2013) ("similarity of [prior] claims and the surrounding circumstances . . . would have led a reasonable party in the same factual circumstances to have reasonably foreseen litigation"; cases cited).

**The Court Should Sanction Verizon and Collecto:** Lofton seeks a variety of remedies against both Verizon and Collecto. Again, Lofton needs more than four pages to brief the issue of sanctions. Still, Verizon has been playing games with discovery from the very start. Lofton seeks a default judgment and/or criminal referral—no lesser sanctions will stop Verizon's misconduct. In the alternative, Lofton seeks an adverse inference based on any information lost by Collecto's spoliation which Verizon cannot cure. Second, at a minimum, there is sufficient evidence of bad faith for disclosure of all communications between Verizon, Collecto, and counsel needed for Lofton to identify the party at fault, determine the conduct was intentional, and prove further sanctions are appropriate. The crime-fraud exception "can encompass communications and attorney work product in furtherance of an intentional tort that undermines the adversary system itself." *Wachtel v. Guardian Life Ins. Co.*, 239 F.R.D. 376, 380 (D.N.J. 2006) (crime-fraud exception applied to untimely discovery production). Third, Verizon and Collecto should compensate Lofton for the expenses and attorney time lost because of EOS0491-95's format and misrepresentations about Collecto's discovery capabilities. "[A] court may impose attorney's fees to sanction a non-party whose actions or omissions cause the parties to incur additional expenses," *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994), and again Collecto's "culpab[le] [misconduct] can be imputed to [Verizon.]" *Victor Stanley*, 269 F.R.D. at 516 n.23. This is especially so where Collecto controls Verizon's defense in this case.

(*Cf.* (Preston Decl. ¶2 *with Lockary v. Kayfetz*, 974 F.2d 1166, 1169-71 (9th Cir. 1992) (court can sanction non-party which controlled litigation).) Finally, *the party at fault must pay for any sanctions—or other expenses incurred in curing the spoliation of Collecto's dialer logs–without reimbursement from any other person.* Indemnification here "would weaken the deterrent effect of the sanction by allowing the sanctioned [party] to shift the burden of the sanction" to another, including any insurer. *Derechin v. State Univ. of N.Y.*, 963 F.2d 513, 520 (2d Cir. 1992). *See also Chilcutt v. United States*, 4 F.3d 1313, 1325-26 (5th Cir. 1993) (applying same reasoning to Rule 37 sanctions); *In re South Bay Med. Assocs.,* 184 B.R. 963, 971-72 (Bankr. C.D. Cal. 1995) (11 U.S.C. § 362 violations). California state law "and the public policy it represents bar the attempt to shift a court-imposed sanctions award to an insurer." *Cal. Cas. Mgmt. Co. v. Martocchio*, 11 Cal. App. 4th 1527, 1533 (1992). Collecto is funding Verizon's defense in this action under a burning-limits insurance policy. Collecto's spoliation should not deprive Lofton of resources that would otherwise be available to resolve this case.

**DEFENDANT'S POSITION.**

Plaintiff's requests for a variety of sanction, including a default judgment, a criminal referral, adverse inferences, or monetary sanctions, all lack merit. Plaintiff's theory that Verizon controls the inner workings of a Collecto's systems and records is baseless and false. Each company has controlled and directed its own defense. Plaintiff's requests should all be denied.

1. **Non-party Collecto (not defendant Verizon Wireless) was the sole party who prepared and produced EOS000491-495.**

The electronic records identified as EOS000491-495 are Collecto's records, not Verizon's records.

Verizon has been very careful in its discovery responses to state that where it was relying on information from Collecto, that Collecto was the source of its knowledge. Despite Verizon's consistent distinction between information provided by Verizon and information provided by Collecto, Lofton refuses to distinguish the two companies. Lofton's assertion "Verizon produced its account notes (labeled EOS0491-95)," is careless and untrue. Plaintiff's counsel knows that EOS000491-495 are Collecto's records: "On or about August 31, 2013, Collecto produced a set of approximately 219,000 account notes from its FACS account note application, labeled as EOS00491-495." October 31, 2014 Declaration of Ethan Preston at para. 18.

Similarly, when Lofton states, "In informal communications, Verizon has claimed it can replicate this information from Collecto's account notes," he misstates what has been said. During conference calls with counsel and with their technical experts (Randall Snyder for plaintiff and Aaron Woolfson for defendants), most recently on October 27, 2014, Mr. Woolfson stated that he will begin producing, by November 7, 2014, Collecto's telephone-call-information that was requested by the plaintiff, and that has been discussed with the court.

