UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOFTON,<br>   Plaintiff,<br>  v.<br>VERIZON WIRELESS (VAW) LLC,<br>   Defendant. | Case No. 13-cv-05665-YGR (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. Nos. 51, 59 |

  Discovery in this putative class action has been referred to the undersigned magistrate judge. Plaintiff John Lofton seeks to compel documents from Defendant Verizon Wireless (VAW) LLC ("Verizon"). Presently pending before the Court is a Joint Letter Brief regarding Verizon's obligation to produce certain documents in the possession of third-party vendors that served as debt collectors for Defendant. (Dkt. No. 59.) After carefully considering the parties' arguments, and having had the benefit of oral argument on November 20, 2014, the Court issued the following rulings as stated on the record at the hearing.

  Plaintiff contends that Verizon has failed to produce documents in response to his Request for Production ("RFP") Nos. 49 and 50, which both seek records in the possession of six third-party vendors. (Dkt. No. 59 at 1.)[1] Plaintiff advances several theories to demonstrate Verizon's control over these documents, including the contractual relationship between Verizon and its

---

[1] RFP 49 requested "[a]ll documents which support any contention that the dialers Verizon's debt collectors used to make telephone calls while collecting the unpaid balance of a Verizon account from June 2008 to the present do not constitute automatic telephone dialing systems[.]" (Dkt. No. 59-1 ¶ 5.) RFP 50, in turn, requested "[a]ll documents which support any contention that the dialers Verizon's debt collectors used to make telephone calls while collecting the unpaid balance of a Verizon account from June 2008 to the present do not constitute predictive dialers[.]" (*Id.*) The third party vendors at issue here include ER Solutions; Inc./Convergent; Sunrise Credit Services, Inc.; The CBE Group, Inc.; Valentine & Kebartas, Inc.; Vantage Sourcing, LLC; and GC Services. (*See* Dkt. No. 59 at 7.)

vendors, Verizon's past production of its vendors' documents, and a purported principal-agent relationship between Verizon and its vendors.  (*Id.* at 1-5.)  Verizon insists that it does not have control over the documents and argues that Plaintiff's theory of control would be both unreasonably burdensome and unmanageable.  (Dkt. No. 59 at 7-12; *see also* Dkt. No. 51 at 6.)

Under Federal Rule of Civil Procedure 34, a party must produce any documents under its "possession, custody, or control."  The party seeking the documents bears the burden of demonstrating that the responding party exercises such control.  *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989).  In the Ninth Circuit, a "practical ability to obtain the requested documents" from a related organization is not enough to constitute control because the related organization "could legally—and without breaching any contract—[ ] refuse to turn over such documents."  *In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08 (9th Cir. 1999).  Instead, "control" is defined as "the legal right to obtain documents upon demand."  *Id.* at 1107-08.

The audit provisions in Verizon's vendor contracts establish exactly that.  (*See* Dkt. No. 59 at 1.)  Specifically, the audit provisions in these contracts provide that "Verizon, through its authorized representatives, shall have the right, at all times, to examine and audit records, to include, but not be limited to, copies of" certain types of records.  (Dkt. No. 59-1 ¶¶ 9, 11.)  The contracts also explicitly stated that "Verizon's access to all information in [the vendors'] possession or control regarding Verizon accounts . . . is to be completely unrestricted."  (*Id.* ¶ 9.)

Courts in this district have found that similar contractual language that provides a legal right to access a third party's documents gives a party "control" over such records.  For example, in *Doe v. AT&T Western Disability Benefits Program*, No. C-11-4603 DMR, 2012 WL 1669882, *3 (N.D. Cal. May 14, 2012), the court considered the defendant's refusal to produce documents in the possession of a third-party entity and its subcontractor.  The contract between the defendant and the third-party entities provided that the defendant "shall have the right to conduct . . . full and comprehensive inspections or audits" of documents in a wide range of subject areas.  *Id.*  Under the terms of the contract, the third-party entities were required to "make available all pertinent records, data, information, and files" to the defendant upon request.  *Id.* at *4.  The Court

2

concluded that the contract's audit and inspection provision gave the defendant a legal right to demand access to the documents, which amounted to control "within the ambit of [the d]efendant's discovery duties under Rules 33 and 34." *Id.*[2] So it is here. At the hearing on this matter, Verizon conceded that the contracts with the vendors at issue were still in place such that the duties and obligations set forth in the contracts still apply. Verizon's existing legal right to obtain the vendors' documents upon demand—and conversely, the vendors' breach of contract that would follow from their refusal to turn over the documents—falls squarely within the *Citric Acid* framework for "control." *See Citric Acid*, 191 F.3d at 1107.

The Court is not persuaded by Defendant's arguments to the contrary. In effect, Verizon concedes that the audit provisions allow it to access some of its vendors' documents, but argues that the scope of that access is not broad enough to give rise to "control" for the purposes of Rule 34. (Dkt. No. 59 at 8-9.) Verizon focuses on the enumerated categories of documents mentioned in the audit provision, noting that the list does not include records regarding the type of telephone equipment used—*i.e.*, the information at the heart of RFP Nos. 49 and 50—(*id.*), but this argument misses the mark. The audit provision clearly states that the list is not exhaustive, instead giving Verizon the legal right to access records in a wide range of subject matters. (See Dkt. No. 59-1 ¶¶ 9, 11.)

To that end, Verizon's reliance on *Beilstein-Institut Zur Forderung Der Chemischen Wissenschaften v. MDL Information System, Inc.*, No. C 04-05368 SI, 2006 WL 3742244, at \*3-4 (N.D. Cal. Dec. 19, 2006), is unpersuasive. In *Beilstein*, the court found that the defendant was not obligated to produce records in the possession of a third party on the ground that there was neither a principal-agent relationship between the entities nor any "contracts between the party and non-parties explicitly giving the party the legal right to access" records. *Id.* at \*3. But *Beilstein* is distinguishable: the contract between the entities in that case required the entities to share only financial and accounting information with each other, and this narrow provision stands in stark

---

[2] Because the Court concludes that Verizon exercises control over the vendors for the purposes of Rule 34, it does not address Plaintiff's alternative arguments in favor of Verizon's obligation to produce the vendors' documents.

3

contrast to the audit provision at issue here, which imposes an obligation to provide "unrestricted" access to "all information" pertaining to Verizon accounts.  (Dkt. No. 59-1 ¶ 9.)

Finally, Verizon's concerns about the practical difficulties it imagines in collecting records from the vendors is similarly unavailing, given that the company has a contractual right to obtain records from its vendors.  (*See* Dkt. No. 59 at 11-12.)

In sum, the Court finds that Plaintiff has met his burden of demonstrating that Verizon has control over documents in the possession of the six vendors at issue.  *See Int'l Union*, 870 F.2d at 1452.  Accordingly, Plaintiff's request that the Court compel Verizon to produce documents in the vendors' possession is GRANTED.  This conclusion certainly requires Verizon to produce documents responsive to Plaintiff's RFP Nos. 49 and 50 but is not limited to this context and may well have a broader application.

This order terminates Docket Nos. 51 and 59.

**IT IS SO ORDERED**.

Dated: November 25, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge