**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN LOFTON, an Individual on his own behalf and on behalf of all others similarly situated,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>VERIZON WIRELESS (VAW) LLC,<br><br>    Defendant - Appellee. | No. 14-15694<br><br>D.C. No. 4:13-cv-05665-YGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted November 18, 2014
San Francisco, California

Before: THOMAS, Chief Judge, REINHARDT and CHRISTEN, Circuit Judges.

1.  In this putative class action, John Lofton alleges, *inter alia*, that Verizon Wireless LLC ("Verizon") violated the California Invasion of Privacy Act, Cal. Penal Code §§ 630-638, when Collecto—one its debt collectors—called his

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

cellular phone and recorded two calls without his consent. Collecto called Lofton on June 4 and June 7, 2012 intending to reach a Verizon customer with the initials "K.B." Upon discovering it had reached a wrong number, it recorded both calls without notifying Lofton that the recordings were being made, pursuant to Verizon's written policy permitting its debt collectors to skip the standard disclosure in such cases. On January 22, 2014, Lofton filed a motion for class certification and preliminary injunction. The district court denied the motion on the basis that Verizon had modified its policy so as to require disclosure on every outgoing call that the call would be recorded, and Lofton had failed to demonstrate that Verizon had imminent plans to revert to its prior policy. Lofton appeals the denial of the preliminary injunction.

2.  The party seeking a preliminary injunction bears the burden of demonstrating, among other things, a likelihood of irreparable harm absent injunctive relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, a party may not moot a claim for injunctive relief simply by voluntarily ceasing the alleged misconduct, because it could then resume its activity after the claim is dismissed. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014). The party asserting mootness thus bears a "heavy burden of persuading" the court that the challenged conduct cannot reasonably be expected to start up again. *Friends of*

*the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 189 (2000).  Even where the defendant's voluntary cessation does not moot a claim for injunctive relief, however, we consider cessation of the alleged misconduct in determining whether the plaintiff has carried his burden of demonstrating a likelihood of irreparable harm.  *See TRW, Inc. v. F.T.C.*, 647 F.2d 942, 953-54 (9th Cir. 1981).

3.    Lofton contends he demonstrated a *prima facie* case of irreparable harm under *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005), thereby shifting the burden to Verizon to demonstrate that its policy change mooted his claim.  In *Armstrong*, we explained that a plaintiff may demonstrate a likelihood of future injury by showing that his past injury stems from the defendant's written policy, or is part of a pattern of officially sanctioned behavior.  *Id.* at 860-61.  *Armstrong*, however, sets forth tests for constitutional standing to seek injunctive relief.  *Id.*  Morever, unlike in *Armstrong*, no class has been certified in this action.  Accordingly, *Armstrong* does not control.

4.    Here, Verizon has revised its written policy to require its debt collectors to disclose on every outgoing call that the call is being recorded.  It has also adduced evidence that Collecto blocked future calls to Lofton, and that Verizon terminated its contract with Collecto.  Considered in light of this evidence, the mere fact that

Verizon formerly maintained a written policy permitting its debt collectors to record calls to wrong numbers without notifying the recipient that it was doing so does not demonstrate a likelihood that Verizon or its debt collectors will call Lofton again and record the call without disclosing this fact.

Because Lofton failed to carry his burden of demonstrating a likelihood of irreparable harm, his motion for preliminary injunction was properly denied.

**AFFIRMED**