1  Charles R. Messer (SBN: 101094)
   messerc@cmtlaw.com
2  David J. Kaminski (SBN: 128509)
   kaminskid@cmtlaw.com
3  Stephen A. Watkins (SBN: 205175)
   watkinss@cmtlaw.com
4  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
5  Los Angeles, California 90045
   (310) 242-2200 Telephone
6  (310) 242-2222 Facsimile

7  Jonathan H. Blavin (SBN: 230269)
   Jonathan.Blavin@mto.com
8  Hannah E. Shearer (SBN: 292710)
   Hannah.Shearer@mto.com
9  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, 27th Floor
10 San Francisco, CA 94105
   (415) 512-4000 Telephone
11 (415) 512-6911 Facsimile

12 Attorneys for Defendant,
   VERIZON WIRELESS (VAW) LLC
13

14                UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated, | Case No. C 13-05665 YGR (JSC) |
| 18 | **NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE TO STRIKE, TCPA CLAIMS REGARDING VENDORS OTHER THAN COLLECTO, AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| 19                    Plaintiff, | |
| 20  vs. | |
| 21  VERIZON WIRELESS (VAW) LLC, | |
| 22 | |
| 23                    Defendant. | Date:       January 20, 2015 |
|    | Time:       2:00 p.m. |
|    | Courtroom:  1 |

{00025742;1}                                                      13-cv-05665 YGR JSC

VERIZON'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND/OR TO STRIKE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 20, 2015, at 2:00 p.m., in Courtroom 1 of the United States Courthouse, 1301 Clay Street, Oakland, California, Defendant Verizon Wireless (VAW) LLC ("Verizon") will and hereby does move, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for a motion for partial judgment on the pleadings as to all claims within Plaintiff's second cause of action for violations of the Telephone Consumer Protection Act that are premised on the conduct of vendors other than Collecto.  Alternatively, pursuant to Rule 23(d)(1)(D) of the Federal Rules of Civil Procedure, Verizon moves for an order striking from the Third Amended Complaint all allegations for violations of the Telephone Consumer Protection Act that are based on actions of third-party debt collection vendors other than Collecto, including its class definition.

This motion is based on this Notice and on the attached Memorandum of Points and Authorities; the November 12, 2013 Third Amended Complaint; pertinent portions of the Alameda County Superior Court's file that was filed with Verizon's December 6, 2013 Notice of Removal; the transcript of the November 25, 2014 discovery hearing before Magistrate Judge Corley; the Request for Judicial Notice, and on such further information that may be properly presented in a reply brief or at a motion hearing.

DATED: December 15, 2014               CARLSON & MESSER LLP


                                       By:      /s/ Charles R. Messer
                                              _____
                                              Charles R. Messer
                                              David J. Kaminski
                                              Stephen A. Watkins

**TABLE OF CONTENTS**

I.   **INTRODUCTION** ............................................................................................................. 1

II.  **BACKGROUND** ............................................................................................................... 2

    A.   Procedural History ................................................................................................... 2

    B.   Lofton's Factual Allegations ................................................................................... 2

III. **ARGUMENT**

       Legal Standards Governing Motions for Judgment on the Pleadings and
       to Strike Deficient Class Allegations ..................................................................... 5

    A.   Lofton Lacks Standing and Is An Inadequate Class Representative to Pursue
         TCPA Claims Predicated On Violations by Vendors Other Than Collecto ........... 7

    B.   The Complaint Fails to Adequately Allege that Vendors Other Than Collecto
         Violated the TCPA By Using Automatic Dialers .................................................. 9

IV.  **CONCLUSION** ............................................................................................................... 11

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Abrahams v. Young & Rubicam*,
    79 F. Supp. 122 (D. Conn. 1997) .................................................................................. 10

*Agne v. Papa John's Int'l, Inc.*,
    286 F.R.D. 559 (W.D. Wash. 2012) ................................................................................ 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................. 2, 5, 11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................. 2, 5, 11

*Chavez v. United States*,
    683 F. 3d 1102 (9th Cir. 2012) ........................................................................................ 5

*Collins v. Gamestop Corp.*,
    No. C10-1210-TEH, 2010 WL 3077671 (N.D. Cal. Aug. 6, 2010) ................................. 6

