UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOFTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VERIZON WIRELESS (VAW) LLC,<br><br>　　　　Defendant. | Case No. 13-cv-05665-YGR   (JSC)<br><br>**ORDER REGARDING VERIZON'S PRODUCTION OF CAMPAIGN RESULT REPORTS** |

　　　　Plaintiff brings this putative class action challenging Defendant Verizon Wireless (VAW) LLC's debt collection practices. Plaintiff alleges that Verizon engaged a third party, Collecto, Inc., to collect Verizon's past due accounts as Verizon's agent, and that in doing so Collecto violated state and federal law. In particular, Plaintiff alleges that he was not a current or former Verizon customer, but that Collecto nonetheless telephoned him on his cell phone on numerous occasions in violation of the California Invasion of Privacy Act ("IPA"), Cal. Penal Code § 630-38, and the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A). Plaintiff alleges Verizon, through Collecto, violated the IPA by recording telephone calls with persons, such as Plaintiff, without the recipient's permission, and violated the TCPA by using an automatic telephone dialing system to make the calls. The action has been referred to the undersigned magistrate judge for resolution of discovery disputes.

　　　　The Court has held no fewer than nine hearings and status conferences with the parties (Dkt. Nos. 44, 45, 48, 49, 67, 80, 93, 99, 104) and issued six discovery orders (Dkt. Nos. 47, 50, 54, 68, 71, 81) in an attempt to move discovery along in accordance with the command of the Federal Rules of Civil Procedure that the Rules should be construed to "secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Unfortunately, that

has not happened.

### A. Collecto Documents

The parties' disputes in this Court initially focused on discovery from Collecto. Plaintiff variously sought "call logs," "history reports," and "dialer logs," which Plaintiff believed would identify "wrong number" calls. Verizon eventually represented that it had produced the sought-after Collecto documents, subject to a few exceptions which the parties wanted to attempt to work out themselves in recorded calls with their consultants. The Court agreed and ordered as follows:

> The Court will hold a further status conference on January 15, 2015 at 10:30 a.m. Counsel for both parties must appear in person. If the parties are unable to resolve the remaining issues in recorded calls with their consultants, then the consultants, too, must appear in person at the January 15 conference. Counsel and their consultants shall plan on remaining at the courthouse for the duration of the day until they have worked out all remaining discovery issues, including issues as to production of documents from the other third-party vendors.

(Dkt. No. 81.) On January 15, 2015, the parties appeared with their consultants. Rather than focus on the documents that had already been produced, however, Plaintiff explained that he had recently discovered that there is a different report which each Verizon vendor could create which would give Plaintiff most of the information he needs: the campaign result report. The parties then met together with their consultants, but were unable to determine at that time if such reports could, in fact, be generated. At a follow up status hearing on January 23, 2015, the parties reported that they were working on determining whether Collecto could produce such a report and the Court therefore scheduled a further status for February 5, 2015.

At a telephone status conference on February 6, 2015 Verizon represented that it had just received two reports from Collecto which it believed to be campaign result reports, but that it had not yet produced them to Plaintiff. The Court ordered Verizon to provide the reports to Plaintiff and to set up a telephone call between Verizon, Collecto and Plaintiff on or before Tuesday, February 10, 2015 to discuss the reports and the feasibility of Verizon providing Plaintiff with the data he now seeks.

### B. Other Verizon Vendor Documents

While Plaintiff was called by Collecto, he seeks to represent a class of all persons who were called by any third party vendor on Verizon's behalf for the collection of debts, not just calls made by Collecto. (Dkt. No. 1-1 ¶ 27.) The Court previously ruled that due to its contracts with its vendors, Verizon has "control" for the purposes of a Rule 34 document request of documents showing what type of dialer system its vendors used. (Dkt. No. 71.) Verizon subsequently produced such documents. Plaintiff contends that the documents establish that each vendor utilizes a calling system that is capable of being used in such a way as to violate the TCPA, although he does not yet know if each did or does so. Plaintiff is seeking documents as to five vendors (in addition to Collecto): CBE Group, Conversant, Sunrise, Vantage, and Valentine & Kebartas.

Plaintiff previously served subpoenas on at least Sunrise and Valentine & Kebartas as these two Verizon vendors moved to quash the subpoenas. The Court denied the motions to quash without prejudice because Plaintiff and these third parties had never met and conferred regarding the subpoenas. The Court also gave explicit instructions on submission of joint letter briefs regarding any remaining subpoena dispute. (Dkt. Nos. 47, 68.) It appears, however, that Plaintiff never followed up with these parties regarding the subpoenas; at least Plaintiff never brought any dispute to the Court's attention even though these parties never produced any documents.

At the February 6, 2015 status Verizon reported that these vendors are not cooperating with Verizon's request for campaign result reports such that Verizon does not know if these vendors have the ability to produce such reports. The Court ordered Verizon to set up telephone calls between Verizon, each vendor and Plaintiff to discuss whether and how these reports may be created. Such calls must occur on or before Friday, February 13, 2015.

Verizon currently has pending before the district court judge a motion for judgment on the pleadings. (Dkt. No. 77.) Through the motion, Verizon seeks to dismiss all of Plaintiff's TCPA claims that are premised on the conduct of vendors other than Collecto. In the alternative, Verizon seeks to exclude persons who received calls from vendors other than Collecto from the class

definition. The outcome of that motion may impact any future orders regarding discovery of the third-party vendors (other than Collecto). In the meantime, however, the parties should proceed with arranging the telephone calls to determine the practical feasibility of producing campaign result reports.

## CONCLUSION

The Court will hold a further status conference at 2:00 p.m. on Thursday, February 12, 2015 to discuss the results of the meet and confer regarding the Collecto campaign result reports and the status of the telephone calls with the other five third-party vendors.

**IT IS SO ORDERED**.

Dated: February 9, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4