<div style="text-align:center">

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

</div>

| | |
|---|---|
| **JOHN LOFTON**, <br><br>            Plaintiff, <br><br>     v. <br><br> **VERIZON WIRELESS (VAW) LLC**, <br><br>            Defendant. | Case No.  13-cv-05665-YGR <br><br> **ORDER: (1) GRANTING IN PART DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND AND (2) DENYING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS PURSUANT TO RULE 23** <br><br> Re: Dkt. No. 77 |

This putative class action generally relates to defendant's alleged practice of using third-party debt collectors who employed predictive dialers and recorded calls without consent.  (Third Amended Complaint ("TAC") at Dkt. No. 1-1 ¶ 1.)  Specifically, plaintiff John Lofton alleges he received two "wrong number" calls in June 2012 on his cell phone from third-party debt collector Collecto, Inc. ("Collecto"), wherein Collecto sought to collect an unpaid bill for defendant Verizon Wireless (VAW) LLC ("Verizon") cell phone services.  Plaintiff asserts violations of three statutes: (i) California's Invasion of Privacy Act, Cal. Penal Code § 632.7 ("IPA"); (ii) the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); and (iii) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL").

On December 15, 2014, Verizon filed a motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) regarding the allegations in Count II (TCPA) as to third-party debt collectors other than Collecto.  (Dkt. No. 77 ("Mot.").)[1]  Verizon also moves to

---

[1] In connection with its motion, defendant filed a request that the Court take judicial notice of various documents pursuant to Federal Rule of Evidence 201(b)(2). (Dkt. Nos. 77-1.)  "[A] court may take judicial notice of 'matters of public record.'"  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  The documents sought to be noticed are excerpts of contracts between Verizon and various debt collection vendors, including Collectco.  (Declaration of Charles R. Messer in Support of Motion for Partial Judgment on the Pleadings [Dkt. No. 77-2, "Messer

<div style="writing-mode: vertical-rl; text-align:center">United States District Court<br>Northern District of California</div>

1   strike those allegations pursuant to Rule 23(d)(1)(D).  (*Id.*)  Plaintiff opposes the motion.  (Dkt.

2   No. 97 ("Oppo.").)  The Court heard oral argument on the motion on February 10, 2015.

3        Having carefully considered the papers submitted,[2] the record in this case, and the

4   arguments of counsel, and good cause shown, the Court hereby **GRANTS IN PART AND DENIES IN**

5   **PART** defendant's motion **WITH LEAVE TO AMEND**.

6   **I.     BACKGROUND**

7       **A.     Factual Allegations[3]**

8        Verizon contracts with various third-party vendors, including Collecto, to collect consumer

9   debts.  (TAC ¶ 1.)  The vendors use predictive dialers to place debt collection calls, often without

10  the prior consent of certain cell phone users who receive the calls.  (*Id.*)  They also record such

11  calls without first disclosing the practice or obtaining consent from the called party.  (*Id.*)

12       In plaintiff's case, he received "persistent[] and repeated[]" calls on his cell phone from

13  Collecto.  (*Id.* ¶ 16.)  Collecto was apparently trying to reach a delinquent Verizon subscriber.

14  (*Id.*)  Collecto obtained plaintiff's number by "skip-tracing," a process whereby it finds possible

---

16  Dec."], Exs. B–H.)  Verizon correctly notes its contracts with debt collection vendors were
referenced in the TAC at paragraphs 36, 44, and 53, wherein plaintiff states the complaint
17  concerns Collecto as well as "other third-party vendors which Verizon engaged to collect debts
under a contract materially similar to the contract between Verizon and Collecto" and makes
18  allegations regarding the contents of those agreements.  *See Swartz v. KPMG LLP*, 476 F.3d 756,
763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly
19  incorporated therein if the complaint relies on the document and its authenticity is unquestioned.")
Plaintiff does not dispute the authenticity of these documents.  (Oppo. at 18 n.8.)  Therefore, the
20  Court **GRANTS** the request and notices the existence and contents of the submitted documents,
cognizant of the fact that they are only excerpts of longer contracts and, as submitted, do not
21  include signature pages.

22     [2] After briefing was complete on the motion, plaintiff sought leave to file a sur-reply.
23  (Dkt. No. 101.)  Defendant opposed the motion and requested the opportunity to respond on the
merits should the Court grant plaintiff's request.  (Dkt. No. 102.)  Because the Court disagrees
24  with plaintiff's assertion that defendant raised arguments for the first time in its reply brief, the
motion for leave to file a sur-reply is **DENIED**.  *See Banga v. First USA, NA*, No. C 10-0975, 2014
25  WL 1158872 (N.D. Cal. Mar. 20, 2014).  Nevertheless, the Court considered the additional
arguments and authorities presented by both parties in those briefs.

