David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, California 90405
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
(972) 564-8340 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff John Lofton, on his own
behalf, and behalf of all others similarly situated*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON WIRELESS (VAW) LLC, and DOES 1-100, inclusive,<br><br>Defendants. | No. C 13-05665 YGR<br><br>The Honorable Jacqueline Scott Corley<br><br>**APPENDIX FOR PLAINTIFF JOHN LOFTON'S MOTION TO COMPEL**<br><br>Date: May 7, 2015<br>Time: 9:00 a.m.<br>Location: Courtroom F<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue<br>San Francisco, California 94102 |

## SECTION I OF APPENDIX TO LOFTON'S MOTION TO COMPEL

Section I of this Appendix provides a brief summary of the discovery requests at issue in

Plaintiff John Lofton's ("Lofton") attached Motion to Compel for the Court's convenience.

| | |
|---|---|
| Interrogatory No. 21 | Class discovery identifying outgoing telephone calls made by Verizon and its debt collectors; analogous to RPD No. 48 |
| Request for Admission (RTAs) Nos. 56-67, 76-97 | Admissions regarding the ability of different debt collectors to produce call logs with different categories of data |
| RTAs Nos. 98-103 | Admissions regarding Verizon's ability to produce call logs with different categories of data |
| RTAs Nos. 104-106 | Admissions regarding whether Verizon's counsel knew that Verizon debt collectors could produce call logs |
| RTAs Nos. 107-109 | Admissions regarding whether Verizon knew that Verizon debt collectors could produce call logs |
| Request for Production of Documents (RPD) No. 45 | Recordings of calls made to class members |
| RPD No. 48 | Class discovery identifying outgoing telephone calls made by Verizon and its debt collectors; analogous to Interrogatory No. 21 |
| RPD No. 49-50 | Documents supporting Verizon's contentions that its debt collectors' dialers do not trigger liability under the TCPA |
| RPD No. 53-54 | Documents which Verizon should produce under Rule 26(a)(1) |
| RPD No. 56-58 | Documents related to the creation of EOS491-95, which may be relevant to sanctions and/or tend to undermine Verizon's arguments about the feasibility of class discovery |
| RPD No. 60 | Documents which support Verizon's argument that Invasion of Privacy Act class members cannot be identified because it is not certain whether such class members where in California at the time of the relevant call |
| RPD No. 62 | Documents regarding Verizon's termination of Collecto |
| RPD No. 63 | Communications regarding *Powell v. Collecto, Inc.*, No. 1:10-cv-3709 (N.D. Ill.) ("*Powell*") |
| RPD No. 64 | Communications with third parties regarding this case or *In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation*, No. MDL 14-md-2513-RGS |

## SECTION II OF APPENDIX TO LOFTON'S MOTION TO COMPEL

Section II of this Appendix provides list of the boilerplate objections addressed in the attached Motion to Compel, cross-referenced by the discovery responses in which Defendant Verizon (VAW) Wireless, LLC ("Verizon") made such objection.

| | |
|---|---|
| **Attorney-Client Privilege and/or Work Product:** | RTAs Nos. 104-106, 107-109, RPDs No. 62, 63, 64 |
| **Compound:** | Interrogatory No. 21; RTAs Nos. 56-67, 76-97, 98-103, 104-106 |
| **Confidential and Proprietary:** | RPD No. 49-50, 53-54, 56-58, 60, 62 |
| **Irrelevant:** | Interrogatory No. 21; RTAs Nos. 98-103, 104-106, 107-109; RPD No. 45, 49-50, 53-54, 56-58, 60, 62, 63 |
| **Overbroad and Unduly Burdensome:** | Interrogatory No. 21; RPD No. 45, 49-50, 53-54, 56-58, 60, 62, 63 |
| **Out of Verizon's Control:** | Interrogatory No. 21; RTAs Nos. 56-67, 76-97, 98-103, 104; RPD No. 45, 49-50, 56-58, 62, 63 |
| **Premature:** | RPD No. 54 |
| **Privacy:** | Interrogatory No. 21; RPD No. 45, 53-54, 56-58, 60, 63 |
| **Statute of Limitations:** | Interrogatory No. 21; RPD No. 49-50 |
| **Vague and/or Ambiguous:** | Interrogatory No. 21; RTAs Nos. 56-674, 76-97, 98-103, 104-106, 107-109; RPD No. 49 |

## SECTION III OF APPENDIX TO LOFTON'S MOTION TO COMPEL

Section III of this Appendix provides the text of each of Lofton's discovery requests at issue, with a complete response by Verizon, and a brief statement regarding the relevance of the discovery request and/or Lofton's need for the requested discovery.

