UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOFTON,<br><br>        Plaintiff,<br><br>    v.<br><br>VERIZON WIRELESS (VAW) LLC,<br><br>        Defendant. | Case No. 13-cv-05665-YGR   (JSC)<br><br>**ORDER GRANTING IN PART MOTIONS TO COMPEL AND FOR SANCTIONS**<br><br>Re: Dkt. Nos. 119, 129 |

Plaintiff John Lofton ("Plaintiff") brings this putative class action challenging Defendant Verizon Wireless (VAW) LLC's debt collection practices. Plaintiff alleges that Verizon engaged a third party, Collecto, Inc., to collect Verizon's past due accounts as Verizon's agent, and that in doing so Collecto violated state and federal law. In particular, Plaintiff alleges that he was not a current or former Verizon customer, but that Collecto nonetheless telephoned him on his cell phone on numerous occasions in violation of the California Invasion of Privacy Act ("IPA"), Cal. Penal Code § 630-38, and the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A). Plaintiff alleges Verizon, through Collecto, violated the IPA by recording telephone calls with persons, such as Plaintiff, without the recipient's permission, and violated the TCPA by using an automatic telephone dialing system to make the calls. The action has been referred to the undersigned magistrate judge for resolution of discovery disputes.

Now pending before the Court is Plaintiff's motion to compel Verizon to respond to a number of outstanding discovery requests and Plaintiff's motion seeking sanctions against Verizon and Collecto. Having considered the parties' submissions, and having had the benefit of oral argument on June 4, 2015, the Court GRANTS IN PART Plaintiff's motion to compel and GRANTS IN PART his motion for sanctions.

**BACKGROUND**

This matter has had more than its fair share of discovery disputes.  Plaintiff initially filed the action in state court, where the parties engaged in at least 15 discovery disputes.  (*See* Dkt. No. 37-1 ¶ 11.)  Verizon then removed the case to federal court.  The matter was referred to the undersigned magistrate judge for the purposes of discovery, and the Court held no fewer than eleven hearings and status conferences with the parties (Dkt. Nos. 44, 45, 48, 49, 67, 80, 93, 99, 104, 111, 114) and issued seven discovery orders (Dkt. Nos. 47, 50, 54, 68, 71, 81, 106) in an attempt to move discovery along in accordance with the command of the Federal Rules of Civil Procedure that the Rules should be construed to "secure the just, speedy and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  When these efforts failed, the Court ordered the parties to brief remaining issues in a formally noticed motion.

Plaintiff filed the motion for sanctions first, contending that Verizon and third-party debt collector Collecto's conduct throughout discovery in this case has been so egregious as to warrant sanctions.  The sanctions motion focuses on Verizon and Collecto's action and inaction in response to Plaintiff's request for call detail records, which Plaintiff insists he needs to move to certify a class of non-Verizon customers whose numbers were dialed in error by debt collectors seeking to recover debt on Verizon accounts.  While briefing the sanctions motion, Plaintiff also filed the motion to compel, which largely involves discovery requests pertaining to information about and documents in the possession of other third-party debt collectors.  Plaintiff served the requests at issue on or after July 2014 and later, although many of the issues relate to discovery in which the parties have been engaged since 2012.  (*See* Dkt. No. 129-3 at Exs. 2, 3, 4, 12, 13.)

**DISCUSSION**

A.     **Motion to Compel**

1.     <u>Legal Standard</u>

Under the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *See* Fed. R. Civ. P. 26(b)(1).  Information is relevant for

2

purposes of discovery if "it is reasonably calculated to lead to the discovery of admissible evidence," even if the information is not admissible at trial. *Id.* The court may allow discovery of any material "relevant to the subject matter involved in the action," not just the claims or defenses of each party, if there is good cause to do so. Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 402 provides that all relevant evidence is admissible except as otherwise provided by the U.S. Constitution, Act of Congress, or applicable rule of Federal Rules of Evidence. "The question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord,* 162 F.R.D. 603, 610 (N.D.Cal.1995). Ultimately, district courts have broad discretion in determining whether evidence is relevant for discovery purposes. *See Survivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

A responding party that objects to discovery requests is required to state objections with specificity. *See* Fed. R. Civ. P. 33(b)(4), 36(a)(5). If the party requesting discovery is dissatisfied with any of the responses, the party may move to compel further responses. Pursuant to Northern District Local Rule 37-2, a party moving to compel discovery must "detail the basis for the party's contention that it is entitled to the requested discovery and show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." *See also* Fed. R. Civ. P. 26(b)(2) (requiring that when determining the appropriateness of discovery requests courts consider whether the discovery is duplicative or overly burdensome and whether the burden and expense of discovery outweighs the benefit). While the party seeking to compel discovery has the burden of establishing that its request satisfies relevancy requirements, the party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence. *La. Pac. Corp. v. Money Mkt. 1 Inst'l Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citations omitted); *see also Oakes v. Halvorsen Mar. Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) (citation omitted).

United States District Court
Northern District of California

1        1.   <u>Analysis</u>

2        Plaintiff's motion to compel challenges Defendant's responses to a large number of

3    discovery requests, including one interrogatory and many requests for admission and requests for

4    production of documents.  The Court will address the specific requests below, but before doing so

5    considers a number of Plaintiff's more global assertions.

6        First, Plaintiff objects to Verizon's unsubstantiated boilerplate objections on grounds of

7    undue burden, relevance, vague and/or ambiguous, privilege, control, confidential and proprietary,

8    and privacy.  (*See* Dkt. No. 129-1 at 14-18.)  It is well established that "all grounds for objections

9    to [discovery] must be stated with specificity [in the initial response] or the objection is waived[.]"

10   *Io Grp. Inc. v. GLBT Ltd.*, No. 10-01282, 2011 WL 3443773, at *2 (N.D. Cal. Aug. 8, 2011)

11   (citation omitted).  Verizon does not address these boilerplate objections in its opposition.

