# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>VERIZON WIRELESS (VAW) LLC, and DOES 1-100, inclusive,<br><br>                    Defendants. | No. C 13-05665 YGR<br><br>**[PROPOSED]** **ORDER GRANTING PRELIMINARY APPROVAL OF (1) SETTLEMENT AGREEMENT; AND (2) PLAN OF ALLOCATION**<br><br>**\*AS MODIFIED BY THE COURT\***<br><br>Date:        January 26, 2016<br>Time:        2:00 p.m.<br>Location:   Courtroom 1<br>                  Ronald V. Dellums Federal Bldg.<br>                  1301 Clay Street<br>                  Oakland, California 94612 |

No. C 13-05665 YGR

Plaintiff John Lofton's ("Lofton") unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 193) was heard by this Court on January 26, 2016, before the undersigned. All Parties appeared through their counsel of record. Defendant Verizon Wireless (VAW) LLC ("Verizon") does not oppose the Motion. The first portion (Section I) of this Preliminary Approval Order applies to the Parties' proposed Stipulation and Settlement Agreement (Dkt. No. 193-3, "Settlement Agreement"). The following portion (Section II) of this Preliminary Approval Order applies exclusively to Lofton's proposed Plan of Allocation (Dkt. No. 197, "Plan").

Based on the Motion and supporting Memorandum of Points and Authorities and the declarations in support thereof, the Settlement Agreement, Plaintiff's Plan, and the arguments of counsel at the hearing on the Motion, and with good cause appearing, the Court rules as follows:

**I.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1. The capitalized terms used in this Section I of this Preliminary Approval Order have the same meaning as defined in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Class Members.

3. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the form and content of the Parties' Stipulation and Settlement Agreement, and determines that it falls within the range of possible final approval and merits submission to the Class Members for their consideration, and therefore preliminarily approves the Settlement as fair, reasonable, and adequate.

4. For settlement purposes only, the Court certifies the Classes, which are defined as follows:

    a.    "IPA Class" or "IPA Class Members" means all California residents who, between September 10, 2010 and the date on which Notice is completed, and while located within the state of California, received on their cellular telephone one or more telephone calls from Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff

Debts, where the call was answered by the recipient. The IPA Class excludes any person which Verizon's records identify as a current or past Verizon subscriber.

   b. "TCPA Class" means all natural persons residing in the United States who, between June 14, 2008 and the date on which Notice is completed, received one or more telephone calls to their cellular telephone number from a representative of Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts. The TCPA Class excludes any person which Verizon's records identify as a current or past Verizon subscriber.

  5. The Court preliminarily finds that: (a) the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure appear to be satisfied for Lofton and the Classes; (b) in accordance with Federal Rule of Civil Procedure 23(b), common issues of fact and law appear to predominate; and (c) also in accordance with Rule 23(b), certification of the Classes is superior to any other available methods of adjudication.

  6. The Court appoints the law firms of Parisi & Havens LLP and Preston Law Offices as Class Counsel and appoints Lofton as class representative. The Court preliminarily finds that Lofton and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Federal Rule of Civil Procedure 23.

  7. A Final Approval Hearing shall be held in Courtroom 1 of the Federal Courthouse at 1301 Clay Street, Oakland, California, at **2:00 p.m.** on **May 24, 2016**, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate so that the Final Approval Order and Judgment should be entered; (b) whether Class Counsel's Fee Application should be granted; (c) whether Lofton's Incentive Award Application should be granted; and (d) whether the Plan of Allocation submitted by Class Counsel should be finally approved. Consideration of the Fee Application, Incentive Award Application, and Plan of Allocation shall be separate from consideration of whether the proposed Settlement should be approved, and any combination of the Court's rulings on each motion or application shall be solely for the convenience of the Court.

8. Lofton and Class Counsel shall file their motion for final approval of the Settlement Agreement and any requests for fee or incentive awards on or before **April 14, 2016**.

9. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a) and consistent with the Anti-Injunction Act, 28 U.S.C. § 2283, the Court shall exercise exclusive and continuing jurisdiction over the Action, as well as any claim or cause of action between the Parties, their respective Counsel, and/or the Claims Administrator which relates to the Action, the Settlement, or the Plan and/or their negotiation or implementation. With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement Agreement and the Plan, all proceedings are stayed in this Action and all Class Members are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims released under the Settlement Agreement, unless and until the Class Member timely files a valid Request for Exclusion as defined in the Settlement Agreement. The Court finds this relief is necessary in aid of the Court's jurisdiction and to protect or effectuate the Court's judgments (including the Final Approval Order). However, for the avoidance of any doubt, and notwithstanding this paragraph, the Court does not stay or exercise any jurisdiction over any claims alleged in (or which may be asserted in) the multidistrict litigation proceeding pending before the United States Court for the District of Massachusetts under the caption *In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation*, No. MDL 14-md-2513-RGS ("*In re Collecto*"), and the stay does not apply to any parties excluded from the term Released Parties in the Settlement Agreement.

10. The Court appoints **A.B. Data, Ltd.** as the Settlement Administrator in this Action. In accordance with the Parties' Settlement Agreement and the Orders of this Court, the Settlement Administrator shall effectuate the provision of Notice to the Settlement Classes, including CAFA Notice, and shall administer the Settlement claims and distribution process. The Settlement Administrator shall not invoice more than $499,342 in total.

11. The Court approves, as to form and content, Notice substantially in the forms attached as Exhibits D through G to the Settlement Agreement.

       a.      Within 10 days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator will ensure that the Website Notice is publicly accessible via the Internet.

       b.      Within 25 days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator will mail Direct Notice to the most recent address available for all Class Members on the Class List who received calls from Collecto on or after June 1, 2010, through and including January 31, 2013. Before mailing any Direct Notice, the Settlement Administrator will use a National Change of Address database to identify and update any outdated addresses. Direct Notice shall be substantially in the form attached to the Settlement Agreement as Exhibit D.

       c.      As soon as possible after entry of this Preliminary Approval Order, the Settlement Administrator will ensure Publication Notice is given, which shall include delivery of 165,000,000 impressions of online text and banner ads via Facebook over the course of five weeks and one-time publication in *People* magazine of a one-third page notice. Such notice shall be substantially in the form attached to the Settlement Agreement as Exhibit E.

       d.      Not later than 65 days following the entry of this Preliminary Approval Order, the Settlement Administrator shall file with the Court declarations attesting to compliance with this paragraph 11.

12. The Court finds that the Parties' plan for providing Notice to the Classes as described in Article V of the Settlement Agreement: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Classes of the pendency of the Action, the proposed certification of the Classes, the terms of the Settlement Agreement, and the Final Approval Hearing; and (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

13. The Court further finds that the Parties' plan for providing Notice to the Classes, as described in Article V of the Settlement Agreement, will adequately inform members of the Classes of their right to exclude themselves from the Classes so as not to be bound by the Settlement Agreement. Any member of the Classes who desires to be excluded from the

Classes, and therefore not bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions set forth in the Notice, a timely and valid written Request for Exclusion, submitted online or postmarked by **May 4, 2016.** To be valid, a Request for Exclusion must (a) be submitted by a Settlement Class Member; (b) be submitted to the Settlement Administrator and postmarked by a date not later than 20 days before the Final Approval Hearing, or, in the case of a Request for Exclusion submitted online, submitted by a date not later than 20 days before the Final Approval Hearing; (c) contain the Settlement Class Member's name, address and telephone number; and (d) otherwise comply with the instructions set forth in the Notice. Not later than **May 9, 2016,** the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file it with the Court, and to Verizon's Counsel, a report stating the total number of persons that have submitted timely and valid Requests for Exclusion.

14.  Any member of the Classes who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

15.  Any Settlement Class Member who does not submit a valid and timely Request for Exclusion may object to the Settlement Agreement, Class Counsel's Fee Application, the Incentive Award Application, and/or the Plan of Allocation. Any Settlement Class Member who wishes to object must file with the Court, by no later than **May 4, 2016**, a written objection, which must include: (1) a detailed statement of the reasons for the objection; and (2) the objecting Settlement Class Member's name, address, and telephone number. Any objecting Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member who intends to appear at the Final Approval Hearing must so indicate in his or her written objection. Failure to indicate an intention to appear may result in the Court declining to hear the objecting Settlement Class Member or the Settlement Class Member's counsel at the Final Approval Hearing.

