# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON WIRELESS (VAW) LLC, and DOES 1-100, inclusive,<br><br>Defendants. | No. C 13-05665 YGR<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF (1) SETTLEMENT AGREEMENT; AND (2) PLAN OF ALLOCATION<br><br>*AS MODIFIED BY THE COURT* |

Plaintiff John Lofton's ("Lofton") Motion for Final Approval of Class Action Settlement ("Motion") was heard by this Court at the Final Approval Hearing on May 24, 2016, before the Honorable Yvonne Gonzalez Rogers.  All parties appeared through their counsel of record.  Defendant Verizon Wireless (VAW) LLC ("Verizon") does not oppose the Motion.  The first portion (Section I) of this Final Approval Order applies to the parties' proposed Stipulation and Settlement Agreement ("Settlement Agreement").  The following portion (Section II) of this Final Approval Order applies exclusively to Lofton's proposed Plan of Allocation ("Plan").

Based on the Motion and supporting Memorandum of Points and Authorities and the declarations in support thereof, the parties' Stipulation and Settlement Agreement ("Settlement Agreement"), and the arguments of counsel at the hearing on the Motion, and with good cause appearing, the Court rules as follows:

## I.    FINAL APPROVAL OF SETTLEMENT AGREEMENT

1. The capitalized terms used in this Section I of this Final Approval Order have the same meaning as defined in the Settlement Agreement, which is attached hereto as Exhibit 1.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Class Members.

3. Pursuant to the Settlement Agreement, Class Members have been provided with Direct Notice, Publication Notice, and Website Notice informing them of the terms of the proposed Settlement and of the Final Approval Hearing.

4. Prior to the Final Approval Hearing, proof of completion of Notice, including CAFA Notice as required under 28 U.S.C. § 1715, was filed with the Court, along with declarations of compliance as prescribed in the Preliminary Approval Order.  Class Members were adequately notified of their right to appear at the hearing in support of or in opposition to the proposed Settlement, Class Counsel's Fee Application, Lofton's Incentive Award Application, and the Plan of Allocation.

5. The Court finds that the Notice was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law.

6. The Court finds that CAFA Notice, as described in Article VI.2 of the Settlement Agreement, and as effectuated as described in the declarations filed with this Court, satisfies the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, and any other applicable law.

7. For settlement purposes only, the Court finds that: (a) the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied for the Settlement Classes; (b) in accordance with Federal Rule of Civil Procedure 23(b), common issues of fact and law predominate; and (c) also in accordance with Rule 23(b), certification of the Settlement Classes is superior to any other available methods of adjudication.

8. The Settlement Classes which are bound by this Final Approval Order include all Class Members who did not submit a valid Request for Exclusion. The Class Members who submitted valid Requests for Exclusion are listed on Exhibit 2 hereto.

9. For purposes of the Settlement and this Final Approval Order, the Settlement Classes shall consist of the IPA Settlement Class and TCPA Settlement Class, defined as follows:

    a. "IPA Settlement Class" or "IPA Settlement Class Members" means all California residents who, between September 10, 2010 and the date on which Notice is completed, and while located within the state of California, received on their cellular telephone one or more telephone calls from Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts, where the call was answered by the recipient. The IPA Settlement Class excludes any person which Verizon's records identify as a current or past Verizon subscriber and any IPA Class Member who submitted a timely and valid Request for Exclusion.

    b. "TCPA Settlement Class" or "TCPA Settlement Class Members" means all natural persons residing in the United States who, between June 14, 2008 and the date on which Notice is completed, received one or more telephone calls to their cellular telephone number from a representative of Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts. The TCPA Settlement Class excludes any person which

Verizon's records identify as a current or past Verizon subscriber and any TCPA Class Member who submitted a timely and valid Request for Exclusion.

10. The Settlement, as set forth in the Settlement Agreement, is fair, reasonable, and adequate and in the best interests of the Settlement Classes, and it is approved. The Parties must effectuate the Settlement Agreement according to its terms. The Settlement Agreement, attached hereto as Exhibit 1, and every term and provision thereof are deemed incorporated in this Order and have the full force of an order of this Court.

11. This Court has considered and hereby overrules any and all objections to the Settlement on their merits. The Court may provide its reasoning for such ruling in a separate opinion or order.

12. David C. Parisi of Parisi & Havens LLP and Ethan Preston of Preston Law Offices are confirmed as Class Counsel. Plaintiff John Lofton is confirmed as class representative.

13. Upon the Effective Date, all Settlement Class Members have, by operation of this Order, fully, finally and forever released, relinquished, and discharged all Released Parties from any and all of the Released Claims pursuant to Article VII of the Settlement Agreement.

14. IPA Settlement Class Members, and the successors, assigns, parents, subsidiaries, affiliates, or agents of any of them, are permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any IPA Released Claim against any of the Released Parties.