Last, the September 24, 2014 Rule 30(b)(6) deposition of Collecto's Peter Cappola confirmed that Verizon Wireless was not involved with Collecto's production of EOS000491-495, in any way, and that the format was selected, "Because of the size of the files and the

limitations of Excel." (Declaration of Charles R. Messer, para. 4 and 5). Sanctions are unwarranted.

### 2. There was no spoliation of evidence.

The scope of Collecto's unavailable records is significantly smaller than claimed, and there was no "spoliation." Non-party Collecto possesses electronic records for the following time frames:

1. Collecto's Flexible Automated Collection System ("FACS") contains records on all accounts dating back to 2007. FACS also stores all information from its GC dialer.
2. Collecto's Noble dialer records date back to October 1, 2012, and Collecto's archive of those records dates back to January 1, 2011.
3. Collecto's Sound Bite dialer records also date back to October 1, 2012, and Collecto's archive of those records dates back to January 1, 2011.

On June 14, 2012, the Plaintiff filed his lawsuit that alleged violations of California's Invasion of Privacy Act, *Penal Code* section 632.7 ("CIPA"). Plaintiff has never named Collecto as a CIPA-defendant, even though he has known, since July 2012, that Collecto, not Verizon Wireless, was the company who called him and who recorded their conversations. The statute of limitations for CIPA claims is *one year*. Collecto possesses all of its records from FACS and its dialers (including archives) that pertain to the putative CIPA-class period, June 14, 2011 to June 14, 2012. There is no evidence that any of Collecto's records that pertain to CIPA-claims have been lost or destroyed.

Plaintiff filed his TCPA claims against Verizon Wireless in November, 2013. The TCPA's statute of limitations is four (4) years, and so the putative TCPA-class period runs from November 2009 to November 2013. (Plaintiff contends that his new November 2013 TCPA claims relate back to June 14, 2012, the date that he filed his CIPA complaint.)

Collecto only lacks archives of Noble and Sound Bite dialers, prior to January 1, 2011. Collecto has complete records since January 1, 2011, and it has complete GC dialer information since 2007.

Defense counsel, with the assistance of an expert Aaron Woolfson, are currently trying to determine the deficiencies of existing Noble and Sound Bite records from 2008-2010, if any. But even if records from 2008-2010 are deficient, or if those records are stored within FACS but are difficult to access, none of those deficiencies will amount to spoliation of evidence. Given Collecto's two-year retention policy for dialer records, and its archives of those records that date back to January 1, 2011, a Litigation Hold for Noble and Sound Bite dialer records that was issued when the TCPA case was filed in 2013 would not have saved records that were made in 2008-2010, as those documents would have been deleted in the ordinary course of business prior to the commencement of the litigation. Plaintiff's spoliation claim therefore lacks merit. *See, e.g., United States v. $40,955.00*, 554 F.3d 752, 758 (9th Cir.2009) (explaining that no spoliation occurs when the accused party destroys or disposes of evidence in the ordinary course of business);*Putscher v. Smith's Food & Drug Centers, Inc.*, 2014 WL 2835315, at *8 (D. Nev.

June 20, 2014 ("no spoliation occurred because Smith's duty to preserve arose after the surveillance footage was destroyed in the ordinary course of business")

### 4. **Verizon Wireless has not misrepresented Collecto's reports about its abilities to produce discovery**

The Plaintiff casts my May 13, 2013 letter to the Alameda County Superior Court, and the May 14, 2013 Declaration of Collecto's Richard Gilbertson, in a false light. (Declaration of Ethan Preston at paragraphs 10 and 15.) At that time, no TCPA claims had been filed, and the points we were making related to the time and expense of locating recordings of conversations with putative CIPA-class members.

Plaintiff also cites the testimony of Collecto's Steve Madden, but Peter Cappola was Collecto's 30(b)(6) witness about the production of EOS000491-495. Mr. Cappola testified that the format was selected, "Because of the size of the files and the limitation of Excel." (Declaration of Charles R. Messer, para. 4 and 5.)

Collecto was (and is) a non-party to this case, whose obligations to produce records are governed by Rule 45. Non-parties are entitled to produce records in the format convenient to them, and requesting parties should pay all other costs of different forms of production. *Legal Voice v. Stormans Inc.,* 738 F.3d 1178 (9th Cir. 2013). And the Declaration of plaintiff's expert Randall Snyder does *not* say that any evidence has been lost.