*Coto Settlement v. Eisenberg*,
    593 F.3d 1031 (9th Cir. 2010) ......................................................................................... 3

*Fleming v. Pickard*,
    581 F.3d 922 (9th Cir. 2009) ........................................................................................... 5

*Gen. Telephone Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982) ........................................................................................................ 6

*Gutierrez v. Barclays Grp.*,
    No. 10-CV-1012 DMS BGS, 2011 WL 579238 (S.D. Cal. Feb. 9, 2011) ...................... 7

*Harvey v. City of Fresno*,
    No. 08-CV-0139-OWW, 2010 WL 892114 (E.D. Cal. Mar. 9, 2010) ............................ 9

*Holloway v. Best Buy Co.*,
    No. C 05-5056 PJH, 2009 WL 1533668 (N.D. Cal. May 28, 2009) ........................... 5, 6

*Huricks v. Shopkick, Inc.*,
    No. C-14-2464 MMC, 2014 WL 3725344 (N.D. Cal. July 24, 2014) ................. 1, 9, 10

*In re Apple and AT & T iPad Unlimited Data Plan Litig.*,
    No. C-10-02553 RMW, 2012 WL 2428248 (N.D. Cal. June 26, 2012) ......................... 6

*Iniguez v. CBE Grp.*,
    969 F. Supp. 2d 1241 (E.D. Cal. 2013) ......................................................................... 10

*Innovative Sports Management, Inc. v. Robles,*
    No. 13–CV–00660–LHK, 2014 WL 129308, (N.D. Cal. Jan. 14, 2014). ......................... 7

*Jordan v. Paul Fin., LLC,*
    No. C 07-04496 SI, 2009 WL 192888 (N.D. Cal. Jan. 27, 2009) ....................................... 8

*Kazemi v. Payless Shoesource, Inc.,*
    No. C 09-5142 MHP, 2010 WL 963225 (N.D. Cal. March 16, 2010) .............................. 10

*Kaplan v. Cal. Pub. Emps.' Ret. Sys.,*
    No. C 98-1246 CRB, 1998 WL 575095 (N.D. Cal. Sept. 3, 1998). .................................. 11

*Kramer v. Autobytel, Inc.,*
    759 F. Supp. 2d 1165 (N.D. Cal. 2010) ............................................................................ 10

*Lierboe v. State Farm Mut. Auto. Ins. Co.,*
    350 F.3d 1018 (9th Cir. 2003). ...................................................................................... 1, 8

*Labou v. Cellco Partnership,*
    No. 13-CV-00844 MCE, 2014 WL 824225 (E.D. Cal. March 3, 2014) ............................ 8

*Lyons v. Bank of Am., NA,*
    No. C 11-1232 CW, 2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) .................................. 6

*Nguyen v. Baxter Healthcare Corp.,*
    275 F.R.D. 503 (C.D. Cal. 2011) ....................................................................................... 4

*Olney v. Progressive Cas. Ins. Co.,*
    993 F. Supp. 2d 1220 (S.D. Cal. 2014) .......................................................................... 1, 7

*Pacleb v. Cops Monitoring,*
    No. 2:14–CV–01366–CAS, 2014 WL 3101426, (C.D. Cal. July 7, 2014) ........................ 7

*Stearns v. Select Comfort Retail Corp.,*
    No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) ....................................... 1, 6

*SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.,*
    No. C 11-4991 CW, 2012 WL 2326001 (N.D. Cal. June 19, 2012) .................................. 6

*Thomas v. Taco Bell Corp.,*
    879 F. Supp. 2d 1079 (C.D. Cal. 2012) ............................................................................. 9

*Uhr v. Responsible Hospitality Inst., Inc.,*
    No. 10-CV-4945 (PJS/TNL) 2011 WL 4091866 (D. Minn. Sept. 14, 2011) ................... 11

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.,*
    637 F.3d 1047 (9th Cir. 2011) ........................................................................................... 5

{00025739;1}                                     -iii-                                    13-cv-05665 YGR JSC
VERIZON'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND/OR TO STRIKE

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .................................................................................................. 3