26     [3] This subsection simply presents relevant factual allegations pled in the TAC, which the
27  Court need not accept as true in all circumstances in light of judicially noticed documents
submitted in connection with this motion and pursuant to the legal standards provided herein.  *See,*
28  *e.g.*, *Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007).

United States District Court
Northern District of California

United States District Court
Northern District of California

1  contact numbers for a target individual using services such as LexisNexis or CBCInnovis.  (*Id.* ¶

2  24.)  It does not obtain the numbers from Verizon and does not receive prior express consent to

3  call those numbers.  (*Id.*)

4        For instance, plaintiff received a call from Collecto on June 4, 2012, and during the call, he

5  explained that he was not the person Verizon was trying to reach.  (*Id.* ¶ 18.)  On June 7, 2012, he

6  received another call from Collecto.  (*Id.* ¶ 19.)  He asked if the call was being recorded and was

7  informed that it was.  (*Id.*)  He had not previously been notified that the call was being recorded.

8  (*Id.*)  He said he did not consent and told Collecto's representative to stop the recording.  (*Id.*)  She

9  responded that she was not able to do so, and that Collecto records all calls for quality assurance

10  purposes.  (*Id.*)  During each of these calls, plaintiff noticed a "significant pause" after answering

11  the phone before Collecto's representative began speaking, a "telltale sign"[4] that Collecto was

12  using a predicative dialer to make the calls.  (*Id.* ¶ 23.)  Collecto, in the course of testifying in

13  other actions, has admitted to using predictive dialers.  (*Id.*)

14        Plaintiff alleges Verizon is vicariously liable for Collecto's—and Verizon's other debt

15  collection vendors'—accused conduct.  (*Id.* ¶¶ 26, 36, 41–54.)  Verizon gave these purported

16  agents the authority to collect debts on its behalf and to use Verizon's name in the course of the

17  calls and it exercised control over their debt collection activities.  (*Id.*)  When Collecto's

18  representatives called plaintiff, for instance, they stated they were "with Verizon," and calls to the

19  number Collecto used to reach plaintiff are answered by an "automated voice" stating "thank you

20  for calling Verizon Wireless."  (*Id.* ¶ 53.)[5]

21

22

23        [4] "In attempting to 'predict' the average time it takes for a consumer to answer the phone
and when a telemarketer will be free to take the next call, predictive dialers may either 'hang-up'

24  on consumers or keep the consumer on hold until connecting the call to a sales representative,
resulting in what has been referred to as 'dead air.'"  (TAC ¶ 23 (quoting *In Re Rules &*

25  *Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14101–02
(2003) (internal quotations omitted)).)

26        [5] This practice may or may not have exceeded the scope of Collecto's contractual

27  agreement with Verizon which, as alleged, permitted Verizon's vendors to use the Verizon name
"'solely for the purpose of identifying a creditor . . . in communications with a Debtor with respect

28  to a Placed Account in order to collect amounts outstanding thereon . . . .'"  (TAC ¶ 53.)

### B.  Procedural History

Plaintiff filed the instant action in California Superior Court on June 14, 2012.  (Dkt. No. 1 ¶¶ 1–2.)  He filed a Third Amended Complaint on November 12, 2013, which raised for the first time a federal law claim.  (Dkt. No. 1 ¶ 3.)  Thereafter, on December 6, 2013, defendant filed a notice of removal.  (Dkt. No. 1.)  On March 14, 2014, the Court denied (i) defendant's motion to dismiss plaintiff's first cause of action and (ii) plaintiff's motion for a preliminary injunction. (Dkt. No. 22.)  Various motion practice followed, including the instant motion.

## II.  RULE 12(c) MOTION

### A.  Legal Standard

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings may be granted when, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  The applicable standard is essentially identical to the standard for a motion to dismiss under Rule 12(b)(6).  *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  Thus, although the Court must accept well-pleaded facts as true, it is not required to accept mere conclusory allegations or conclusions of law.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79.

In ruling on a motion for judgment on the pleadings, the Court may consider documents incorporated by reference in the pleadings and "may properly look beyond the complaint to matters of public record" that are judicially noticeable.  *Mack v. South Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The Court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" attached to the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).  Courts may also dismiss a cause of action in place of granting judgment, and may grant leave to amend where appropriate.  *See, e.g.*, *In re Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007).