## PLAINTIFF JOHN LOFTON'S INTERROGATORY NO. 21:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| For each telephone call made by Verizon's debt collectors while collecting the unpaid balance of a Verizon account from June 2008 to the present, state all of the following information:<br>a. the telephone number called;<br>b. the date and time of the telephone call;<br>c. the dialer used to make the call;<br>d. the mode or method the dialer used to make the call (i.e., full predictive dialing, manual dialing, or One-Click dialing);<br>e. the identity of the employee, agent, and/or user who was responsible for the call;<br>f. whether the call connected (i.e., whether the recipient telephone number was disconnected);<br>g. whether the call was answered by a live person;<br>h. whether the call was recorded; and<br>i. whether the debt collector identified the recipient | **Initial Response, dated August 26, 2014:** Defendant incorporates its General Objections. Defendant objects to this interrogatory and its nine sub-parts on the ground that these questions call for information that is not within the possession, custody or control of this defendant. Defendant objects to this interrogatory and its nine sub-parts on the ground that the number of interrogatories and discrete sub-parts that have been served by the plaintiff exceeds the 25-interrogatory limit of FRCP 33(a)(1). Defendant objects to this interrogatory and its nine sub-parts on the ground that these questions, as framed, are overly broad, unduly burdensome, call for information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that the requested information infringes on the privacy rights of third parties. Defendant objects to interrogatories 21, 21 (d), and (i) on the grounds that they are vague, compound, and ambiguous. Defendant objects to this interrogatory and its nine sub-parts on the ground that the alleged TCPA class runs from November 2009, not from June 2008.<br><br>**Supplemental Response, dated September 10, 2014:** Without waiving its August 26, 2014 objections, Verizon Wireless responds that the following vendors may have additional information: Collecto, Inc., 700 Longwater Drive, Norwell, MA 02061; Valentine & Kebartas, Inc., 15 Union Street, Lawrence, MA 01840; Vantage Credit Group LLC, 328 Ross Clark Circle, Dothan, AL 36303; Sunrise Credit Services, Inc., 280 Airport Plaza, Farmington, NY 11735; The CBE Group, Inc., 1309 Technology Parkway, | This discovery is relevant to class certification. A complete answer to Interrogatory No. 21 will permit Lofton to identify the telephone numbers which class members used when Verizon and/or its debt collectors called. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| telephone number as a "bad" or "wrong" number. | Cedar Falls, IA 50613; Convergent Outsourcing, Inc., 800 SW 39th Street, Renton, WA 98055.<br><br>Third-party-vendor GC Services called Verizon Wireless customers whose payments were late, before their telephone numbers were disconnected. All of GC's calls were to customers' telephone phone numbers, and none of those calls were made to telephone numbers that were obtained through skip tracing. To the extent that this request seeks records pertaining to GC Services, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, and it is unduly burdensome. | |

## PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 56:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Collecto can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, and telephone number dialed. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

## PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 57:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Collecto can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and the mode or method in which the dialer made the call (i.e., full predictive dialing, | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, and location of any documents or other tangible things |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| manual dialing, or One-Click dialing). | | [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 58:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Collecto can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and identity of the employee, agent, and/or user who was responsible for the call. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant.. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 59:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Collecto can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call connected (i.e., whether the recipient telephone number was disconnected). | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 60:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Collecto can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take |

| REQUEST | RESPONSE | RELEVANCE |
|---------|----------|-----------|
| list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | | discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 61:**

| REQUEST | RESPONSE | RELEVANCE |
|---------|----------|-----------|
| Collecto can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 62:**

| REQUEST | RESPONSE | RELEVANCE |
|---------|----------|-----------|
| Convergent Outsourcing, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, and telephone number dialed. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

//

//

//

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 63:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Convergent Outsourcing, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and the mode or method in which the dialer made the call (i.e., full predictive dialing, manual dialing, or One-Click dialing). | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 64:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Convergent Outsourcing, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and identity of the employee, agent, and/or user who was responsible for the call. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 65:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Convergent Outsourcing, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call connected (i.e., | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| whether the recipient telephone number was disconnected). | | other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 66:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Convergent Outsourcing, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 67:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Convergent Outsourcing, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 74:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Sunrise Credit Services Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Verizon account which list includes the time, date, and telephone number dialed. | control of this responding defendant. | parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 75:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Sunrise Credit Services Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and the mode or method in which the dialer made the call (i.e., full predictive dialing, manual dialing, or One-Click dialing). | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 76:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Sunrise Credit Services Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and identity of the employee, agent, and/or user who was responsible for the call. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

//

//

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 77:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Sunrise Credit Services Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call connected (i.e., whether the recipient telephone number was disconnected). | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 78:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Sunrise Credit Services Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 79:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Sunrise Credit Services Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| | | [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

## PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 80:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| The CBE Group can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, and telephone number dialed. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

## PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 81:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| The CBE Group can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and the mode or method in which the dialer made the call (i.e., full predictive dialing, manual dialing, or One-Click dialing). | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

## PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 82:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| The CBE Group can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| list includes the time, date, telephone number dialed, and identity of the employee, agent, and/or user who was responsible for the call. | | discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 83:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| The CBE Group can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call connected (i.e., whether the recipient telephone number was disconnected). | Defendant incorporates its General Objections. Defendant objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 84:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| The CBE Group can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

//
//
//

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 85:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| The CBE Group can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 86:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Valentine & Kebartas, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, and telephone number dialed. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 87:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Valentine & Kebartas, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and the mode or method in which the dialer made the call (i.e., full predictive dialing, | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| manual dialing, or One-Click dialing). | | [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 88:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Valentine & Kebartas, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and identity of the employee, agent, and/or user who was responsible for the call. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 89:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Valentine & Kebartas, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call connected (i.e., whether the recipient telephone number was disconnected). | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 90:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Valentine & Kebartas, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Verizon account which list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | control of this responding defendant. | parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 91:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Valentine & Kebartas, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 92:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Vantage Credit Group Group, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, and telephone number dialed. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

//

//

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 93:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Vantage Credit Group Group, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and the mode or method in which the dialer made the call (i.e., full predictive dialing, manual dialing, or One-Click dialing). | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 94:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Vantage Credit Group Group, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and identity of the employee, agent, and/or user who was responsible for the call. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 95:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Vantage Credit Group Group, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call connected (i.e., whether the recipient | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things |

| REQUEST | RESPONSE | RELEVANCE |
|---------|----------|-----------|
| telephone number was disconnected). | | [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 96:

| REQUEST | RESPONSE | RELEVANCE |
|---------|----------|-----------|
| Vantage Credit Group Group, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 97:

| REQUEST | RESPONSE | RELEVANCE |
|---------|----------|-----------|
| Vantage Credit Group Group, Inc. can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | Defendant incorporates its General Objections. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant. | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 98:

| REQUEST | RESPONSE | RELEVANCE |
|---------|----------|-----------|
| Verizon can produce a list of outgoing telephone calls made while collecting the unpaid balance of a | **Initial Response, dated August 26, 2014:** Defendant incorporates its General Objections. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Verizon account which list includes the time, date, and telephone number dialed. | request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant.<br><br>**Supplemental Response, dated September 10, 2014:**<br>Without waiving its August 26, 2014 objections, Verizon Wireless responds that third party vendors Collecto, Inc., Valentine & Kebartas, Inc., Yantage Credit Group LLC, Sumise Credit Services, Inc., The CBE Group, Inc., and Convergent Outsourcing, Inc., may have discoverable information that relates to this request. And with respect to those third party vendors, Defendant has insufficient information to either admit or deny, and denies this request on that basis.<br><br>Third-party-vendor GC Services called Verizon Wireless customers whose payments were late, before their telephone numbers were disconnected. All of GC's calls were to customers' telephone phone numbers, and none of those calls were made to telephone numbers that were obtained through skip tracing. To the extent that this request seeks information pertaining to GC Services, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, and it is unduly burdensome. | parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). This discovery may also be relevant to sanctions. |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 99:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Verizon can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and the mode or method in which the dialer made the call (i.e., full predictive dialing, | **Initial Response, dated August 26, 2014:**<br>Defendant incorporates its General Objections. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| manual dialing, or One-Click dialing). | control of this responding defendant.<br><br>**Supplemental Response, dated September 10, 2014:**<br>Without waiving its August 26,2014 objections, Verizon Wireless responds that third party vendors Collecto, Inc., Valentine & Kebartas, Inc.,Vantage Credit Group LLC, Sunrise Credit Services, Inc., The CBE Group, Inc., and Convergent Outsourcing, Inc., may have discoverable information that relates to this request. And with respect to those third party vendors, Defendant has insufficient information to either admit or deny, and denies this request on that basis.<br><br>Third-party-vendor GC Services called Verizon Wireless customers whose payments were late, before their telephone numbers were disconnected. All of GC's calls were to customers' telephone phone numbers, and none of those calls were made to telephone numbers that were obtained through skip tracing. To the extent that this request seeks information pertaining to GC Services, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, and it is unduly burdensome. | [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). This discovery may also be relevant to sanctions. |

## PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 100:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Verizon can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and identity of the employee, agent, and/or user who was responsible for the call. | **Initial Response, dated August 26, 2014:**<br>Defendant incorporates its General Objections. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant.<br><br>**Supplemental Response, dated September 10, 2014:**<br>Without waiving its August 26, 2014 objections, Verizon Wireless responds that third party vendors Collecto, Inc., Valentine | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). This discovery may also be relevant to sanctions. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| | & Kebartas, Inc.,Vantage Credit Group LLC, Sunrise Credit Services, Inc., The CBE Group, Inc., and Convergent Outsourcing, Inc., may have discoverable information that relates to this request. And with respect to those third party vendors, Defendant has insufficient information to either admit or deny, and denies this request on that basis.