12       The discovery requests at issue pertain to Plaintiff's TCPA claims.  Plaintiff moves to

13   compel Verizon to supplement its responses to provide TCPA class discovery dating back to June

14   2008, instead of November 2009.  The TCPA has a four-year statute of limitations.  *See Sznyter v.*

15   *Malone*, 155 Cal. App. 4th 1152, 1168 (2007) (citing 28 U.S.C. § 1658).  Plaintiff seeks TCPA-

16   class-related discovery dating back to June 2008—four years before June 14, 2012, the filing date

17   of the initial complaint in this action.  Plaintiff did not allege TCPA claims in this case until the

18   November 12, 2013 filing of the Third Amended Complaint ("TAC"), so Verizon contends that it

19   is only obligated to provide discovery from November 2009 and forward pursuant to Rule 15 of

20   the Federal Rules of Civil Procedure. The original complaint alleged facts concerning Collecto's

21   June 2012 calls to Lofton.  Discovery of facts pertaining to debt collectors' calls dating back to

22   June 2008 is therefore relevant to Plaintiff's claims and discoverable.

23       The Court now turns to Plaintiff's more individualized objection to Verizon's discovery

24   responses.  The Court will first address outstanding discovery requests for Verizon and Collecto

25   documents, before separately turning to discovery requests for documents in the custody of the

26   other third party debt collectors.

27

28

a.    *Discovery Requests Regarding Verizon and Collecto Documents*

i.    Privilege Logs

A number of discovery requests identified in Plaintiff's motion to compel pertain to documents that Defendant withheld or redacted as privileged. Despite that claim, Verizon has failed to produce any privilege logs to date.

As a threshold matter, Plaintiff asks the Court to compel Verizon to produce all documents over which it asserts privilege because Verizon waived privilege by failing to produce a timely privilege log. Rule 34 requires a party to respond to requests for production within 30 days. Fed. R. Civ. P. 34. The Court's Standing Order states that "[i]f a party withholds material as privileged . . . it must produce a privilege log as quickly as possible, but no later than fourteen days after its disclosures or discovery responses are due," and "[f]ailure to furnish this information promptly may be deemed a waiver of the privilege or protection." "The Ninth Circuit rejected a per se rule that failure to produce a privilege log in a timely manner triggers waiver of privilege[.]" *Coalition for a Sustainable Delta v. Koch*, No. 1:08-CV-00397 OWW GSA, 2009 WL 3378974, at *3 (E.D. Cal. Oct. 15, 2009) (citing *Burlington No. & Santa Fe Ry. Co. v. United States*, 408 F.3d 1142, 1149 (9th Cir. 2005). Instead, the court in *Burlington Northern* clarified that while timely boilerplate objections are insufficient, untimely detailed objections within a privilege log *may* be sufficient depending on a number of factors considered as part of a "holistic" case-by-case analysis. 408 F.3d at 1149-50. This analysis considers the degree to which the privilege assertion enables the litigant and the court to evaluate privilege; the timeliness of the privilege log; and the magnitude of document production and other circumstances that might make responding to discovery unusually hard. *Id.* District courts applying *Burlington Northern* often decline to find waiver of privilege where a party first raises insufficient boilerplate privilege objections in its RFP responses then raises the objections in an untimely yet detailed privilege log. *See, e.g.*, *Best Buy Stores, L.P. v. Manteca Lifestyle Ctr., LLC*, No. 2:10-cv-0389-WBS-KJN, 2011 WL 2433655, at *6 (E.D. Cal. June 14, 2011) (citations omitted); *Carl Zeiss Vision Int'l GmbH v. Signet Armorlite*, No. CIV 07CV-0894DMS POR, 2009 WL 4642388, at *3-4 (S.D. Cal. Dec. 1, 2009).

Here, Verizon has asserted attorney-client, joint defense, and work product privilege over

5

certain documents responsive to Plaintiff's discovery requests for over a year but has not yet produced a privilege log describing all of the documents withheld.  Despite this extreme delay, given the scope of discovery in this matter the Court declines to rule now that Verizon has waived any claim of privilege based on their failure to timely produce a privilege log.  Instead, the Court rules as follows.

RFP 52 seeks "[a]ll documents concerning, evidencing, or constituting Verizon's termination of Collecto, Inc.'s services, and any cause, basis, reason, or justification for such termination, including any partial or contributing cause, basis, reason, or justification for such termination."  Defendant shall produce a privilege log for all documents withheld regarding the termination of Collecto by **June 19, 2015**.

In RFP 63, Plaintiff requested production of Collecto's communications regarding *Powell v. Collecto, Inc.*, No. 1:10-cv-3709 (N.D. Ill.).  Collecto states that all non-privileged documents relating to *Powell* have already been produced, and the documents that remain are privileged settlement documents.  *Powell* settled after just six months of litigation; thus, Verizon frames this request as seeking mostly communications regarding settlement.  Generally, settlement communications between parties are privileged under Rule 408 of the Federal Rules of Evidence. But Rule 408 pertains to admissibility at trial, not discoverability, *see Big Baboon Corp. v. Dell, Inc.*, No. CV 09-01198 WCV (SSx), 2010 WL 3955831, at *2 (C.D. Cal. Oct. 8, 2010), and "there is no federal privilege preventing the discovery of settlement agreements and related documents." *Bd. of Trs. of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008).  At oral argument, Defendant estimated that there are only 10 responsive documents pertaining to the *Powell* settlement.  Defendant shall submit these documents for in camera review and produce a privilege log for all responsive documents withheld by **June 19, 2015**.

If Defendant fails to produce privilege logs by the June 19 deadline, its claim of privilege may be deemed waived.

ii.      RFAs 104-107

RFAs 104 through 107 ask Verizon to admit that its counsel knew in 2012, 2013, and 2014 (respectively) that its debt collectors could produce a list of outgoing telephone calls.  (Dkt. No.