16. Class Counsel shall file a supplemental brief in support of final settlement approval that responds to any objections by **May 13, 2016**.

17. Service of all papers on counsel for the Parties shall be made as follows: for Class Counsel, to: Ethan Preston, Preston Law Offices, 4054 McKinney Avenue, Suite 310, Dallas, Texas 75204; for Verizon's Counsel, to Jonathan Blavin, Esq. and Ellen Richmond, Esq., Munger Tolles & Olson LLP, 560 Mission St., 27th Floor, San Francisco, California 94105.

18. Any Settlement Class Member who does not make an objection in the time and manner provided shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to, or appealing, the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees and expenses and incentive awards, the Plan of Allocation, the Final Approval Order, and the Judgment.

19. In the event that the proposed Settlement is not approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all Orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy. In such event, the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

20. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class Members. The Final Approval Hearing may, from time to time and without further notice to the Class Members, be continued by order of the Court.

21. Verizon shall provide to the Settlement Administrator customer information necessary to implement the terms of the Settlement Agreement notwithstanding any limitations on use, or prohibitions on disclosure, which might otherwise apply to such information under 47 U.S.C. § 222, California Public Utilities Code § 2891, or any other applicable law. Verizon shall provide Class Counsel and the Settlement Administrator with information, to the extent available, regarding the account history of any person that files an objection or a claim, as

needed to evaluate or respond to the objection or the claim. Nothing herein constitutes a ruling by the Court that any information provided by Verizon to the Settlement Administrator or to Class Counsel is restricted by 47 U.S.C. § 222, California Public Utilities Code § 2891, or any other law; instead, this paragraph represents a determination that even if so restricted, disclosure as set forth herein is appropriate and consistent with the letter and the spirit of such provisions.

22. All information received pursuant to the preceding paragraph shall be kept confidential and used solely for the purpose of implementing the Settlement Agreement. Such information shall not be disclosed or used for any other purpose without the consent of the providing party or pursuant to an order of the Court.

23. Federal Rule 6(a) applies to the calculation of any deadline or time period set forth above. In particular, where the last day of any such time period, is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. However, Rule 6(d) shall not extend or apply to any time period set forth above.

## II.  PRELIMINARY APPROVAL OF PLAN OF ALLOCATION

24. The capitalized terms used in this Section II of this Preliminary Approval Order have the same meaning as defined in the Plan, or in the Settlement Agreement.

25. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Class Members.

26. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the form and content of Lofton's Plan of Allocation, and determines that it falls within the range of possible final approval and merits submission to the Class Members for their consideration, and therefore preliminarily approves the Plan as fair, reasonable, and adequate to the Classes.

27. The Court approves and appoints A.B. Data, Ltd., at 600 A.B. Data Drive, Milwaukee, Wisconsin 53217, as the Settlement Administrator.

28. The Settlement Administrator shall perform (to the extent it has not already done so) the identification of Class Members and the calculation of Shares as set forth in Section 2,

2.1, 2.2, and 2.3 of the Plan.  The Settlement Administrator shall perform (to the extent it has not already done so) the preparation of the Class List as set forth in Section 2.4 of the Plan.

29. Class Counsel and the Settlement Administrator shall prepare and distribute the Claims Form as set forth in Section 3.1 of the Plan. Class Counsel and the Settlement Administrator shall review and approve (or disapprove) Claims Forms (and any supplemental documentation or evidence) submitted to the Settlement Administrator as set forth in Section 3.1.

30. The Final Approval Hearing referenced in Section I, paragraph 7, above, shall address whether the Plan of Allocation submitted by Class Counsel should be finally approved.

This Order terminates Docket Number 193.

**IT IS SO ORDERED.**

Dated: January 28, 2016

_____
Honorable Yvonne Gonzalez Rogers
United States District Judge