15. TCPA Settlement Class Members, and the successors, assigns, parents, subsidiaries, affiliates, or agents of any of them, are permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any TCPA Released Claim against any of the Released Parties.

16. This Final Approval Order, the Settlement Agreement, the Settlement that it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and must not be construed as, or used as, an admission by or against Released Parties of any

fault, wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages.

17. The above-captioned Action is dismissed in its entirety with prejudice. Except as otherwise provided in the orders separately entered by this Court on the Fee Application, Incentive Award Application, and Plan of Allocation, the Parties will bear their own expenses and attorneys' fees.

18. Without affecting the finality of this Order and the accompanying Judgment, the Court reserves exclusive and continuing jurisdiction over the Action, and any dispute or claim arising from the implementation of the Settlement and/or the Plan, including enforcement and administration of the Settlement Agreement, including any releases in connection therewith, and any other matters related or ancillary to the foregoing. The Court finds this relief is necessary in aid of the Court's jurisdiction and to protect or effectuate the Court's judgments (including the Final Approval Order). However, for the avoidance of any doubt, and notwithstanding this paragraph, the Court does not stay or exercise any jurisdiction over any claims alleged in (or which may be asserted in) the multidistrict litigation proceeding pending before the United States Court for the District of Massachusetts under the caption *In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation*, No. MDL 14-md-2513-RGS.

## II.   FINAL APPROVAL OF PLAN OF ALLOCATION

19. The capitalized terms used in this Section II of this Final Approval Order have the same meaning as defined in the Plan or in the Settlement Agreement.

20. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Class Members.

21. The Plan of Allocation is fair, reasonable, and adequate and in the best interests of the Classes, and it is approved. The Parties must effectuate the Plan of Allocation according to its terms. The Plan of Allocation, attached hereto as Exhibit 3, and every term and provision thereof are deemed incorporated into this Order and have the full force of an order of this Court.

22. Five days after attorneys' fees, costs, expenses, and an incentive award are paid to Class Counsel and Lofton from the Common Fund, the Settlement Administrator will submit an

invoice to Class Counsel detailing a reasonable reserve for the Settlement Administrator's costs and fees for completing the remainder of the Plan (including costs and fees incurred in the distribution of Compensation, such as mailing out checks containing Compensation, timely reissuing checks, processing returned mail, etc.).  Class Counsel shall file an administrative motion made under Section 54 of the Civil Local Rules, including such invoice, within five days after the Settlement Administrator submits the invoice to Class Counsel.  Such invoice shall be deemed approved by the Court unless, within ten (10) days after such invoice is filed with the Court, (a) the Court rejects such invoice *sua sponte*; or (b) Class Counsel and/or Verizon object to such invoice, and the Court sustains such objection.  The Settlement Administrator may deduct the sums due under any approved invoice from the Common Fund fourteen (14) days after such invoice is filed with the Court.

23.     Within twenty (20) days after Class Counsel's attorneys' fees, costs, and expenses, and Lofton's incentive award are deducted from the Common Fund, and the Settlement Administrator's reserve has been approved, the Settlement Administrator shall calculate Class Members' Compensation under Section 5 of the Plan and mail checks containing the Settlement Class Members' Compensation to the Settlement Class Members' last known address, accounting for any updated information in Claims Forms.

24.     Notwithstanding the foregoing paragraph, however, if the Settlement Administrator calculates that no Settlement Class Member shall be paid any Compensation under Section 5, then all Compensation shall be paid to the Cy Pres Recipient under Section 4.

25.     Checks containing Compensation shall bear the date on which they are issued, and shall become invalid 180 days after such date of issuance.  Once a check containing Compensation becomes invalid, no checks will be reissued and no Compensation will be paid to the recipient Settlement Class Member.  The Settlement Administrator shall ensure that checks containing Compensation will state on their face that the recipient Settlement Class Member has 180 days from the date of issue to deposit the check, and that after that time no checks will be reissued, and no further Compensation will be paid to the Settlement Class Member.

26. Ten (10) days after the last day the last check containing Compensation becomes invalid (i.e., 180 days after the last check containing Compensation is issued) or the day the Settlement Administrator calculates no Compensation will be paid to any Settlement Class Member under Section 5 of the Plan, the Settlement Administrator shall pay to the Cy Pres Recipient all money remaining in the Common Fund, as well as any unused portions of the Settlement Administrator's reserve under Section 6.

27. The Court approves and appoints Consumer Action, 1170 Market Street, Suite 500, San Francisco, California 94102 as the Cy Pres Recipient.

**IT IS SO ORDERED.**

Dated: May 27, 2016

_____
Honorable Yvonne Gonzalez Rogers
United States District Judge