None of the incomplete Collecto production came from Verizon Wireless, and there is no evidentiary basis for the plaintiff's allegation that the format of Collecto's old production, EOS000491-495, was selected to harm anyone. Plaintiff's request for sanctions should be denied.

### 5. **Verizon did not conceal *Powell v. Collecto*.**

Plaintiff complains that Collecto's answers to interrogatories in *Lofton v. Collecto, Inc.,* which is a case that is pending in the U.S. District Court for the District of Massachusetts, omitted the case *Powell v. Collecto.* But plaintiff has no evidence (and there is none) that supports his claim that Verizon concealed the *Powell* case.

Plaintiff's Request for Production (Set no. 6, no. 28) asked for, "All documents filed, served, and/or produced in any legal proceeding which contain evidence about any limitations on Verizon debt collectors' ability to locate and/or identify records for calls to Wrong Numbers…." Verizon's June 28, 2013 response stated, "Verizon does not possess or control its vendors' records, if any that might be responsive to this request." Plaintiff offers no evidence that contradicts Verizon's assertion, and his claim that Verizon concealed *Powell v. Collecto* is baseless.

### 6. **Plaintiff exaggerates his claims about "call logs."**

*None* of the plaintiff's Requests to Verizon Wireless for 62 categories of records

(Requests for Production set nos. 1 through 12), and *none* of the plaintiff's Requests to Collecto for 52 categories of records (Requests for Production set nos. 1 through 6) requested production of *any* record that was called a, "*Call Log*." (Declaration of Charles R. Messer, para. 7.)

Plaintiff argues that defense counsel are mind-readers and that they, "have known for several years what information Lofton seeks when he asks for call logs." (Declaration of Ethan Preston at para. 41-42). But Mr. Preston's own August 13, 2012 preservation letter to Collecto omitted Call Logs, omitted telephone records, and omitted any reference to potential TCPA claims (please see Exhibit 1 to the October 31, 2014 Declaration of Ethan Preston).

If Call Logs are so critical to this litigation, then perhaps plaintiff will explain why he neglected to request preservation of Call Logs in his August 2012 letter to Collecto, and explain why he neglected to request production of Call Logs in any of his eighteen sets, or 114 categories, of Requests for Production.

### 7. Lofton Has Not Met His Burden to Establish Sanctions for Spoliation

Besides the fact that Lofton cannot show that any evidence material to this litigation has been spoliated, even if evidence was lost, Lofton cannot meet his burden to impose *sanctions* against Verizon for spoliation. When considering a default sanction in response to spoliation of evidence, the court must determine "(1) the existence of certain extraordinary circumstances, (2) the presence of willfulness, bad faith, or fault by the offending party, (3) the efficacy of lesser sanctions, [and] (4) the relationship or nexus between the misconduct drawing the [default] sanction and the matters in controversy in the case." *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir.1988). In addition, the court may consider the prejudice to the moving party as an "optional" consideration where appropriate. *Id.* This multi-factor test is not "a mechanical means of determining what discovery sanction is just," but rather "a way for a district judge to think about what to do." *Valley Engineers, Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir.1998).

"[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006). The party requesting sanctions for spoliation has the burden of proof on such a claim. *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir.1991).

Lofton has not met his burden to show "extraordinary circumstances." He has not shown that Collecto's alleged conduct should be imputed to Verizon in this case. He has failed to show any prejudice, as demonstrated above. *See Knutson*, *Gusman*, *supra*. And plaintiff has not shown any wrongful conduct.

With respect to lesser sanctions, to find "culpable state of mind," a court must find that a spoliater acted in "conscious disregard" of its obligations to not destroy documents. *Apple II*,

888 F.Supp 2d at 989–990, [*citing Hamilton v. Signature Flight Support Corp.*, 2005 WL 3481423 at *7 (N.D. Cal. 2004). However, where a non-spoliating party fails to show a degree of fault and level of prejudice, negligent destruction of documents does not warrant an adverse inference instruction or evidence preclusion. *Apple II*, 888 F.Supp.2d at 993. As Lofton has not met his burden to show any fault of Verizon Wireless, and he has failed to make any showing of tangible prejudice, no adverse instruction or evidence preclusion is justified in this case, and neither are monetary sanctions.

      Plaintiff's request for sanctions should be denied.

                                  Very truly yours,

                                  /s/
                                  David C. Parisi, for plaintiff John Lofton

                                  /s/ (*by consent*)
                                  Charles R. Messer, for defendant Verizon Wireless