**STATUTES AND RULES**

47 U.S.C. § 227 ............................................................................................................................. 1
47 U.S.C. § 227(a)(1) .................................................................................................................... 9
47 U.S.C. § 227(b)(5) .................................................................................................................... 7
Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 5
Fed. R. Civ. P. 12(c) ...................................................................................................................... 1
Fed. R. Civ. P. 12(f) ...................................................................................................................... 6
Fed. R. Civ. P.  23(d)(1)(D) .................................................................................................. 1, 5, 6
Fed. R. Civ. P. 23, Adv. Comm. Notes, 1966 Amendment, Subd. (c)(1). .................................... 6
Fed. R. Civ. P. 23, Adv. Comm. Notes, 1966 Amendment, Subd. (d)(4). ................................... 6
Fed. R. Civ. P. 26 Adv. Comm. Note  ........................................................................................ 10

**OTHER AUTHORITIES**

Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial,* (2008) ....................... 5

## I. INTRODUCTION

Defendant Verizon Wireless (VAW) LLC ("Verizon") brings this motion to streamline class certification proceedings by dismissing and/or striking deficient allegations from Plaintiffs' operative Third Amended Complaint ("Complaint" or "TAC"). The deficient allegations assert that Verizon is vicariously liable under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for the conduct of third-party debt collection vendors other than Collecto. Verizon specifically moves to dismiss and/or to strike from the Complaint and its class definition the phrases "or any other third party vendors which Verizon engaged to collect debts," and "or other Verizon' [sic] agent's." *See* TAC ¶¶ 27, 36. Verizon also moves for an order requiring Plaintiff to amend the Complaint to replace references to "Agents" in its TCPA allegations in paragraphs 39 through 54 and in paragraphs 63 through 66 with references to "Collecto."

The Court should grant partial judgment on the pleadings under Rule 12(c) on all claims within Lofton's TCPA cause of action that are based on the conduct of vendors other than Collecto, or alternatively strike and order amendment of the relevant allegations under Rule 23(d)(1)(D), for two reasons. *First*, the named plaintiff, John Lofton, did not receive any calls from a collection vendor other than Collecto. Lofton therefore lacks statutory standing under the TCPA to bring claims against Verizon based on telephone calls placed by other vendors, or to adequately represent a class on such claims. *Olney v. Progressive Cas. Ins. Co.*, 993 F. Supp. 2d 1220, 1225 (S.D. Cal. 2014); *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

*Second*, the Complaint does not include *any* facts supporting an inference that vendors other than Collecto used automatic dialers in violation of the TCPA. The Complaint's flimsy allegations as to other vendors merely "paraphrase[]" the TCPA's "definition of [an] ATDS [automatic telephone dialing system]." *Huricks v. Shopkick, Inc.*, No. C-14-2464 MMC, 2014 WL 3725344, at *2 (N.D. Cal. July 24, 2014) (granting motion to dismiss on almost identical allegations).

The timing of this motion is appropriate. Because standing is a threshold issue that should be resolved ahead of class certification proceedings, *Lierboe*, 350 F.3d at 1022, it may be resolved

in a pre-certification motion. *E.g., Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931, at *19 (N.D. Cal. June 5, 2009). Furthermore, Lofton's counsel recently confirmed at the parties' November 20, 2014 discovery hearing before the Magistrate Judge that he does not know in fact whether Verizon vendors other than Collecto use predictive dialers, even though use of an automatic dialer is a prima facie element of his claims under the TCPA. Declaration of Charles R. Messer ("Messer Decl."), Ex. A at 20:13 – 21:4 (Transcript of 11/20/14 Proceedings). Lofton's admission confirms that the Complaint's conclusory and speculative allegations regarding other vendors' use of predictive dialers are not entitled to be presumed true under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 680-82 (2009), and must be dismissed.