**B.    The TCPA**

The TCPA prohibits the use of an "automatic telephone dialing system" ("ATDS") to place certain calls to cellular telephones without the recipient's "prior express consent."  47 U.S.C. § 227(b)(1).  The term "automatic telephone dialing system" is defined as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator[, and] to dial such numbers."  47 U.S.C. § 227(a)(1).  For violations thereof, the TCPA provides a private right of action for injunctive relief and/or monetary damages.  47 U.S.C. § 227(b)(3).  As monetary damages, a plaintiff may receive either actual damages or statutory damages in the amount of $500 per violation.  *Id.*  In the case of knowing or willful violations, statutory damages of up to $1,500 per violation may be awarded.  *Id.*  As "a remedial statute that was passed to protect consumers from unwanted automated telephone calls," the TCPA "should be construed to benefit consumers."  *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013).

Defendant bases its motion for judgment on the pleadings on two central arguments: standing and sufficiency of the pleadings.  First, defendant argues plaintiff lacks statutory standing to assert TCPA claims on behalf of a putative class with respect to calls made by third-party debt collectors other than Collecto.  Second, defendant challenges the sufficiency of the allegations as to those other vendors' use of automatic telephone dialing systems.  The Court addresses each argument in turn:

**1.    Statutory Standing**

Under the TCPA, a defendant may be held vicariously liable for calls it does not directly initiate "under federal common law principles of agency."  *In re Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6584 (2013) ("[A] seller may be liable for violations by its representatives under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification."); *see also Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014) ("[V]icarious liability can provide the basis for liability for a TCPA violation.").

Here, defendant concedes Lofton has standing to bring a TCPA claim based on calls he

United States District Court
Northern District of California

1   (and, presumably, certain putative class members) received from Collecto.  (Dkt. No. 100

2   ("Reply") at 2.)  However, the motion challenges plaintiff's statutory standing with respect to calls

3   made by third-party debt collectors other than Collecto.

4          In many class actions, a named plaintiff and putative class members suffered injury as a

5   result of different, but similar, transactions with a defendant.  For instance, in any TCPA class

6   action, each class member would have received distinct accused calls, often on different dates and

7   times, and possibly involving unique content.[6]  The mere fact that named plaintiffs and absent or

8   putative class members received calls under somewhat varied circumstances does not

9   automatically result in a finding that the named plaintiffs lack statutory standing as to the class

10  members' claims.  Defendant concedes as much with respect to the claims against Verizon based

11  on Collecto's actions.  However, defendant argues that standing cannot be established as to other

12  vendors' calls also placed on its behalf.  Notably, however, Verizon is the only defendant in this

13  action—its various debt collection vendors are not parties to this dispute.  Thus, defendant

14  essentially argues that as a matter of law, a single named plaintiff cannot represent a

15  comprehensive class asserting a TCPA claim against one defendant where that defendant utilized

16  the services of multiple entities, acting as its agents, to place the calls on its behalf.  The Court

17  disagrees with such a narrow construction of TCPA statutory standing in the class action context,

18  but instead finds that each case must be evaluated independently and the relevant circumstances

19  carefully scrutinized.

20         Defendant's cited authority does not compel otherwise.  For instance, in those cases, a

21  named plaintiff sought to (i) assert claims he did not individually have on behalf of absent class

22  members, or (ii) represent absent class members in asserting claims he had against one defendant

23  against a second defendant, with whom the named plaintiff had no direct contact.  *See, e.g.*,

24  *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("'[I]f none of the

25  named plaintiffs purporting to represent a class establishes the requisite of a case or controversy

26

27         [6] In the case of text messages, or calls placed using an artificial or pre-recorded voice, the
    content of different messages or calls may in certain cases be essentially identical.
28

1    with the defendants, none may seek relief on behalf of himself or any other member of the

2    class.'");[7] *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 564 (W.D. Wash. 2012) ("It is true

3    enough that Plaintiff has no standing to sue franchisees with whom she has had no contact and

4    therefore could not represent a class making claims against those franchisees.").[8]

5           Here, the proposed class for the TCPA claim is limited to individuals who are not current

6    or past Verizon subscribers but who nevertheless received debt collection calls from Collecto or

7    another vendor acting on Verizon's behalf, apparently as a result of inaccurate skip-tracing

8    attempts that the vendors were required to perform under certain circumstances in light of their

9    contracts with Verizon.  (TAC ¶¶ 27, 44.)  A *single* defendant—Verizon—stands accused of

10   similar vicarious TCPA violations made against a class of individuals by its purported agents.  So

11   long as the conduct at issue as to each member of the class was sufficiently related, Verizon's

12   statutory standing arguments lack merit.  Here, the TAC alleges substantial similarity between the