Third-party-vendor GC Services called Verizon Wireless customers whose payments were late, before their telephone numbers were disconnected. All of GC' s calls were to customers' telephone phone numbers, and none of those calls were made to telephone numbers that were obtained through skip tracing. To the extent that this request seeks information pertaining to GC Services, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, and it is unduly burdensome. | |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 101:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Verizon can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call connected (i.e., whether the recipient telephone number was disconnected). | **Initial Response, dated August 26, 2014:** Defendant incorporates its General Objections. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant.

**Supplemental Response, dated September 10, 2014:** Without waiving its August 26, 2014 objections, Verizon Wireless responds that third party vendors Collecto, Inc., Valentine & Kebartas, Inc.,Vantage Credit Group LLC, Sunrise Credit Services, Inc., The CBE Group, Inc., and Convergent Outsourcing, Inc., may have discoverable information that relates to this request. And with respect to those third party vendors, Defendant has insufficient information to | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). This discovery may also be relevant to sanctions. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|

either admit or deny, and denies this request on that basis.

Third-party-vendor GC Services called Verizon Wireless customers whose payments were late, before their telephone numbers were disconnected. All of GC's calls were to customers' telephone phone numbers, and none of those calls were made to telephone numbers that were obtained through skip tracing. To the extent that this request seeks information pertaining to GC Services, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, and it is unduly burdensome.

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 102:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Verizon can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | **Initial Response, dated August 26, 2014:** Defendant incorporates its General Objections. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant.<br><br>**Supplemental Response, dated September 10, 2014:** Without waiving its August 26, 2014 objections, Verizon Wireless responds that third party vendors Collecto, Inc., Valentine & Kebarias, Inc., Vantage Credit Group LLC, Sunrise Credit Services, Inc., The CBE Group, Inc., and Convergent Outsourcing, Inc., may have discoverable information that relates to this request. And with respect to those third party vendors, Defendant has insufficient information to either admit or deny, and denies this request on that basis.<br><br>Third-party-vendor GC Services called Verizon Wireless customers whose payments were late, before their telephone numbers were disconnected. All of GC's | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). This discovery may also be relevant to sanctions. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| | calls were to customers' telephone phone numbers, and none of those calls were made to telephone numbers that were obtained through skip tracing. To the extent that this request seeks information pertaining to GC Services, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, and it is unduly burdensome. | |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 103:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Verizon can produce a list of outgoing telephone calls made while collecting the unpaid balance of a Verizon account which list includes the time, date, telephone number dialed, and whether the call was answered by a live person. | **Initial Response, dated August 26, 2014:** Defendant incorporates its General Objections. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that this Request is compound, ambiguous, and calls for information that is not within the possession, custody, or control of this responding defendant.<br><br>**Supplemental Response, dated September 10, 2014:** Without waiving its August 26, 2014 objections, Verizon Wireless responds that third party vendors Collecto, Inc., Valentine & Kebartas, Inc.,Vantage Credit Group LLC, Sunrise Credit Services, Inc., The CBE Group, Inc., and Convergent Outsourcing, Inc., may have discoverable information that relates to this request. And with respect to those third party vendors, Defendant has insufficient information to either admit or deny, and denies this request on that basis.<br><br>Third-party-vendor GC Services called Verizon Wireless customers whose payments were late, before their telephone numbers were disconnected. All of GC's calls were to customers' telephone phone numbers, and none of those calls were made to telephone numbers that were obtained through skip tracing. To the extent that this request seeks information pertaining to GC Services, it seeks irrelevant information that is not reasonably calculated to lead to the | This discovery is relevant to general feasibility of class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). This discovery may also be relevant to sanctions. |

| REQUEST | RESPONSE | RELEVANCE |
|---------|----------|-----------|
| | discovery of admissible evidence, it is overly broad, and it is unduly burdensome. | |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 104:

| REQUEST | RESPONSE | RELEVANCE |
|---------|----------|-----------|
| Verizon's counsel knew in 2012 that Verizon's debt collectors could produce a list of outgoing telephone calls. | Defendant incorporates its General Objections. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds it seeks information subject to the attorney-client privilege, joint defense privilege and work product doctrine. | This discovery may be relevant to sanctions. |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 105:

| REQUEST | RESPONSE | RELEVANCE |
|---------|----------|-----------|
| Verizon's counsel knew in 2013 that Verizon's debt collectors could produce a list of outgoing telephone calls. | Defendant incorporates its General Objections. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds it seeks information subject to the attorney-client privilege, joint defense privilege and work product doctrine. | This discovery may be relevant to sanctions. |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 106:

| REQUEST | RESPONSE | RELEVANCE |
|---------|----------|-----------|
| Verizon's counsel knew in 2014 that Verizon's debt collectors could produce a list of outgoing telephone calls. | Defendant incorporates its General Objections. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds it seeks information subject to the attorney-client privilege, joint defense privilege and work product doctrine. | This discovery may be relevant to sanctions. |