129-3 at 18.)  These requests shall be construed as seeking discovery as to whether Verizon itself, not its counsel, knew whether Collecto—again, only Collecto and not the other debt collectors at this time—had this information.  Defendant shall respond to these RFAs by **June 19, 2015**.

### iv.      Request for Production Nos. 53-54

RFP No. 53 seeks "[a]ll documents which are referenced in any disclosure by Verizon under Rule 26(a)(1)" while RFP No. 54 seeks "[a]ll documents which Rule 26(a)(1) requires Verizon to disclose."  (Dkt. No. 129-3 at 25.)  The requests directed Verizon to produce responsive documents on the same day its written response was due, but Verizon's response stated that Verizon would "produce all records and documents as required by Rule 26" without indicating a date and therefore Plaintiff is unable to determine if any documents have been withheld.  Defendant shall provide a certification that its responses to these RFPs are up to date by **June 19, 2015.**

### v.       RFP No. 56

RFP No. 56 seeks "the document named 'Verizon bad phone search.csv'" identified during discovery.  (Dkt. No. 129-3 at 25.)  Plaintiff has established the document's relevance: it may be useful in showing that Collecto could have produced certain requested information in a particular format at a limited cost.  (*See* Dkt. No. 148 at 23.)  Verizon's opposition does not give a reason for failing to produce that document.  Verizon shall produce the document by **June 19, 2015**.

### vi.      RFP No. 60

RFP No. 60 seeks "[a]ll documents which support any contention that cellular carriers providing cellular service to California residents cannot determine whether such California residents were in California at the time they received a particular call."  (Dkt. No. 129-3 at 26.)  Verizon produced some documents, but also asserted general and unsubstantiated objections to this request.  (Dkt. No. 129-3 at 68.)  Verizon shall amend its response by **June 19, 2015** to indicate that it has produced all responsive documents.

### vii.     RFP No. 64

RFP No. 64 seeks all communications about this case between Verizon and third-party vendors.  (Dkt. No. 129-3 at 26.)  Verizon asserted a claim of privilege and other general and

unsubstantiated objections to this request.  Verizon shall produce all responsive documents—with respect to communications with Collecto only—by **June 19, 2015**.  As discussed in further detail below, the Court withholds determination as to the other vendors.

> b.   *Discovery Responses Regarding Documents in the Custody of Third Parties*

A substantial portion of the disputed discovery requests at issue here pertain to requests for documents in the custody of the other (*i.e.*, non-Collecto) third-party vendors that Verizon used as debt collectors here, an interrogatory seeking a description of such information, and requests for admission asking Verizon to admit that its third-party vendors have the ability to produce such information.  Specifically, Interrogatory No. 21, RFA Nos. 56-103, and RFP Nos. 45, 48, 49, and 50 relate to this issue.  Interrogatory No. 21 asks Verizon to provide nine categories of information for each telephone call made by Verizon's debt collectors while collecting the unpaid balance of a Verizon account from 2008 to the present: (1) the telephone number called; (2) the date and time of the telephone call; (3) the dialer used to make the call; (4) the mode or method the dialer used to make the call (*i.e.*, full predictive, manual, or one-click dialing); (5) the identity of the employee responsible for the call; (6) whether the call connected; (7) whether the call was answered by a live person; (8) whether the call was recorded; and (9) whether the debt collector identified the recipient telephone number as a "bad" or "wrong" number.  RFA Nos. 56-107 ask Verizon to admit that it or its vendors has the ability to produce the information referenced in Interrogatory 21.  RFP No. 48 seeks documents sufficient to show the information set forth in Interrogatory 21.

Plaintiff urges the Court to compel Verizon to respond because the requested information is within Verizon's control.  Verizon, for its part, insists that none of the information is within its legal control, and even if it is, requiring Verizon to respond to these requests would pose an undue burden.  Verizon urges the Court to require Plaintiff to obtain these documents by following through with Rule 45 subpoenas he issued.  The Court resolves these issues as follows.

First, the Court declines to order Verizon to produce all documents regarding the other debt collector vendors in light of the unique procedural posture of this case.  That is, on March 18, 2015, the District Court granted Defendant's motion for judgment on the pleadings regarding the TCPA claims against third-party collectors other than Collecto.  (Dkt. No. 122.)  The District

Court also noted that Plaintiff would not be entitled to discovery with respect to these other collectors until he filed his amended pleading.  Plaintiff has done so, but Defendant plans to file another motion to dismiss the TCPA claims against the other debt collectors, and a briefing schedule has already been set for that motion.  (Dkt. No. 157.)  Thus, the Court declines to compel Defendant to produce any discovery regarding the TCPA claims for those other collectors.

However, with respect to the IPA claims, which are adequately pleaded, Defendant must identify and disclose to Plaintiff by **June 19, 2015** which vendors recorded relevant calls and which vendors did not.  Defendant may do so by providing the declarations previously submitted or new declarations after further efforts to meet and confer with the vendors.

With respect to obtaining actual documents, it appears to the Court that given the vendors' refusal thus far to cooperate with Verizon to produce discovery may make it difficult for Plaintiff to obtain relevant documents in that manner—at least anytime soon.  Thus, Plaintiff may well have to resort to Rule 45.  In recognition that the vendors are located all over the country, which would impose a significant financial burden on Plaintiff, the Court instructs Defendant to ask the vendors to consent to litigate the Rule 45 subpoenas in this District.  Defendant shall report by **June 19, 2015** whether the vendors consent or not.  If they do, Plaintiff shall proceed with the Rule 45 subpoenas.  If not, the Court will set a further status conference to determine how to proceed.

\* \* \*

The Court GRANTS IN PART Plaintiff's motion to compel as set forth above.  In light of the limited success of Plaintiff's motion, Verizon shall bear one half of Plaintiff's reasonable attorneys' fees and costs associated with Plaintiff's litigation of the motion to compel.  *See* Fed. R. Civ. P. 37(C) (noting that where a motion to compel is granted in part and denied in part, "the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion").  Accordingly, Plaintiff shall file by **June 25, 2015**, a written submission of reasonable expenses incurred in filing the motion to compel supported by sworn declarations.