## II. BACKGROUND

### A. Procedural History

The allegations in the Third Amended Complaint ("Complaint") "arise[] from commission of unlawful acts by [Verizon's] agents," "third-party vendors" Verizon employed "to collect alleged consumer debts." TAC ¶ 1. Verizon removed the Complaint to federal court after Lofton added the federal TCPA claims that are at issue in this motion. Verizon previously moved in this Court to dismiss Lofton's claims under the California Invasion of Privacy Act, while Lofton sought a preliminary injunction against Verizon. The Court denied both motions, and class discovery commenced. The Court's November 21, 2014 Order vacated Lofton's December 16, 2014 Deadline to Move for Class Certification, and the Court will discuss with the parties a new schedule for briefing class certification during the Court's December 11 telephone status conference. (ECF No. 68)

As relevant to this motion, Lofton alleges that Verizon is vicariously liable for calls placed by debt collection vendors, or "Agents," in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). Lofton alleges that calls placed by Verizon's agents violated the TCPA's restrictions on use of automatic telephone dialing systems. *E.g.*, TAC ¶ 66.

In support of Lofton's individual TCPA claims, the Complaint describes specific calls Lofton received from Verizon vendor Collecto. The Complaint alleges Collecto called Lofton

"repeated[ly]," including on June 4, 2012, and June 7, 2012. TAC ¶¶ 16-19. The Complaint alleges that "Collecto did not have prior express consent to call Lofton[]," that Collecto "testified in other civil actions that it has used predictive [automatic] dialers," and that the calls Lofton received were preceded by a "significant pause . . . a telltale sign that Collecto used a predictive dialer." TAC ¶¶ 22-23. The Complaint does not allege that Lofton received calls from any vendor other than Collecto, or describe specific calling practices of vendors other than Collecto.

Turning to class claims, the Complaint alleges that Verizon is vicariously liable not only for Collecto's TCPA violations, but also for violations "committed by any of the other third-party vendors which Verizon engaged to collect debts under a contract materially similar to the contract between Verizon and Collecto ("Agents")." TAC ¶ 36. The Complaint does not, and cannot allege, that Collecto or any other third-party vendor followed any Verizon policy in using an automatic telephone dialing system in violation of the TCPA. Moreover, the Complaint contains no facts describing specific calls made to class members by other third-party vendors. The Complaint does not even name or describe any "Agents" other than Collecto. TAC ¶ 36 (referring to "any other third-party vendors" employed under similar contracts).

And in contrast to Lofton's allegations in support of his claims under the California Invasion of Privacy Act, the Complaint does not allege that Verizon had a policy applicable to all vendors that violated the TCPA. *Cf.* TAC ¶ 45-46. To the contrary, the agreement with Collecto, and similar agreements with other vendors, explicitly provide: "**9. Outbound Call Activity**. Contractor is expected to use reasonable judgment when interpreting accounts notes and *not place automated dialer or broadcast calls to pagers, cell phones, etc in accordance with federal, state and local laws*." *See* Request for Judicial Notice ("RJN")[1] & Messer Decl., Exs. B-E (emphasis added); *see also id.,* Exs. F-H (vendor "shall comply" with "all applicable federal, state, and local

---

[1] As described in the concurrently filed RJN, the Court may consider documents outside of the pleadings like these agreements on a motion for judgment on the pleadings because they are incorporated by reference in the Complaint, their "authenticity is not in question," and "there are no disputed issues as" to their "relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (documents are considered "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

laws" in performance of Agreement).

Absent a description of other vendors' contracts with Verizon or those vendors' actual calling practices, the Complaint's allegations about calls placed by "Agents" other than Collecto boil down to only two generic conclusions:

- Agents call "TCPA Class members using predictive dialers," which "constitute 'automatic telephone dialing system[s]'" under the TCPA (TAC ¶¶ 39, 64); and

- Agents "frequently" "obtain TCPA Class members' telephone numbers via skip-tracing" and "do not ask for prior consent to call" them (TAC ¶¶ 40, 65).

Although the Complaint does not include facts about the specific calling practices of vendors other than Collecto, Lofton nonetheless propounded discovery seeking documents related to calls made by other vendors. Verizon opposed Lofton's requests in part by arguing that under *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503 (C.D. Cal. 2011), Lofton was not entitled to discovery relating to other vendors until he could establish the discovery's relevance by showing that Verizon's TCPA violations were "company wide" and committed by "other outside vendors" in addition to Collecto. Dkt. 51 [10/17 Letter Brief] at p. 9 (citing *Nguyen*, 275 F.R.D. at 508). Magistrate Judge Corley concluded that a factual showing was unnecessary because the inclusion of "all" third-party vendors in the TCPA class definition established the relevance of the discovery Lofton sought. Messer Decl., Ex. A at 17:1-6.