13   conduct of each third-party debt collector at issue.  For example, they each allegedly entered into

14   contractual debt collection agreements with Verizon that contained a number of similar provisions,

15   requiring the vendors to: obtain possible phone numbers for delinquent Verizon subscribers

16   through skip-tracing and then initiate calls to those numbers; follow various Verizon procedures

17   regarding recording calls and supervising their employees and contractors; follow Verizon's

18   directives regarding the frequency and content of communications with delinquent subscribers;

19   and use Verizon's name in only certain circumstances.  (TAC ¶¶ 44–54.)  Moreover, the TAC

20

21         [7] In *Lierboe*, the named plaintiff asserted claims against an insurance company including
22   for breach of contract, unfair claims practices, and injunctive relief regarding the defendant's
     policies relating to "stackable [policy] coverages."  350 F.3d at 1020–22.  The named plaintiff was
23   found to have had no "stacking" claim from the outset of the litigation, and therefore could not
     assert "stacking" claims on behalf of putative class members.  *Lierboe*, 350 F.3d at 1022–23.
24   Here, the named plaintiff asserts a claim for violation of the TCPA by a single defendant, and
     seeks to represent a putative class asserting that same claim against the same defendant.  The
25   distinction complained of here is that the named plaintiff and the putative class members allegedly
     received calls from a number of different vendors acting on defendant's behalf—not that plaintiff
26   himself lacks an independent TCPA claim as to defendant.  Thus, *Lierboe* is inapposite.

27         [8] As with *Lierboe*, *Agne* is inapposite because the named plaintiff here seeks only to assert
     the same claims on his behalf and on behalf of putative class members against a single defendant,
28   Verizon.

United States District Court
Northern District of California

1    generally alleges that Verizon's contracts with Collecto and with its other third-party debt

2    collection vendors are "materially similar."  (TAC ¶ 36.)  Critically, the nature of the calls at issue,

3    whether placed by Collecto or by the other vendors, was apparently also the same: they were all

4    attempts to collect unpaid service fees on Verizon's behalf.  The Court therefore finds that the

5    statutory standing argument does not require dismissal (or warrant judgment) at this juncture in

6    light of these allegations of a similar course of conduct by Verizon through its various debt

7    collection vendors.  The Court therefore moves now to the sufficiency of the pleadings in the TAC

8    regarding ATDS usage.

9                    **2.    Use of Automatic Telephone Dialing Systems**

10          Next, defendant argues plaintiff fails to allege sufficient facts to render plausible a claim

11   that Verizon agents other than Collecto used automatic telephone dialing systems.  The relevant

12   allegations from paragraph 64 of the TAC follow:

13                  The Agents placed calls to Lofton and class members using
                    predictive dialers.  The predictive dialers are an automatic telephone
14                  dialing system; no human manually entered the cellular telephone
                    numbers which the agents called at the time the call was made.
15                  Rather, the predictive dialers electronically dialed the TCPA Class
                    members' cellular telephones in an automated fashion.    The
16                  predictive dialers are capable of storing, producing, and dialing any
                    telephone number, and are capable of storing, producing, and dialing
17                  telephone numbers using a random or sequential number generator.
                    The predictive dialers otherwise constitute an "automatic telephone
18                  dialing system" under the meaning of 47 U.S.C. § 227(a)(l).

19          These allegations, particularly the last, are largely conclusory and, in part, track the

20   language of the statute.  Even where a plaintiff only presents conclusory allegations regarding the

21   use of an ATDS, the allegations may be sufficient where accompanied by specific allegations

22   which render plausible the use of an ATDS.  *See Kazemi v. Payless Shoesource Inc.*, No. C 09-

23   5142 MHP, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010) (finding a conclusory allegation

24   tracking the language of the TCPA's ATDS definition sufficient to state a claim where

25   accompanied by specific allegations that rendered the use of an ATDS plausible, such as that text

26   messages were "scripted in an impersonal manner and sent en masse"); *Hickey v. Voxernet LLC*,

27   887 F. Supp. 2d 1125, 1129–30 (W.D. Wash. 2012) (quoting *Knutson v. Reply!, Inc.*, No. 10-CV-

28   1267, 2011 WL 1447756, at *1 (S.D. Cal. Apr. 13, 2011)) ("[C]ourts have noted 'the difficulty a

United States District Court
Northern District of California

8

United States District Court
Northern District of California

1  plaintiff faces in knowing the type of calling system used without the benefit of discovery' and

2  found that courts can rely on details about the call to infer the use of an ATDS.").  In the case of

3  Collecto, these general allegations are sufficiently bolstered by specific descriptions of the

4  "telltale" pause after plaintiff picked up each call until the agent began speaking, which suggests

5  the use of a predictive dialing system, and thus renders plausible the conclusory allegation that an

6  ATDS was used.  *See In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of*

7  *1991*, 23 F.C.C. Rcd. 559, 566 (2008) ("[A] predictive dialer constitutes an automatic telephone

8  dialing system and is subject to the TCPA's restrictions on the use of autodialers.").