//

//

## PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 107:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Verizon knew in 2012 that its debt collectors could produce a list of outgoing telephone calls. | **Initial Response, dated August 26, 2014:** Defendant incorporates its General Objections. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds it seeks information subject to the attorney-client privilege, joint defense privilege and work product doctrine.<br><br>**Supplemental Response, dated September 10, 2014:** Without waiving its August 26,2014 objections, Verizon Wireless responds that third party vendors Collecto, Inc., Valentine & Kebartas, Inc.,Vantage Credit Group LLC, Sunrise Credit Services, Inc., The CBE Group, Inc., and Convergent Outsourcing, Inc., may have discoverable information that relates to this request. And with respect to those third party vendors, Defendant has insufficient information to either admit or deny, and denies this request on that basis.<br><br>Third-party-vendor GC Services called Verizon Wireless customers whose payments were late, before their telephone numbers were disconnected. All of GC's calls were to customers' telephone phone numbers, and none of those calls were made to telephone numbers that were obtained through skip tracing. GC Services did not make any calls on behalf of Verizon Wireless in 2012. To the extent that this request seeks information pertaining to GC Services, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, and it is unduly burdensome. | This discovery may be relevant to sanctions. |

## PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 108:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Verizon knew in 2013 that its debt collectors could produce a list of outgoing telephone | **Initial Response, dated August 26, 2014:** Defendant incorporates its General Objections. Defendant objects to this request on the grounds it is vague and | This discovery may be relevant to sanctions. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| calls. | ambiguous. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds it seeks information subject to the attorney-client privilege, joint defense privilege and work product doctrine.<br><br>**Supplemental Response, dated September 10, 2014:**<br>Without waiving its August 26, 2014 objections, Verizon Wireless responds that third party vendors Collecto, Inc., Valentine & Kebartas, Inc., Vantage Credit Group LLC, Sunrise  Credit Services, Inc., The CBE Group, Inc., and Convergent Outsourcing, Inc., may have discoverable information that relates to this request. And with respect to those third party vendors, Defendant has insufficient information to either admit or deny, and denies this request on that basis.<br><br>Third-party-vendor GC Services called Verizon Wireless customers whose payments were late, before their telephone numbers were disconnected. All of GC' s calls were to customers' telephone phone numbers, and none of those calls were made to telephone numbers that were obtained through skip tracing. To the extent that this request seeks information pertaining to GC Services, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, and it is unduly burdensome. Without waiving said objections, and with respect to third party vendor GC Services only, Defendant responds as follows: Admit. | |

## PLAINTIFF JOHN LOFTON'S REQUEST FOR ADMISSION NO. 109:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Verizon knew in 2014 that its debt collectors could produce a list of outgoing telephone calls. | **Initial Response, dated August 26, 2014:** Defendant incorporates its General Objections. Defendant objects to this request on the grounds it is vague and ambiguous. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated | This discovery may be relevant to sanctions. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| | to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds it seeks information subject to the attorney-client privilege, joint defense privilege and work product doctrine.

**Supplemental Response, dated September 10, 2014:**
Without waiving its August 26, 2014 objections, Verizon Wireless responds that third party vendors Collecto, Inc., Valentine & Kebartas, Inc., Vantage Credit Group LLC, Sumise Credit Services, Inc., The CBE Group, Inc., and Convergent Outsourcing, Inc., may have discoverable information that relates to this request. And with respect to those third party vendors, Defendant has insufficient information to either admit or deny, and denies this request on that basis.