**B.     Motion for Sanctions**

Plaintiff also seeks significant sanctions against both Verizon and Collecto based on six

9

categories of purported abuse related to class discovery, mostly pertaining to Plaintiff's request for call detail records that would identify members of the class that received wrong number calls from debt collectors pursuing Verizon claims. Plaintiff requests fees and expenses to sanction Verizon's conduct, as well as a sweeping variety of draconian sanctions against both Verizon and Collecto, including the following: vitiating Verizon's claim of privilege over communications with its debt collectors based on the crime-fraud exception; referral for criminal prosecution on obstruction of justice charges; evidentiary sanctions in the form of a ruling that establishes the facts necessary for class certification.

Verizon and Collecto have each filed their own opposition to Plaintiff's request for sanctions, decrying Plaintiff's own conduct during the course of discovery and the severity of his accusations related to sanctions. In broad strokes, Verizon contends that there is no basis to hold it accountable for misconduct alleged to have been perpetrated almost entirely by Collecto, and that it has otherwise met its own discovery obligations and complied with the Court's orders. Collecto, for its part, argues that there is no evidence that it acted with bad faith, that Plaintiff has not made a sufficient showing of prejudice, and that Plaintiff's proposed remedies are unreasonable.

The Court laments that discovery in this case has devolved into such an unworkable game of name-calling and finger-pointing despite the efforts to resolve disputes informally. At bottom, however, the Court concludes that Plaintiff is entitled to limited sanctions based on Verizon's and Collecto's discovery misconduct.

      1.    <u>Legal Standard</u>

Plaintiff asks the Court to sanction Verizon and Collecto pursuant to the Court's inherent authority. Under its inherent powers, a court may impose sanctions where a party has willfully disobeyed a court order, or where the party has "acted in bad faith, vexatiously, or for oppressive reasons." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, --- U.S. ----, 134 S. Ct. 1749, 1758 (2014) (citation omitted). These powers, however, "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Accordingly, the bad-faith requirement sets a "high threshold," *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997), which may be met by willful misconduct, or recklessness that is coupled with an

improper purpose. *Fink v. Gomez,* 239 F.3d 989, 993-94 (9th Cir. 2001). It is the moving party's burden to demonstrate that the party against whom it seeks sanctions acted with the requisite bad faith or improper purpose. *See Burnett v. Conseco, Inc.*, --- F. Supp. 3d ----, No. 10-md-2124-SI, 2015 WL 1737685, at *8 (N.D. Cal. Apr. 9, 2015).

        2.    <u>Basis for Sanctions</u>

Here, Plaintiff seeks sanctions based on the Court's inherent authority in light of Plaintiff's accusations of Verizon and Collecto's bad faith. Before addressing each alleged discovery abuse, the Court notes that it has authority to sanction both Collecto and Verizon in this matter.

"The court's inherent authority to sanction includes not only the authority to sanction a party, but also the authority to sanction the conduct of a nonparty who participates in abusive litigation practices, or whose actions or omissions cause the parties to incur additional expenses." *In Re Avon Townhomes Venture*, 433 B.R. 269, 304 (Bankr. N.D. Cal. 2010) (citations omitted); *see also Chambers*, 501 U.S. at 50-51 (affirming imposition of sanctions against non-party); *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994) ("[E]ven in the absence of statutory authority, a court may impose attorneys' fees against a nonparty as an exercise of the court's inherent authority to impose sanctions to curb abusive litigation tactics." (citation omitted)); *Seco Nevada v. McMordie (In re Holloway)*, 884 F.2d 476, 477 (9th Cir. 1989). Similarly, in *Lockary v. Kayfetz*, 974 F.2d 1166 (9th Cir. 1992), *abrogated on other grounds by Margolis v. Ryan*, 140 F.3d 850, 854-55 (9th Cir. 1998), the Ninth Circuit noted that a court has authority to sanction a nonparty that supplies a litigant's attorneys and "fund[s] the litigation in its entirety." *Id.* at 1171. Before imposing sanctions on a nonparty, though, the Court is required to make an explicit finding of bad faith or improper purpose. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1196-97 (9th Cir. 2003) (citation omitted). Thus, consistent with these authorities, the Court may sanction Collecto if it finds that Collecto has participated in abusive litigation tactics with a bad faith or improper motive.

Of course, the Court has inherent authority to sanction Verizon, a party to this action, for its own bad faith conduct. Under a limited set of circumstances, however, the Court may also impute Collecto's misconduct to Verizon. Since the Court need only address this issue in the

event that it concludes that Collecto has engaged in improper discovery abuse, the Court will save discussion of imputing the wrongdoing to particular applications, as needed.

a.   *Concealment of the* Powell *Case*

Plaintiff first contends that sanctions are warranted based on Collecto's concealment of *Powell*, the prior TCPA lawsuit Collecto defended against a putative class of unintended recipients of Collecto's calls—*i.e.*, wrong numbers dialed.  Plaintiff's Interrogatories Nos. 19 and 20 asked Verizon to identify every case in which debt collectors, including Collecto, "asserted that there were limitations on its ability to locate and/or identify records for calls to WRONG NUMBERS." (Dkt. No. 119-2 at 79.)  In *Powell*, Collecto responded to an interrogatory seeking class discovery with the statement that it "currently lacks knowledge or information sufficient to identify whether it "was calling the incorrect person . . . because its records [d]o not readily identify the requested information" and instead a "code 'B' is placed next to a telephone number for a number of reasons, including, but not limited to, disconnected numbers, unreachable numbers . . . or wrong telephone numbers[,]" and asserted a number of other limitations on its ability to identify wrong number calls.  (Dkt. No. 119-2 at 65-66.)  Though *Powell* is clearly responsive to Plaintiff's requests, Verizon failed to include *Powell* in its October 28, 2013 response to those interrogatories, although Verizon did disclose another action.  (*Id.*)  Plaintiff served a similar interrogatory directly on Collecto in *In re Collecto, Inc. TCPA Litigation*[1]; in Collecto's December 4, 2013 response, it likewise failed to disclose the *Powell* case.  (Dkt. No. 119-2 at 88.)  In Plaintiff's view, because the Collecto officer who signed the company's *Powell*-less interrogatory response in the *Collecto TCPA* action was actually deposed during the *Powell* suit, he must have known about it, so the omission must have been in bad faith.  (Dkt. No. 119 ¶¶ 29, 32.)