Based on Lofton's discovery requests, and as confirmed at the recent hearing before Magistrate Judge Corley, Lofton *does not know* whether allegations included in his Complaint regarding other vendors' use of predictive dialers (an element of TCPA liability) are true. This was revealed in a dialogue between Magistrate Judge Corley and Lofton's counsel:

> The Court:  . . . I suppose the first step is, Mr. Preston, for you to find out what kind of equipment [the other vendors are] using, because if they're not using a predictive dialer . . . you don't need the call logs.
>
> Mr. Preston:  . . . [Y]eah, we're certainly – nobody wants to force these people to – to produce documents from – from machines that are definitely not predictive dialers.

*Id.* at 20:13–21:4. Mr. Preston's comments confirm that the allegation, "Verizon 'Agents' place calls to the TCPA Class members using predictive dialers," TAC ¶ 39, is not supported by facts

specific to those agents, but is instead a speculative and conclusory allegation not entitled to be presumed true (and in fact, the plaintiff does not know whether it is true). Mr. Preston's comments also suggest that, as the Complaint corroborates, the plaintiff did not receive any calls from vendors other than Collecto that he could confirm were made using a predictive dialer like the one he alleges Collecto used to call him.

### III. ARGUMENT

#### A. Legal Standards Governing Motions for Judgment on the Pleadings and to Strike Deficient Class Allegations

An order granting judgment on the pleadings disposes of cases or claims "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Where a complaint alleges a cause of action "that could be construed as several separate claims," and one or more of those claims is susceptible to resolution on the pleadings, a partial motion for judgment on the pleadings "as to less than [an] entire cause[] of action" is appropriate. *Holloway v. Best Buy Co.*, No. C 05-5056 PJH, 2009 WL 1533668, at *3-4 (N.D. Cal. May 28, 2009) (collecting cases and citing Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial,* § 9:340 (2008)).

Judgment on the pleadings is warranted when a claim is supported only by "'formulaic recitation[s] of the elements of a cause of action.'" *Chavez v. United States*, 683 F. 3d 1102, 1108–09 (9th Cir. 2012) (citing *Twombly*, 550 U.S. at 555) (alterations in original). The standard for evaluating the sufficiency of pleadings in a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to the Rule 12(b)(6) standard articulated in *Twombly* and *Iqbal*. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). In deciding motions under Rule 12(c), courts must consider whether the plaintiff has adequately stated a claim for relief without accepting "mere conclusory statements" as true. *Iqbal*, 556 U.S. at 678-79.

Rule 23(d)(1)(D) also permits the Court to strike allegations or require that pleadings "be amended to eliminate allegations about representation of absent persons." Fed. R. Civ. P. 23(d)(1)(D). The Rule empowers courts to "determine as early in the proceedings as practicable"

1  whether class allegations can be maintained. Fed. R. Civ. P. 23, Adv. Comm. Notes, 1966
2  Amendment, Subd. (c)(1) and (d)(4). Courts should strike class allegations "in advance of a
3  motion for class certification" when "the complaint demonstrates that a class action cannot be
4  maintained." *Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal.
5  Dec. 16, 2011).[2] Motions to strike are proper when the insufficiency of class allegations
6  "appear[s] on the face of the pleading." *In re Apple and AT & T iPad Unlimited Data Plan Litig.*,
7  No. C-10-02553 RMW, 2012 WL 2428248, at *2 (N.D. Cal. June 26, 2012); *accord Gen.*
8  *Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain
9  enough from the pleadings to determine whether the interests of the absent parties are fairly
10 encompassed within the named plaintiff's claim."). Accordingly, courts will grant motions to
11 strike brought under Rule 23(d)(1)(D) when the complaint shows that no named plaintiff has
12 standing to assert a claim. *E.g., Stearns*, 2009 WL 1635931, at *19; *Collins v. Gamestop Corp.*,
13 No. C10-1210-TEH, 2010 WL 3077671, at *2 (N.D. Cal. Aug. 6, 2010).[3]