9      However, the Court agrees the TAC lacks sufficient detail in the case of calls placed by

10  vendors other than Collecto.  Plaintiff argues that (i) where a debt collector places a call, it is

11  presumptively plausible that an ATDS was used, and (ii) the volume of calls at issue would have

12  necessitated the use of a predictive dialing system.  Such arguments suggest a conclusory

13  allegation of ATDS use would be sufficient in any case involving a commercial call center or

14  business placing a large number of telephone calls to consumers, even in the absence of any

15  specific supporting allegations.  The Court disagrees.

16      Nevertheless, plaintiff has represented to the Court that he currently possesses discovery

17  which will enable him to plead additional details regarding the types of systems used by other

18  third-party vendors and to identify those vendors by name.  Although Rule 12(c) does not so

19  specify, courts generally have discretion to grant leave to amend, particularly where it appears a

20  claim has the potential to be well-pleaded.  *See, e.g.*, *In re Dynamic Random Access Memory*

21  *(Dram) Antitrust Litig.*, 516 F. Supp. 2d at 1084; *see also Swanson v. United States Forest Serv.*,

22  87 F.3d 339, 343 (9th Cir. 1996) (finding the decision to grant leave to amend is generally within

23  the discretion of the trial court).  There is a strong policy in favor of allowing amendment, unless

24  amendment would be futile, would unfairly prejudice the opposing party, or in cases of bad faith

25  or undue delay.  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).  Finding no such exception

26  applies, the Court **GRANTS** the motion on this ground and **DISMISSES**[9] Count II's TCPA

27

28      [9] *See In re Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d at
   1084 ("Courts . . . have discretion to grant dismissal on a 12(c) motion, in lieu of judgment, on any

United States District Court
Northern District of California

1  allegations to the extent they involve vendors other than Collecto **WITH LEAVE TO AMEND**.

2  Plaintiff shall file a Fourth Amended Complaint within **twenty-one (21) days** of the date of this

3  Order.  By this Order, the Court does *not* authorize plaintiff to undertake additional discovery

4  prior to filing a Fourth Amended Complaint for the purpose of bolstering its factual allegations

5  with respect to third-party vendors or otherwise expanding the scope of the complaint.

6  **III.      RULE 23(d)(1)(D) MOTION**

7        Rule 23(d) provides that courts "may issue orders that . . . require that the pleadings be

8  amended to eliminate allegations about representation of absent persons and that the action

9  proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D).  This rule merely codifies the Court's inherent

10  power to manage class actions effectively. *See* 7B Charles Alan Wright & Arthur R. Miller,

11  *Federal Practice and Procedure* § 1792 (3d ed. 2005).  Defendant argues that for the same reasons

12  plaintiff purportedly lacks standing to assert claims on behalf of putative class members who

13  received calls from vendors other than Collecto, he is neither typical of nor an adequate

14  representative for such individuals.  As a result, defendant requests the Court strike the relevant

15  allegations.  Having found that the law does not necessarily prohibit plaintiff from representing

16  putative class members who received Verizon debt collection calls from vendors other than

17  Collecto—and because defendant's arguments as to adequacy were largely, if not entirely,

18  premised upon a contrary finding—the Court declines to reach issues of adequacy or typicality at

19  this time.  The Court finds these issues more properly suited to determination on full briefing in

20  connection with class certification, assuming they are in fact still relevant in light of an amended

21  complaint.  Thus, the motion on this ground is **DENIED WITHOUT PREJUDICE**.

22  **IV.      CONCLUSION**

23        For the foregoing reasons, the Court: (1) **GRANTS IN PART AND DENIES IN PART**

24  defendant's Motion for Partial Judgment on the Pleadings and **DISMISSES** Count II's TCPA

25  allegations to the extent they involve vendors other than Collecto **WITH LEAVE TO AMEND** and

26  (2) **DENIES** defendant's Rule 23 Motion **WITHOUT PREJUDICE**.

27  ───────────────────────────

28  given claim.").

1    This Order terminates Docket Numbers 77 and 101.

2    **IT IS SO ORDERED.**

3    Dated: March 18, 2015

4    _____

5    **YVONNE GONZALEZ ROGERS**
     **UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California