Third-party-vendor GC Services called Verizon Wireless customers whose payments were late, before their telephone numbers were disconnected. All of GC's calls were to customers' telephone phone numbers, and none of those calls were made to telephone numbers that were obtained through skip tracing. GC Services did not make any calls on behalf of Verizon Wireless in 2012. To the extent that this request seeks information pertaining to GC Services, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, and it is unduly burdensome. Without waiving said objections, and with respect to third party vendor GC Services only, Defendant responds as follows: Admit. | |

## PLAINTIFF JOHN LOFTON'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 45:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Recordings of telephone calls made by Verizon debt collectors to California residents who are not current or former Verizon subscribers while collecting the unpaid balance of a | Defendant incorporates its General Objections. Defendant objects to this request on the grounds it seeks records not within the possession, custody or control of this defendant. Defendant objects to this request on the grounds it infringes on the privacy of third parties. Defendant objects to this request on the grounds that it is | This discovery is relevant to liability and class certification of Lofton's Invasion of Privacy Act claims. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Verizon account from September 2010 to the present. | overbroad and unduly burdensome. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. | |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 48:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| Documents sufficient for Lofton to unambiguously and definitively identify all of the following information, for each telephone call made by Verizon debt collectors while collecting the unpaid balance of a Verizon account from June 2008 to the present:<br>a. the telephone number called;<br>b. the date and time of the telephone call;<br>c. the dialer used to make the call;<br>d. the mode or method the dialer used to make the call (i.e., full predictive dialing, manual dialing, or One-Click dialing);<br>e. the identity of the employee, agent, and/or user who was responsible for the call;<br>f. whether the call connected (i.e., whether the recipient telephone number was disconnected);<br>g. whether the call was answered by a live person;<br>h. whether the call | **Initial Response, dated August 26, 2014:**<br>Defendant incorporates its General Objections. Defendant objects to this request and its nine sub-parts on the ground that these questions call for information that is not within the possession, custody or control of this defendant. Defendant objects to this request and its nine sub-parts on the ground that these questions, as framed, are overly broad, unduly burdensome, call for information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that the requested information infringes on the privacy rights of third parties. Defendant objects to demands for production 48, 48( d), and 48 (i) on the grounds that they are vague, compound, and ambiguous. Defendant objects to this request and its nine sub-parts on the ground that the alleged TCPA class runs from November 2009, not from June 2008.<br><br>**Supplemental Response, dated September 10, 2014:**<br>Without waiving its August 26,2014 objections, Verizon Wireless responds that the following vendors may possess responsive records: Collecto, Inc., 700 Longwater Drive, Norwell, MA 02061;Valentine & Kebartas, Inc., 15 Union Street, Lawrence, MA 01840; Vantage Credit Group LLC, 328 Ross Clark Circle, Dothan, AL 36303; Sunrise Credit Services, Inc., 280 Airport Plaza, Farmington, NY 11735; The CBE Group, Inc., 1309 Technology Parkway, Cedar Falls, IA 50613; Convergent Outsourcing, Inc., 800 SW 39th Street, Renton, WA 98055.<br><br>Third-party-vendor GC Services called Verizon Wireless customers whose payments were late, before their telephone | This discovery is relevant to liability and class certification. A complete answer to RPD No. 48 will permit Lofton to identify the telephone numbers which class members used when Verizon and/or its debt collectors called. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| i. was recorded; and whether the debt collector identified the recipient telephone number as a "bad" or "wrong" number.<br><br>*Account notes (or any other documents) are not an acceptable responsive production unless they are produced in a format that unambiguously and definitively identify all the information stated above.* | numbers were disconnected. All of GC' s calls were to customers' telephone phone numbers, and none of those calls were made to telephone numbers that were obtained through skip tracing. To the extent that this request seeks records pertaining to GC Services, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, and it is unduly burdensome. | |