---

[1] Specifically, the interrogatory in that case asked Collecto to

> Identify by name, docket number, and court any legal proceeding in which any party presented evidence about any limitations on Collecto's ability to locate and/or identify records which demonstrate it made calls to wrong telephone numbers, i.e., telephone calls in which Collecto attempted to call a particular consumer but reached a third party instead.

(Dkt. No. 119-2 at 88.)

United States District Court
Northern District of California

As it stands, Plaintiff found the *Powell* case himself well into the discovery period.  At oral argument, Plaintiff explained that if Defendant had disclosed the *Powell* case earlier, Plaintiff would have seen documents on the *Powell* docket that show that Collecto identifies wrong numbers through call logs, which in turn would have made class discovery easier.[2]  It seems likely to the Court that had *Powell* been disclosed earlier and the existence of call logs therefore revealed, Collecto would have made efforts to cease destroying its call logs for the relevant period sooner, rendering moot many of the topics at issue in this sanctions motion.

In its opposition, Collecto insists—in attorney argument only, and not in a declaration—that its failure to disclose the *Powell* litigation was inadvertent and lacked intent to conceal, and therefore is not sanctionable.  (Dkt. No. 138 at 17.)  But it is well established in this District that attorney argument is not evidence on which the court can rely.  *See Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003); Civ. L.R. 7-5(a) (requiring that factual contentions made in opposition to any motion be supported by an affidavit or declaration).  Aside from that inadmissible attorney argument, there is no evidence in the record as to why Collecto omitted the reference to the *Powell* case.

Based on the record before it, and particularly in the absence of a declaration from anyone at Verizon or Collecto, the Court concludes that they acted with improper intent when they failed to disclose the *Powell* litigation in response to Interrogatories 19 and 20.  Accordingly, sanctions against Verizon and Collecto are proper.

>    b.    *Misrepresentations Regarding the Existence of Call Detail Records*

Next, Plaintiff seeks sanctions against Verizon and Collecto based on their misrepresentations about the existence of call logs and other conduct that Plaintiff contends was part of a scheme to conceal the existence of the call logs.  This issue has been the crux of the parties' discovery disputes in appearances before the Court since the fall of 2014.

Since discovery began, Plaintiff has sought information and documents that showed

---

[2] Plaintiff's counsel conceded that he could not remember when Plaintiff first learned of the existence of these call logs, but he represented that Plaintiff learned about the call logs through his own efforts, either through discovering the *Powell* case on its own through a PACER search or through his expert.

United States District Court
Northern District of California

whether and how Collecto can identify wrong number calls.  What Plaintiff contends is the appropriate discovery response are "call detail records" (often referred to as "CDRs" or "call logs" or "call detail reports" throughout the parties' briefing and in the parties' past conferences regarding these issues) that the call dialers generate.  These call detail records indicate in a delimited and easily-sortable format what numbers Collecto called, when, whether the call connected, whether a live person answered, and (sometimes) whether the call was to a wrong number.  (*See* Dkt. No. 119-1 at 13; Dkt. No. 119-2 ¶¶ 5-6, 19.)

Specifically, RFP 15 sought documents "sufficient to show . . . the time, date, and telephone number called for the outgoing telephone calls made by" [Verizon's debt collectors] for the relevant time period.  (Dkt. No. 119-2 at 41.)  In a 2012, Verizon submitted a declaration indicating that there were no call logs for the relevant dialers.  Instead, Verizon responded by producing files labeled EOS491-95, which are account notes from its database, that provides information in an undelimited format.  (*Id.* ¶ 18.)  As a result of the format in which EOS 491-95 was produced, Plaintiff incurred $19,350 in consultant fees to render the data searchable and approximately 50 hours of attorney time, as well.  (Dkt. No. 119-2 ¶ 18.)  As described above, Plaintiff later learned that Collecto's dialers generated call logs or call detail reports that contained the information Plaintiff requested.

Plaintiff argues that production of EOS 491-95 was part of Collecto's campaign to conceal its call detail logs, and that Collecto's efforts to hide the proverbial ball—here, the call detail reports—was a bad faith effort to obfuscate the evidence Plaintiff needs for class certification.

Collecto, for its part, contends that it produced EOS 491-95 in good faith.  Notably absent from Verizon and Collecto's submissions, however, is any explanation for why they did not initially disclose the existence of call detail records.  In the absence of any explanation, and given the importance of these records in this litigation, the Court concludes that their failure to disclose the records was a bad faith misrepresentation worthy of sanctions.

c.      *Destruction of Call Details Records*

Relatedly, Plaintiff contends that both Verizon and Collecto obstructed class discovery by spoliating evidence of Collecto's call logs.  Collecto's Noble dialer, in particular, was

14

programmed to delete call detail records after two years. Collecto did not change that practice until September 2014. Thus, Collecto failed to prevent the deletion of call detail records for the two-year period between the filing of the initial complaint and September 2012. Plaintiff argues that this constitutes spoliation that merits sanctions. Verizon and Collecto, for their part, insist that the documents it has already produced (EOS 49-195 and archived call data) contain all of the information Plaintiff needs for the relevant time period for which there are no more call detail records—*i.e.*, November 2011 through September 2012—therefore sanctions for spoliation are inappropriate.