14 As described below, Plaintiffs' inadequate allegations with respect to the conduct of other
15 vendors under the TCPA compel partial judgment on the pleadings and/or striking of the relevant
16 allegations, including the class definition, for two reasons. First, the named plaintiff, John Lofton,
17 did not receive any calls from a collection vendor other than Collecto and therefore lacks statutory
18 standing under the TCPA to bring claims against Verizon based on telephone calls placed by other
19 vendors, or to adequately represent a class on such claims. Second, the Complaint does not
20 include *any* facts supporting an inference that vendors other than Collecto used automatic dialers
21 in violation of the TCPA.

22

23 ──────────────

24 [2] The Court also has authority to strike these allegations pursuant to Rule 12(f), which allows a court at any time *sua sponte* to strike improper allegations in a complaint. *See, e.g., SunEarth, Inc.*
25 *v. Sun Earth Solar Power Co., Ltd.*, No. C 11-4991 CW, 2012 WL 2326001, at *2 (N.D. Cal. June 19, 2012) ("[T]his Court retains the discretion to consider the arguments they raise *sua sponte*.
26 Rule 12(f) allows the court to act 'on its own' without a time restriction.").

27 [3] A party may raise an objection based on standing only as to a subset of claims or theories within one cause of action. *E.g., Holloway v. Best Buy Co.*, No. C 05-5056 PJH, 2009 WL 1533668, at
28 *11 (N.D. Cal. May 28, 2009) (dismissing specific claims for lack of standing within three otherwise viable causes of action).

{00025742;1}                                         -6-                                  13-cv-05665 YGR JSC

### B.   Lofton Lacks Standing and Is An Inadequate Class Representative to Pursue TCPA Claims Predicated On Violations by Vendors Other Than Collecto

Verizon is entitled to judgment on the pleadings with respect to the conduct of other vendors under the TCPA because Lofton lacks standing to bring claims against Verizon that are based on the conduct of vendors other than Collecto.  Alternatively, the Court should strike the relevant allegations, including the class definition, and order their amendment.

According to the plain language of the TCPA, only "the subscriber of the telephone number called" is the called party who has "standing to sue for violations of the TCPA." *Olney*, 993 F. Supp. 2d at 1225; 47 U.S.C. § 227(b)(5) (conferring private right of action on "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection"); *see also Gutierrez v. Barclays Grp.*, No. 10-CV-1012 DMS BGS, 2011 WL 579238, at *5 (S.D. Cal. Feb. 9, 2011) (only subscriber "has standing to sue for calls made to that number").  Questions of statutory standing under the TCPA are properly resolved on the pleadings.  *See Pacleb v. Cops Monitoring*, No. 2:14–CV–01366–CAS, 2014 WL 3101426, at 2 n.3 (C.D. Cal. July 7, 2014) (argument "that plaintiff lacks 'standing' to maintain an action under the TCPA because he was not the 'called party'" is "properly construed as a challenge to plaintiff's statutory standing under that law" and resolvable on the pleadings); *see also Innovative Sports Management, Inc. v. Robles*, No. 13–CV–00660–LHK, 2014 WL 129308, at *2 (N.D. Cal. Jan. 14, 2014) (the "Court's inquiry into statutory standing at the motion for judgment on the pleadings stage is limited to the pleadings").

The Complaint levels two sets of TCPA claims against Verizon, both based on theories of vicarious liability: (1) Verizon is liable under the TCPA for calls made by Collecto, and (2) Verizon is liable under the TCPA for calls made by other "Agents," i.e., vendors.[4]  Because Lofton alleges that Collecto, acting as Verizon's agent, called a number for which he was the subscriber in violation of the TCPA, he adequately alleges standing to sue Verizon for calls to that

---

[4] Though Lofton styles his TCPA claims as one cause of action, they are properly construed as two claims based on different violations.  The Complaint says so.  TAC ¶ 36 ("This complaint concerns not only Collecto's IPA and TCPA violations, but also the IPA and TCPA violations committed by any of the other third-party vendors which Verizon engaged to collect debts . . . .").