## PLAINTIFF JOHN LOFTON'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 49:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| All documents which support any contention that the dialers Verizon's debt collectors used to make telephone calls while collecting the unpaid balance of a Verizon account from June 2008 to the present do not constitute automatic telephone dialing systems under 47 U.S.C. § 227(a)(1). | **Initial Response, dated August 26, 2014:** Defendant incorporates its General Objections. Defendant objects to this request on the grounds it seeks records not within the possession, custody or control of this defendant. Defendant objects to this request on the grounds it seeks confidential and proprietary information. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the ground that the alleged TCPA class runs from November 2009, not from June 2008.<br><br>**Supplemental Response, dated September 10, 2014:** Without waiving its August 26, 2014 objections, Verizon Wireless responds that the following vendors may possess responsive records: Collecto, Inc., 700 Longwater Drive, Norwell, MA 02061; Valentine & Kebartas, Inc., 15 Union Street, Lawrence, MA 01840; Vantage Credit Group LLC, 328 Ross Clark Circle, Dothan, AL 36303; Sunrise Credit Services, Inc., 280 Airport Plaza, Farmington, NY | This discovery is relevant to liability and class certification of Lofton's Telephone Consumer Protection Act claims. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| | 11735; The CBE Group, Inc., 1309 Technology Parkway, Cedar Falls, IA 50613; Convergent Outsourcing, Inc., 800 SW 39th Street, Renton, WA 98055. With respect to Collecto, please see also: COL0001-3; EOS00011-475. | |
| | Third-party-vendor GC Services called Verizon Wireless customers whose payments were late, before their telephone numbers were disconnected. All of GC's calls were to customers' telephone phone numbers, and none of those calls were made to telephone numbers that were obtained through skip tracing. To the extent that this request seeks records pertaining to GC Services, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, and it is unduly burdensome. | |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 50:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| All documents which support any contention that the dialers Verizon's debt collectors used to make telephone calls while collecting the unpaid balance of a Verizon account from June 2008 to the present do not constitute predictive dialers, as that term is used in *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 Report and Order*, CG Docket No. 02-278, FCC 03-153, ¶ 131, 18 FCC Rcd. 14014, 14092, 2003 WL 21517853, *46 (July 3, 2003). | **Initial Response, dated August 26, 2014:** Defendant incorporates its General Objections. Defendant objects to this request on the grounds it seeks records not within the possession, custody or control of this defendant. Defendant objects to this request on the grounds it seeks confidential and proprietary information. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the ground that the alleged TCPA class runs from November 2009, not from June 2008.<br><br>**Supplemental Response, dated September 10, 2014:** Without waiving its August 26, 2014 objections, Verizon Wireless responds that the following vendors may have additional information: Collecto, Inc., 700 Longwater Drive, Norwell, MA 02061; Valentine & Kebartas, Inc., 15 Union Street, Lawrence, MA 01840; Vantage Credit Group LLC, 328 Ross Clark Circle, Dothan, AL 36303; | This discovery is relevant to liability and class certification of Lofton's Telephone Consumer Protection Act claims. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| | Sunrise Credit Services, Inc., 280 Airport Plaza, Farmington, NY 11735; The CBE Group, Inc., 1309 Technology Parkway, Cedar Falls, IA 50613; Convergent Outsourcing, Inc., 800 SW 39th Street, Renton, WA 98055. With respect to Collecto, please see these responsive records: COL00001-3; EOS00011-475. | |
| | Third-party-vendor GC Services called Verizon Wireless customers whose payments were late, before their telephone numbers were disconnected. All of GC's calls were to customers' telephone phone numbers, and none of those calls were made to telephone numbers that were obtained through skip tracing. To the extent that this request seeks records pertaining to GC Services, it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, and it is unduly burdensome. | |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 53:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| All documents which are referenced in any disclosure by Verizon under Rule 26(a)(1). | Defendant incorporates its General Objections. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it seeks confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. | This discovery is relevant to liability, damages, and class certification. |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 54:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| All documents which Rule 26(a)(1) requires Verizon to disclose. | **Initial Response, dated August 26, 2014:** Defendant incorporates its General Objections. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it seeks confidential and proprietary information. | This discovery is relevant to liability, damages, and class certification. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| | Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds it is premature. | |
| | **Supplemental Response, dated September 10, 2014:** Without waiving its August 26, 2014 objections, Verizon Wireless responds that it will produce all records and documents as required by Rule 26. | |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 56:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| The document named "Verizon bad phone search.csv" referenced in the August 8, 2013 email from Ryan Grimes to Peter Cappola and Richard Gilbertson, which email is produced as COL000292. | Defendant incorporates its General Objections. Defendant objects to this request on the grounds it seeks records not within the possession, custody or control of this defendant. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it seeks confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.. | This discovery is relevant to liability and class certification of Lofton's Telephone Consumer Protection Act claims. This discovery may also be relevant to sanctions relating to Verizon's document production EOS491-95. (*Cf.* ECF No. 119-2 ¶¶18-23.) |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 57:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| All communications between Collecto and Ryan Grimes between June 2012 and the present which concern locating, identifying, searching for, or producing, account notes with a telephone number that has been designated with a "B." | Defendant incorporates its General Objections. Defendant objects to this request on the grounds it seeks records not within the possession, custody or control of this defendant. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it seeks confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of | This discovery is relevant to liability and class certification of Lofton's Telephone Consumer Protection Act claims. This discovery may also be relevant to sanctions relating to Verizon's document production EOS491-95. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| | third parties. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. | |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 58:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| All communications between Collecto and Ryan Grimes between June 2012 and the present which concern locating, identifying, searching for, or producing, telephone numbers that have been designated as a wrong number. | Defendant incorporates its General Objections. Defendant objects to this request on the grounds it seeks records not within the possession, custody or control of this defendant. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it seeks confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. | This discovery is relevant to liability and class certification of Lofton's Telephone Consumer Protection Act claims. This discovery may also be relevant to sanctions relating to Verizon's document production EOS491-95. (*Cf.* ECF No. 119-2 ¶¶18-23.) |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 60:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| All documents which support any contention that cellular carriers providing cellular service to California residents cannot determine whether such California residents were in California at the time they received a particular call. | **Initial Response, dated August 26, 2014:** Defendant incorporates its General Objections. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome. Defendant objects to this request on the grounds it seeks confidential and proprietary information. Defendant objects to this request on the grounds it infringes on the privacy rights of third parties. Defendant objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