"A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Federal courts also have authority to sanction a party "who fails to obey an order to provide or permit discovery" under Federal Rule of Civil Procedure 37(b)(2)(A). *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (internal quotation marks omitted).

Sanctions for spoliation arise where a litigant (1) had a duty to preserve documents in its control; (2) destroyed documents "with a culpable state of mind"; and (3) a reasonable trier of fact could find that the destroyed document was relevant. *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 888 F. Supp. 2d 976, 996-97 (N.D. Cal. 2012). The party requesting spoliation sanctions bears the burden of proving all three elements of the claim. *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). The Court need not find bad faith by the offending party before issuing sanctions for destruction of evidence; willfulness or fault can suffice. *Id.*; *Unigard*, 982 F.2d at 368 n. 2 (citing *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir.1988)). Sanctions may be appropriate when a party knew or should have known that the destroyed evidence was potentially relevant to litigation. *Glover*, 6 F.3d at 1329 ("Surely a finding of bad faith will suffice, but so will simple notice of potential relevance to the litigation." (internal quotation marks omitted)); *see also In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1068 (N.D. Cal. 2006) ("The duty to preserve documents attaches when a party should have known that the evidence may be relevant to future litigation."). "However, a party's motive or degree of fault in destroying evidence is

relevant to what sanction, if any, is imposed." *Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*, 264 F.R.D. 517, 523 (N.D. Cal. 2009).

However, courts often decline to impose sanctions for spoliation where the documents withheld are unlikely to material affect the outcome of the case, insofar as other evidence exists to provide the same information. *See Ahcom, Ltd. v. Smeding*, No. 07-1139 SC, 2011 WL 3443499, at *8-9 (N.D. Cal. Aug. 8, 2011) (declining to impose sanctions for destruction of a computer that contained the defendant's financial information where the plaintiff had other documents that provided "extensive information" about the defendant's finances); *see also Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 825 (9th Cir. 2002) (affirming district court's denial of sanctions where loss of original evidence was remedied by sufficient substitute).

Here, Collecto and Verizon concede that the call detail records are relevant to Plaintiff's claims and that Collecto deleted the call detail records for two years while this case was pending. And the Court concludes that Collecto was on notice of its duty to preserve the documents based on the filing of Plaintiff's complaint and even the *Powell* litigation before it, *see Montoya v. Orange Cnty. Sheriff's Dep't*, No. 11-1922, 2013 WL 6706992, at *7-9 (C.D. Cal. Dec. 18, 2013) (noting that the duty to preserve documents can arise from similar prior litigation). That Collecto nevertheless allowed the documents to be destroyed is spoliation—whether or not Collecto did so with a culpable mind. *See Glover*, 6 F.3d at 1329.

But this case does not involve spoliation of an entire swath of evidence with no possible substitution. Rather, Collecto still maintained archives for all of its dialers and has provided these records in discovery. On the other hand, Plaintiff has proffered sufficient evidence why that evidence is lacking. For one, it is more expensive and time-consuming to digest. Moreover, Plaintiff's review indicated that it was missing wrong number codes for a substantial portion of calls. On the other hand, Collecto's expert consultant has submitted a declaration explaining that the archived data provided contains the data that Plaintiff seeks. The Court therefore ORDERS Collecto and Verizon to bear the cost of having their own expert, Aaron Woolfson, reconstruct the archived data for the time period lacking call logs according to the categories Plaintiff identifies.

United States District Court
Northern District of California

d.      *Verizon's Conduct with Respect to the Court's February 2015 Order*

Next, Plaintiff asks the Court to sanction Verizon for failure to comply with several of the Court's Orders regarding documents in the possession of Verizon's other debt collectors, specifically Docket Nos. 71 ("Order 71") and 106 ("Order 106").  In Order 71, the Court resolved the parties' discovery dispute regarding Verizon's responses to RFP Nos. 49 and 50, which sought documents regarding whether the debt collectors used automatic dialers.  The Court held that the audit provisions in Verizon's vendor contracts gave Verizon the legal right to obtain documents about the dialers on demand sufficient for "legal control" over such records. In Order 106, in relevant part, the Court ordered the parties to arrange telephone calls with other debt collectors to determine the feasibility of their producing call detail records from their dialers.  Plaintiff now argues that Verizon's failure to compel the third party debt collectors' compliance with Plaintiff's discovery requests violates the Court's orders and requires sanctions.  Such is not the case.

Verizon fully complied with Order 71 by producing documents to show dialer mode from all debt collectors.  Contrary to Plaintiff's assertion, Order 106 did not compel Verizon's production of call detail records or other data from the other debt collectors.  Rather, it solely directed *the parties* to arrange telephone calls with the third party vendors to determine whether such production was feasible.  The record before the Court indicates that Verizon did just that; that its effort were ultimately unsuccessful and that Plaintiff is still seeking those documents does not turn Verizon's conduct into a sanctionable offense.

Because Verizon's failure to obtain discovery from the non-Collecto debt collectors does not warrant sanctions, the Court declines to vitiate the joint defense or common interest privilege between Verizon and the debt collectors under the crime-fraud exception, despite Plaintiff's urging that such is the proper course.

d.      *Collecto's Rule 30(b)(6) Deponents*

Next, Plaintiff requests that the Court sanction Collecto for failure to produce adequate Rule 30(b)(6) deponents on two topics relevant to class discovery.