number made by its purported agent, Collecto. But Lofton lacks standing to sue Verizon over calls made by collection vendors *other than Collecto*, for the simple reason that he does not allege another vendor ever contacted him on Verizon's behalf. *See Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 564 (W.D. Wash. 2012) (noting that the named plaintiff would lack standing under the TCPA to sue based on the conduct of agents "with whom [the plaintiff] has had no contact"). As noted, the Complaint does not allege that Verizon had a policy applicable to all vendors that violated the TCPA. *Cf.* TAC ¶ 45-46. To the contrary, the agreement with Collecto, and similar agreements with other vendors, explicitly prohibits the conduct challenged in the complaint. *See* RJN, Ex. A-H. It is facially obvious that there may be substantial differences between the practices of Collecto and other vendors, and that Lofton, who was only called by Collecto, lacks standing to assert violations of the TCPA with respect to calls made by other vendors.

For these same reasons, Lofton is not typical of and cannot adequately represent the interests of other putative class members who received calls made by other vendors, and therefore the allegations with respect to such vendors, including the class definition, should be stricken under Rule 23(d)(1)(D). *See Lierboe*, 350 F.3d at 1022 ("if [plaintiff] has no stacking claim, she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail"); *see also Labou v. Cellco Partnership*, No. 13-CV-00844 MCE, 2014 WL 824225, at *4 (E.D. Cal. March 3, 2014) (preemptively denying class certification under TCPA where "[n]o amount of discovery can erase" the "plain distinctions between Plaintiff and Verizon customers" and "Plaintiff's claims are therefore not typical of the class as a whole and, consequently, she fails to qualify as a proper class representative"). The Court should strike these deficient allegations now, before Plaintiff takes further discovery in connection with class certification. *See Jordan v. Paul Fin., LLC*, No. C 07-04496 SI, 2009 WL 192888, at *4 (N.D. Cal. Jan. 27, 2009) (in similar circumstances, request for class discovery to identify proper plaintiffs inappropriately "reverses the traditional approach of seeking class certification on behalf of a class that is represented by named plaintiffs who have standing to represent the putative class"). Any argument by Plaintiff that he is entitled to defer this issue until discovery is complete would contravene the basic purpose of threshold standing requirements.

### C.  The Complaint Fails to Adequately Allege that Vendors Other Than Collecto Violated the TCPA By Using Automatic Dialers

The Court also should grant Verizon judgment on the pleadings, or alternatively strike the relevant allegations including the class definition, because the complaint fails to state a claim that vendors other than Collecto violated the TCPA by placing calls using automatic dialers, and so fails to state a claim that Verizon is vicariously liable under the TCPA for calls placed by those vendors. *See Harvey v. City of Fresno*, No. 08-CV-0139-OWW, 2010 WL 892114, at *14 (E.D. Cal. Mar. 9, 2010) (dismissing vicarious liability claim given "the absence of any legal authority supporting the [underlying] cause of action"); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012) (concluding that traditional vicarious liability principles apply to TCPA claims).

Lofton's Complaint fails to adequately plead that agents other than Collecto made calls using automatic dialers in violation of the TCPA, because the allegations on this score are wholly conclusory. In the sections addressing Verizon's TCPA liability based on the conduct of vendors other than Collecto, the Complaint does *not* allege that other vendors engaged in calling practices similar to Collecto's practices, or that Verizon had uniform policies applicable to all of its vendors that violated the TCPA – and to the contrary, Verizon had a policy *prohibiting* the conduct alleged in the Complaint. *See* Messer Decl., Exs B-H. Instead, the Complaint says essentially the following: (1) Verizon's other vendors used predictive dialers with all the characteristics of "automatic dialing systems"; and (2) these vendors obtained phone numbers without consent using "skip traces." *E.g.*, TAC ¶¶ 64-65 (describing also how "no human being manually entered the cellular telephone numbers which the agents called").