**Supplemental Response, dated September 10, 2014:** Without waiving its August 26, 2014 objections, Verizon Wireless responds that cell tower data is kept for about 90 days, and that those records are irrelevant and are | This discovery is relevant to liability and class certification of Lofton's claims under the Invasion of Privacy Act. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| | not reasonably calculated to lead to the discovery of admissible evidence. | |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 62:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| All documents concerning, evidencing, or constituting Verizon's termination of Collecto, Inc.'s services, and any cause, basis, reason, or justification for such termination, including any partial or contributing cause, basis, reason, or justification for such termination. | This request is objected to on the ground that it is overly broad, unduly burdensome, requests records that are irrelevant and that are not reasonably calculated to lead to the discovery of admissible evidence, and requests records that are not within the possession, custody, or control of this responding defendant. This request is objected to on the ground that it requests records that are subject to the attorney-client privilege, work-product doctrine, and joint-defense privilege. Defendant objects to this request on the grounds it seeks confidential and proprietary information. Without waiving said objections, Defendant responds as follows: Please see VER000560-3. | This discovery is relevant to liability. |

### PLAINTIFF JOHN LOFTON'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 63:

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| All documents filed, served, or produced by either party in *Powell v. Collecto, Inc.*, No. 1:10-cv-3709 (N.D. Ill.) ("*Powell*"), as well as all communications to or from Collecto which concern *Powell* including, by way of example, but without limitation, all communications with the plaintiff or plaintiff's counsel in *Powell*, all communications between Collecto, Inc. and Verizon concerning *Powell*, and all Verizon's communications with any third party | Verizon Wireless incorporates its general objections.

Verizon Wireless further objects to this request on the grounds it is overbroad and unduly burdensome, calls for production of documents that are privileged and confidential under the attorney-client privilege and/or the attorney work product privilege, and calls for production of documents that Collecto will not produce because they are privileged and confidential under the attorney-client privilege and/or the attorney work product privilege and joint defense privilege.

Verizon Wireless further objects to this request on the grounds it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence, on the grounds it infringes on the privacy rights of third parties, and on the ground that the requested documents are not | This discovery is relevant to liability and class certification of Lofton's claims under the Invasion of Privacy Act. |

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| concerning *Powell*. | within the possession, custody, or control of Verizon Wireless. All documents that were filed are available through PACER, and they are equally available to Plaintiff. Verizon Wireless asserts that Plaintiff is not prejudiced by the foregoing objections as Collecto reports that it will produce responsive documents in *In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation*, No. MDL 14-md-2513-RGS. | |

**PLAINTIFF JOHN LOFTON'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 64:**

| REQUEST | RESPONSE | RELEVANCE |
|---|---|---|
| All documents concerning any communication regarding this case or *In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation*, No. MDL 14-md-2513-RGS . . . between Verizon and any other person, excluding Plaintiff, Plaintiff's attorneys, or Verizon's attorneys. | Verizon Wireless incorporates its general objections.<br><br>Verizon Wireless declines to produce responsive documents that are privileged and confidential under the attorney-client privilege and/or the attorney work product privilege and joint defense privilege. Those privileged and confidential documents include all correspondence and emails between and among counsel for Verizon Wireless, for Collecto, and for other Verizon Wireless vendors. The term, "this subpoena," is vague and unintelligible. Without waiving said objections, Defendant will produce all responsive documents between Verizon and Level 3. See documents bates stamped VER0005964-VER0005989 | This discovery is relevant to liability and class discovery. Rule 26 expressly states that parties may take discovery on "the existence, description, nature, custody, condition, and location of any documents or other tangible things [containing] any discoverable matter." Fed. R. Civ. P. 26(b)(1). This discovery may also be relevant to sanctions (*Cf.* ECF No. 119-2 ¶¶42-46.) |

Dated: March 31, 2015

By:   /s/Ethan Preston
     Ethan Preston

     David C. Parisi (162248)
     Suzanne Havens Beckman (188814)
     PARISI & HAVENS LLP
     212 Marine Street, Suite 100
     Santa Monica, California 90405
     (818) 990-1299 (telephone)
     (818) 501-7852 (facsimile)
     dcparisi@parisihavens.com
     shavens@parisihavens.com

     Ethan Preston (263295)
     PRESTON LAW OFFICES

4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
(972) 564-8340 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff  John Lofton,
on his own behalf, and behalf of all
others similarly situated*