Rule 30 requires a corporation to designate a deponent sufficiently knowledgeable to testify on the corporation's behalf "about information known or reasonably available to the

17

corporation." Fed. R. Civ. P. 30(b)(6).  When a party notices topics for deposition, the corporation must "not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledge, and binding answers on behalf of the corporation." *Guifu Li v. A Perfect Day Franchise, Inc.*, No. 10-CV-01189-LHK, 2011 WL 3895118, at *2 (N.D. Cal. Aug. 29, 2011) (citation omitted).  Sanctions are available under Rule 37(d)(1)(A)(i) when "the failure to produce an adequately prepared witness pursuant to Rule 30(b)(6) is tantamount to a failure to appear." *JSR Micro, Inc. v. QBE Ins. Corp.*, No. C-09-03044 PJH (EDL), 2010 WL 1957465, at *2 (N.D. Cal. May 14, 2010) (citation omitted); *see, e.g.*, *Coryn Grp. v. O.C. Seacrets*, 265 F.R.D. 235, 239-40 (D. Md. 2010) (finding failure to prepare 30(b)(6) witness tantamount to failure to appear where the witness professed lack of knowledge on the majority of topics for which he was designated, including contracts to which the corporation on whose behalf he was testifying was a party and had already been provided in discovery).

The first topic is "[t]he method(s) by which the Collecto account notes (labeled as EOS 491-95) were collected and produced[.]"  (Dkt. No. 119-2 ¶ 4.)  Collecto designated Peter Cappola as deponent on this topic.  Cappola testified that he did not recall the instructions he received regarding compilation of data in EOS 419-95.  (Dkt. No. 119-3 at 8.)  He testified that Collecto hired an outside consultant, Ryan Grimes, to prepare EOS 491-95, but did not know whether Grimes had done anything to confirm that the data collection was complete.  (*Id.* at 10.)  Nor did Cappola himself know whether EOS 491-95 was complete; in fact, Cappola conceded that the call to Lofton was not included and that he did not know how many other calls had been omitted from the records.  (*Id.* at 11, 14.)

The second topic was "[a]ny allegations or assertions made by Collecto in this litigation or any prior legal proceeding . . . that any of its software or system cannot be searched to (a) locate electronically stored information which reflects account notes which contain telephone numbers that have been designated with a 'B' or otherwise designated as a wrong number[.]"  (Dkt. No. 119-2 ¶ 4.)  Collecto designated Steve Madden as deponent on this topic.  Madden first testified that Collecto had never been asked to provide information about wrong number calls in prior litigation, but later conceded that the filings from *Powell* contradicted that testimony.  (Dkt. No.

18

119-4 at 28, 37.)

The transcripts of their depositions indicate that these two witnesses were unprepared to testify about their designated topics.  The topics were sufficiently particular to put Collecto on notice that Cappola should have been able to testify about the format of EOS 491-95 and Madden about *Powell*.  While this might be sanctionable conduct under Rule 37 if those documents were the sole records at issue, were indispensable to the case, and the moving party lacked any information about how they came to exist, such is not the case here.  Rather, in light of the existence of call detail records and archived information from the relevant dialers, the Court declines to order any further deposition testimony about EOS 491-95.

e.   *Verizon's Interference with Lofton's Subpoenas*

Finally, Plaintiff asks the Court to sanction Verizon for interfering with Plaintiff's subpoenas to the debt collectors.  Plaintiff issued Rule 45 subpoenas to the debt collectors on August 26, 2014.  (Dkt. No. 119-2 ¶ 14.)   None of the debt collectors has responded to these subpoenas—instead, they either objected or moved to quash; Plaintiff argues that they only did so at Verizon's suggestion.  Plaintiff characterizes Verizon's conduct as obstruction of justice and, as a sanction, asks the Court to find the crime-fraud exception to the attorney-client and common interest privileges apply, requiring Verizon to turn over all correspondence with its debt collectors.  The Court declines Plaintiff's invitation to do so.

Rule 45 vests a party's attorney with the authority to compel production of documents or require the appearance of a non-party as set forth in the subpoena.   The rule authorizes a party's attorney to issue a subpoena to a non-party to produce electronically-stored information or other documents.  Fed. R. Civ. P. 45(a)(1)(C)-(D).  In response, the Rule permits the subject of the subpoena to object to the production requested or move to quash or modify the subpoena.  Fed. R. Civ. P. 45(c)(2)(B), 45 (c)(3).  "Nowhere in the Rule is it contemplated that the adversary of the party seeking the information may advise, no matter the reasons, the person commanded by the subpoena to produce the information to ignore the subpoena's command."  *Price v. Trans Union, L.L.C.*, 847 F. Supp. 2d 788, 794 (E.D. Pa. 2012).  In such scenarios, courts have sanctioned the party who improperly advised the subject of the subpoena not to comply.  *See, e.g.*, *id.* at 795; *Fox*

19

United States District Court
Northern District of California

*Indus., Inc. v. Gurovich*, No. 03-5166, 2006 WL 2882580, at *2 (E.D.N.Y. Oct. 6, 2006) (exercising its inherent authority to sanction defendant to the tune of $1,000 per letter for sending third party subpoena subjects letters advising them not to comply with plaintiff's subpoenas); *Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01-201, 2011 WL 3359998, at *3 (W.D.N.Y. Aug. 3, 2011) (awarding sanctions where "but for [plaintiff counsel's erroneous] advice to [subpoena subject] that Defendant's subpoena should be dishonored[, subject] would have timely complied without the necessity of the instant motion to compel").

There is simply no evidence that Verizon instructed the third party vendors to object in a certain matter.  At oral argument, Plaintiff identified as the basis of its argument a declaration attached to one vendor's objections to a Rule 45 subpoena, which noted that the vendor was "informed" of Verizon's objections to the discovery sought.  (Dkt. No. 63-1.)  But this cannot be read to be evidence that Verizon *instructed* this vendor, nor any other, to move to quash the subpoena or otherwise not respond.[3]  There is simply no evidence that Verizon interfered with the third party subpoenas.  To the contrary, Verizon appears to have gone to some effort to have its vendors respond with limited success.