These allegations are indistinguishable from those found to be deficient in *Huricks*, 2014 WL 3725344, at *2. In *Huricks*, the plaintiff alleged: (1) the defendant "used an 'automatic telephone dialing system (ATDS) as defined by 47 U.S.C. § 277(a)(1)' to send the subject text messages"; (2) the "ATDS used by Shopkick to contact [p]laintiffs had the capacity to store or produce telephone numbers to be contacted using a random or sequential number generator"; and (3) the defendant's "ATDS has the capacity to generate numbers and dial them without human

intervention." *Id.* (citations omitted). The court held that these allegations simply "paraphras[ed] the statutory definition of an ATDS" and were unaccompanied by facts showing that the defendant actually "used an ATDS to make a call to plaintiffs' respective cellular phones." *Id.*; *see also Kazemi v. Payless Shoesource, Inc.*, No. C 09-5142 MHP, 2010 WL 963225, at *2 (N.D. Cal. March 16, 2010) (allegation that defendant "'had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator[,] and to dial such numbers'" was a "bare legal conclusion" "the court need not accept as true").

The court explained in *Huricks* that a well-pleaded claim for a violation of the TCPA's auto-dialer restrictions must include facts to "support a reasonable inference" that an ATDS was actually used to call or send a text message. 2014 WL 3725344, at *2; *see also id.* (referring to a well-pleaded TCPA claim that included the allegation, "messages were 'formatted in SMS short code licensed to defendants, scripted in an impersonal manner and sent en masse'") (quoting *Kazemi*, 2010 WL 963225, at *2); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (TCPA claim plausible when messages sent from "a code registered to" an agent employed by the defendant and "were advertisements written in an impersonal manner"). Other courts have concluded that TCPA allegations "based on Plaintiff's own experience" will survive a motion to dismiss. *Iniguez v. CBE Grp.*, 969 F. Supp. 2d 1241, 1247 (E.D. Cal. 2013).

Lofton's conclusory allegations concerning calls placed by vendors other than Collecto are neither supported by his own experience, nor by facts allowing for the reasonable inference that any of these vendors actually used an automatic dialing system to place calls to class members. These allegations are indistinguishable from those considered in *Huricks*, and fail to meet the *Twombly* standard. Verizon is entitled to judgment on the pleadings with respect to all TCPA claims based on calls placed by vendors other than Collecto.

Nor can Lofton excuse his failure to adequately plead claims based on calls placed by other Verizon vendors by arguing he can bolster his pleadings through discovery. Lofton has "no entitlement to discovery to develop new claims . . .that are not already identified in the pleadings." Fed. R. Civ. P. 26 Adv. Comm. Note; *see Abrahams v. Young & Rubicam*, 979 F. Supp. 122, 129 (D. Conn. 1997) ("The 'purpose of discovery is to find out additional facts about a well-pleaded

claim, not to find out whether such a claim exists.'"); *accord Kaplan v. Cal. Pub. Emps.' Ret. Sys.*, No. C 98-1246 CRB, 1998 WL 575095, at *6 (N.D. Cal. Sept. 3, 1998). Plaintiff's comments to Magistrate Judge Corley show that his discovery requests are a fishing expedition aimed at determining which vendors used predictive dialers, and only confirm the pleading deficiencies that entitle Verizon to partial judgment on the pleadings. *See, e.g., Uhr v. Responsible Hospitality Inst., Inc.*, No. 10-CV-4945 (PJS/TNL) 2011 WL 4091866, at *9-10 (D. Minn. Sept. 14, 2011) (plaintiff "does not allege—because he admittedly does not know—that any of these restaurants were failing to offer drink discounts at the time that he purchased his drinks" and thus "common sense dictates" that plaintiff's "failure to do so renders his claim that these restaurants engaged in price fixing implausible" under *Iqbal/Twombly*).

## IV. CONCLUSION

For the foregoing reasons, Verizon respectfully requests that the Court issue an order dismissing and/or striking from the Complaint and its class definition the phrases "or any other third party vendors which Verizon engaged to collect debts," and "or other Verizon' [sic] agent's," TAC ¶¶ 27, 36, and requiring Plaintiff to amend the Complaint to replace references to "Agents" in in its TCPA allegations in paragraphs 39 through 54 and in paragraphs 63 through 66 with references to "Collecto."

DATED: December 15, 2014                    CARLSON & MESSER LLP

                                            By:    /s/ Charles R. Messer
                                                   Charles R. Messer
                                                   David J. Kaminski
                                                   Stephen A. Watkins