Accordingly, the Court will not sanction Verizon for conduct related to the third-party subpoenas.  For the same reason, the Court declines Plaintiff's invitation to find that Verizon's interference with the subpoenas constitutes obstruction of justice such that the crime-fraud exception applies, vitiating Verizon's privilege over all communications with the vendors.  *See Roe v. White*, No. 03-cv-00435 CRB (NC), 2014 WL 842790, at *2 (N.D. Cal. Feb. 28, 2014) (noting that the moving party bears the burden of establishing that the crime-fraud exception applies).

3.      <u>Sanctions Imposed</u>

As set forth above, the Court concludes that Collecto failed to disclose the *Powell* litigation

---

[3] In addition, in the cases in which a court sanctioned the opposing part for interfering with Rule 45 subpoenas, the courts generally found the adversary's advice—*i.e.*, the grounds purportedly excusing compliance with the subpoena—to be unjustified or otherwise wrong.  *See, e.g.*, *Robbins & Myers*, 2011 WL 3359998, at *3.  Put another way, the cases involve situations in which there were no valid grounds for objecting to the subpoenas but the subject adopted the adversary's erroneous objections anyway.  Such is not the case here.

United States District Court
Northern District of California

1  with an improper purpose, concealed the existence of and destroying call detail records despite

2  knowledge that they were relevant to litigation, and failed to adequately prepare 30(b)(6)

3  witnesses.  The Court finds that Verizon has engaged in sanction-worthy conduct by allowing

4  Collecto to destroy the call detail records, but beyond that has not engaged in the type of egregious

5  conduct that qualifies as the type of case in which courts should exercise their inherent authority to

6  impose sanctions.  *See Chambers*, 501 U.S. at 44.  As a result of these discovery abuses, the Court

7  will require Collecto to pay some of Plaintiff's reasonable costs on the instant motion for

8  sanctions.  *See Nat'l Ass'n of Radiation Survivors*, 115 F.R.D. at 558. In addition, Collecto shall

9  bear the cost of the court reporter and Plaintiff's attorneys' fees for taking two further 30(b)(6)

10  deposition on the two topics for which its witnesses were unprepared.  Both Collecto and Verizon

11  shall pay the cost of having their expert, Aaron Woolfson, reconstruct archived data either from

12  EOS 491-95 or other archived records data in the manner Plaintiff identifies.

13        In addition, in light of the limited success of Plaintiff's motion for sanctions, the Court

14  finds that Collecto and Verizon shall bear half the cost of Plaintiff's reasonable expenses in filing

15  this motion for sanctions.  *See Kamara v. Walgreens, Inc.*, at *3 (N.D. Cal. Sept. 28, 2005) (noting

16  that the court may, in its discretion, award attorneys' fees as sanctions imposed pursuant to the

17  court's inherent authority).  Accordingly, Plaintiff shall file by **June 25, 2015**, a written

18  submission of reasonable expenses incurred in litigating this motion supported by sworn

19  declarations.

20        Any sanctions beyond these are inappropriate at this time.  As discussed above, a finding

21  that the crime-fraud exception vitiates Verizon's claim of privilege over its communications with

22  debt collectors is not warranted.  Given the lack of evidence of misconduct, the Court finds no

23  basis to refer Verizon or Collecto for criminal prosecution for obstruction of justice.

24        The Court squarely rejects Plaintiff's request for default judgment as a sanction for

25  Verizon and Collecto's conduct in discovery.  Where dismissal or entry of default judgment is

26  contemplated as a sanction pursuant to the court's inherent authority, courts must consider: (1)

27  whether willfulness, bad faith, or fault can be attributed to the offending party, (2) whether certain

28  extraordinary circumstances exist, (3) whether lesser sanctions would be efficacious, (4) the

relationship or nexus between the misconduct and the matters in controversy in the case, and (5) the prejudice to the party victim of the misconduct. *Halaco v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988). Here, most of the *Halaco* factors weigh against default judgment. While, to be sure, the Court found that Verizon and Collecto acted with willfulness and improper purpose in the course of some of its discovery conduct, no "extraordinary circumstances" dictate default. Given the purpose of this discovery—*i.e.*, Plaintiff's pursuit of information it can use to certify a wrong-number class—lesser sanctions suffice here. Specifically, ordering Verizon and Collecto to bear the costs of turning over the information, to the extent that it exists, will get Plaintiff to the place he needs to be; although Plaintiff will have suffered some prejudice due to delay, *see In re Phenylpropoanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (prejudice is presumed from delay), the Court has specifically extended the deadline for class certification to give Plaintiff time to obtain the information he seeks.

This conclusion seems particularly apt in light of the substantial discovery that Collecto and Verizon have already provided, including discovery relevant to Plaintiff's attempts to certify a class, including production of records that exceed discovery ordered in other TCPA cases. *Cf.* Order Following Discovery Conference, *Knutson v. Schwan's Home Servs. Inc.*, No. 3:12-CV-0964-GPC-DHB, Dkt. No. 92 (S.D. Cal. July 23, 2013) (requiring defendant to produce only a subset of the call list at issue); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 596 (S.D. Cal. 2014) (declining to compel production of a dial list). As set forth above, Plaintiff has the ability to construct Collecto's dial list, and it shall do so at Collecto and Verizon's expense. This places Plaintiff in the same position as other TCPA plaintiffs seeking to certify a class, and therefore weighs against imposition of extreme sanctions.

## CONCLUSION

For the reasons described above, the Court GRANTS IN PART Plaintiff's motions to compel and for sanctions. Collecto and Verizon shall comply with the Court's orders described above, including all deadlines for production of documents and privilege logs, scheduling of renewed 30(b)(6) depositions, and provision of their expert, Aaron Woolfson, to Plaintiff for the purposes of reconstructing archived call log data. In addition, Plaintiff shall file by **June 25,**

**2015**, a written submission of reasonable expenses incurred in litigating these motions.

This Order terminates Docket Nos. 119 and 129.

**IT IS SO ORDERED.**

Dated: June 18, 2015

*Jacqueline Scott Corley*

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

23