# Exhibit 1

## STIPULATION AND SETTLEMENT AGREEMENT

The undersigned Parties hereby stipulate and agree, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), that this Action, as defined herein below, shall be settled pursuant to the terms and conditions set forth in this Settlement Agreement, which is dated as of December 22, 2015.

## <u>ARTICLE I - RECITALS</u>

1.  WHEREAS, Verizon is the defendant in this Action, and is engaged in the business of providing wireless telephone and data service;

2.  WHEREAS, Lofton is the named plaintiff in this Action;

3.  WHEREAS, Lofton alleges: (a) that Collecto, acting as Verizon's agent, recorded debt collection calls that were meant for Verizon customers but that instead reached non-customers, without prior disclosure of recording, in violation of the IPA; (b) that the dialing systems that Collecto used to make the calls use predictive dialers and other automated telephone dialing systems, in violation of the TCPA; and (c) that the alleged violations of the IPA and TCPA give rise to a violation of the UCL;

4.  WHEREAS, Lofton seeks to recover on behalf of himself and two classes of similarly situated persons;

5.  WHEREAS, no class has yet been certified; and

6.  WHEREAS, the Parties have engaged in extensive discovery, including depositions taken by both Verizon and Lofton, and substantial production of documents by Verizon and Collecto, and have had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions;

7.  WHEREAS, on September 21, 2015, the Parties participated in a mediation

1

session with Mediator Antonio Piazza, and ultimately accepted the mediator's proposal for a class action settlement, the terms of which are included in this Settlement Agreement;

8.      WHEREAS, Verizon denies all claims asserted against it in the Action, denies all allegations of wrongdoing and liability and has denied all material allegations of Lofton's complaint, but nevertheless desires to settle all claims that are asserted, or which could have been asserted in the Action, on the terms and conditions set forth herein, solely for the purpose of avoiding the burden, expense and uncertainty of continuing litigation;

9.      WHEREAS, Class Counsel has concluded that a settlement with Verizon on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Classes based upon their investigation and discovery, and taking into account the sharply contested issues involved;

10.     NOW, THEREFORE, the Parties stipulate and agree that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement; for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged; and subject to the approval of the Court, this Action shall be fully settled and dismissed with prejudice under the following terms and conditions:

## ARTICLE II - DEFINITIONS

As used in this Settlement Agreement and its exhibits, the terms set forth below shall have the following meanings.  The singular includes the plural and vice versa.

1.      "Action" means the action styled *John Lofton, an individual, on behalf of himself and on behalf of all others similarly situated, Plaintiff, v. Verizon Wireless (VAW) LLC, and Does 1-100, inclusive, Defendants*, No. 13-cv-05665 (YGR), pending in the U.S. District Court for the Northern District of California.

2.      "CAFA Notice" means the notice intended to comply with the requirements imposed by the Class Action Fairness Act, 28 U.S.C. § 1715(b), as described in Article VI.2.

3.      "Claims Process" means the process under which Settlement Class Members may receive and submit claims for payment from the Common Fund, and such claims will be evaluated and approved for payment, as provided under the Plan of Allocation.

4.      "Class" or "Class Member" means persons who are members of the IPA Class and/or the TCPA Class.  For the avoidance of doubt, some Class Members may be included in both the IPA Class and TCPA Class, and nothing in this Settlement Agreement shall be construed to limit the inclusion of any Class Member in both Classes.

5.      "Class Counsel" means the law firms of Parisi & Havens LLP and Preston Law Offices.

6.      "Class List" means a list of potential Class Members and their addresses, prepared in accordance with the Plan of Allocation.

7.      "Collecto" means Collecto, Inc. dba EOS CCA, a debt collection company that is not a party to the Action but that has participated as a third party.

8.      "Common Fund" means the consideration set forth in Article III.1.

9.      "Court" means the United States District Court for the Northern District of California.

10.     "Direct Notice" means notice of this Settlement as described in Article V.1.b, materially in the form of Exhibit D attached hereto.

11.     "Effective Date" means the date on which the portion of the Court's Final Approval Order addressing the Settlement Agreement is Final.

12.     "Fee Application" means that written motion or application by which Class

3

Counsel requests that the Court award attorneys' fees and expenses.

13.    "Final" means that the portion of the Final Approval Order addressing the Settlement Agreement has been entered on the docket in the Action, and (a) the time to appeal from such order has expired and no appeal of the portion of the Final Approval Order addressing the Settlement Agreement has been timely filed; or, (b) if such an appeal has been filed, it has been resolved finally and has resulted in an affirmation of the portion of the Final Approval Order addressing the Settlement Agreement; or (c) the Court, following the resolution of the appeal, enters a further order or orders approving settlement on the terms set forth herein, and either the time to appeal from such further order or orders has expired and no further appeal has been taken from such order(s) or any such appeal results in affirmation of such order(s).  Neither the pendency of the Fee Application, Incentive Award Application, or Plan of Allocation, nor any appeal pertaining solely to a decision on the Fee Application, Incentive Award Application, or Plan of Allocation, shall in any way delay or preclude the portion of the Final Approval Order addressing the Settlement Agreement from becoming Final.

14.    "Final Approval Hearing" means the hearing scheduled to take place after the entry of the Preliminary Approval Order, at which the Court shall, among other things: (a) determine whether to grant final approval to this Settlement Agreement; (b) consider any timely objections to this Settlement Agreement and all responses thereto; (c) rule on the Fee Application; (d) rule on the Incentive Award Application; and (e) determine whether or not to adopt the Plan of Allocation.

15.    "Final Approval Order" means the order, materially in the form of Exhibit B attached hereto, in which the Court, among other things, grants final approval of this Settlement Agreement and authorizes the entry of a final judgment and dismissal of the Action with

prejudice. The portions of Exhibit B which concern the Plan of Allocation are not material to the Settlement Agreement, and were included in Exhibit B solely for the convenience of the Court.

16.     "IPA" means the California Invasion of Privacy Act, California Penal Code section 630 et seq.

17.     "IPA Released Claims" means any and all actions, causes of action, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of any nature and description whatsoever that relate to the recording of telephone calls made by Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts, and that have been, or could have been, asserted in the Action.  IPA Released Claims include, without limitation, violations of any state or federal statutes, rules or regulations, including but not limited to California Penal Code section 632.7, the UCL, or principles of common law, whether liquidated or unliquidated, known or unknown, in law or in equity, whether or not concealed or hidden.

18.     "IPA Class" or "IPA Class Members" means all California residents who, between September 10, 2010 and the date on which Notice is completed, and while located within the state of California, received on their cellular telephone one or more telephone calls from Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts, where the call was answered by the recipient.  The IPA Class excludes any person which Verizon's records identify as a current or past Verizon subscriber.

19.     "IPA Settlement Class" or "IPA Settlement Class Members" means all IPA Class Members who do not submit a timely and valid Request for Exclusion.

20.     "Incentive Award Application" means that written motion or application by which Class Counsel requests that the Court approve an incentive award to Lofton.

21.     "Lofton" means Plaintiff John Lofton, the plaintiff in this Action.

22.     "Notice" means Direct Notice, Website Notice, Publication Notice, and CAFA Notice.

23.     "Parties" means Verizon and Lofton.

24.     "Pre-Writeoff Debts" means outstanding debts on Verizon accounts that have not yet been written off by Verizon and have not been reported to a credit bureau, as described in the November 24, 2015 Declaration of Craig Battinelli.  In calls to collect Pre-Writeoff Debts, representatives of Collecto, in its capacity as a third-party vendor engaged by Verizon, identified themselves as representatives of Verizon.

25.     "Preliminary Approval Order" means the order, materially in the form of Exhibit A attached hereto, in which the Court, among other things, grants its preliminary approval of this Settlement Agreement and authorizes dissemination of Notice to the Classes. The portions of Exhibit A which concern the Plan of Allocation are not material to the Settlement Agreement, and were included in Exhibit A solely for the convenience of the Court.

26.     "Plan of Allocation" or "Plan" means the plan proposed by Class Counsel for the allocation of the Common Fund between the Settlement Classes and the distribution of the Common Fund to the Settlement Class Members, as well as any modifications made to such plan by the Court (in, e.g., the Preliminary Approval Order, the Final Approval Order, or a separate order).

27.     "Publication Notice" means notice of this Settlement by publication as described in Article V.1.c, materially in the form of Exhibits F and G attached hereto.

28.     "Released Claims" means the IPA Released Claims and TCPA Released Claims.

29.     "Released Parties" means (a) Verizon; (b) Verizon's Counsel; (c) Verizon's past,

present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; (d) Verizon's successors and predecessors and their past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; and (e) for each of the foregoing, each of their past, present, or future officers, directors, shareholders, owners, employees, representatives, agents, principals, partners, members, administrators, legatees, executors, heirs, estates, predecessors, successors, or assigns.  Notwithstanding the foregoing, Collecto, its employees, officers, and directors, and Collecto's successors and predecessors and their past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates are not Released Parties under this Agreement.

30.     "Request for Exclusion" means a valid request for exclusion from this Settlement by a Class Member.

31.     "Settlement Administrator" means the person(s) responsible for implementing certain aspects of the Agreement and Plan of Allocation. The Settlement Administrator shall be identified in the Plan (as may be modified by the Preliminary Approval Order).

32.     "Settlement Agreement," "Settlement," or "Agreement" means this Stipulation and Settlement Agreement, including any attached exhibits.

33.     "Settlement Class" or "Settlement Class Members" means all persons who are members of one or both Classes who do not submit a timely and valid Request for Exclusion.

34.     "TCPA" means the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

35.     "TCPA Released Claims" means any and all actions, causes of action, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of any nature and description whatsoever that relate to the use by Collecto, in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts, of a dialer allegedly prohibited under

the TCPA, and that have been, or could have been, asserted in the Action.  TCPA Released

Claims include, without limitation, violations of any state or federal statutes, rules or regulations,

including but not limited to the TCPA or UCL or principles of common law, whether liquidated

or unliquidated, known or unknown, in law or in equity, whether or not concealed or hidden.

36.     "TCPA Class" or "TCPA Class Members" means all natural persons residing in

the United States who, between June 14, 2008 and the date on which Notice is completed,

received one or more telephone calls to their cellular telephone number from a representative of

Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff

Debts.  The TCPA Class excludes any person which Verizon's records identify as a current or

past Verizon subscriber.

37.     "TCPA Settlement Class" or "TCPA Settlement Class Members" means all TCPA

Class Members who do not submit a timely and valid Request for Exclusion.

38.     "UCL" means the California Unfair Competition Law, California Business and

Professions Code section 17200.

39.     "Verizon" means Verizon Wireless (VAW) LLC.

40.     "Verizon's Counsel" means the law firms of Munger, Tolles & Olson LLP and

Carlson & Messer LLP.

41.     "Website Notice" means notice of this Settlement, materially in the form of

Exhibit E hereto, disseminated via a website as described in Article V.1.a.

### ARTICLE III – COMMON FUND

In consideration of a full, complete, and final settlement of this Action, dismissal of the

Action with prejudice, and the releases below, and subject to the Court's approval, the Parties

agree to the following relief:

1.      <u>Common Fund</u>

The Common Fund shall include 4 million dollars ($4,000,000.00) in cash.  On or before January 8, 2016, Verizon shall transfer $4 million in cash to the Settlement Administrator.  The Settlement Administrator shall deposit the Common Fund into segregated interest-bearing account(s) at one or more FDIC-insured institutions.  The Settlement Administrator shall hold such funds for the benefit of the Settlement Classes, Class Counsel, and Lofton, and shall disburse the funds only in accordance with the orders of the Court, except that the Settlement Administrator may disburse amounts to effectuate the CAFA Notice prior to the entry of the Preliminary Approval Order, if necessary to comply with CAFA.

2.      <u>Amount of Verizon's Monetary Liability</u>

In no event shall Verizon's monetary liability under this Settlement Agreement exceed the amount of the Common Fund as described in Article III.1, above.

### ARTICLE IV – ALLOCATION AND DISTRIBUTION OF THE COMMON FUND

1.      <u>Plan of Allocation</u>

Class Counsel shall propose a Plan of Allocation setting forth (a) a proposed plan for allocating the Common Fund between the Settlement Classes, Class Counsel, and Lofton; (b) a proposed method of distributing the Common Fund to Settlement Class Members, Class Counsel, and Lofton; and (c) a Claims Process.  The Plan of Allocation shall be prepared by Class Counsel and approved by the Court, subject to review and approval by Verizon and its counsel of record, such approval not to be unreasonably withheld.  In addition to the Plan of Allocation, Class Counsel shall prepare and shall submit a proposed claim form to the Court together with the motion for preliminary approval of the proposed Settlement.

2.      Effect on Settlement

The Parties agree that, in the event that the Settlement Agreement and the Plan of Allocation conflict, the Settlement Agreement shall prevail. The Parties agree that the rulings of the Court regarding the Plan of Allocation, and any claim or dispute relating thereto, shall be considered by the Court separately from the approval of the Settlement Agreement, even if the Court's rulings with regard to the Plan of Allocation and the Settlement are embodied in the same order.  Any ruling, determination, order, or proceedings relating to the Plan of Allocation, including any appeals from or modifications or reversals of any order related thereto, shall not operate to modify, reverse, terminate, or cancel the Settlement Agreement, affect the releases provided for in the Settlement Agreement, or affect whether the Settlement Agreement or the portion of the Final Approval Order addressing the Settlement Agreement becomes Final as defined herein.

3.      Distribution of Common Fund

The Common Fund, including any interest thereon, shall be distributed by the Settlement Administrator in accordance with the Plan of Allocation as approved by the Court.

4.      Distributions Before Effective Date

The Settlement Administrator will submit invoices for the costs and fees incurred in administering the Agreement and/or executing any part of the Plan to Class Counsel.   In addition, fifteen (15) days prior to distributing the Common Fund to Settlement Class Members, the Settlement Administrator will submit an invoice detailing a reasonable reserve for the Settlement Administrator's costs and fees for completing the remainder of the Plan of Allocation (including costs and fees incurred in the distribution of the Common Fund to Settlement Class

Members, such as mailing out checks, timely reissuing checks, processing returned mail, etc.).

Class Counsel shall file such invoices with the Court every sixty (60) days after entry of the Preliminary Approval Order until the Final Approval Hearing, and as otherwise specified in the Plan of Allocation.  Such invoices shall be deemed approved by the Court unless, within ten (10) days after such invoice is filed with the Court, (a) the Court objects to such invoice *sua sponte*; or (b) Class Counsel and/or Verizon object to such invoice, and the Court sustains such objection.

The Settlement Administrator may deduct the sums due under any approved invoice from the Common Fund fourteen (14) days after such invoice is filed with the Court. Except for such approved invoices, no portion of the Common Fund shall be distributed prior to the Effective Date (and specifically may not be distributed to the Settlement Classes, Class Counsel, or Lofton).  After the Effective Date, the Common Fund may be distributed to the Settlement Classes, Class Counsel, and Lofton in accordance with the Plan of Allocation as approved by the Court.

In the event that the Settlement does not receive final approval from the Court or does not become Final by reason of a higher court reversing final approval by the Court, Verizon shall not seek to recover from the Settlement Classes, Class Counsel, or Lofton the amounts distributed from the Common Fund prior to that date, and the Settlement Administrator will return to Verizon the entire amount remaining in the account maintained by the Settlement Administrator, as required under Article III.1 of this Agreement, plus interest accrued on that amount while held by the Settlement Administrator.

    5.    Costs Of Administering Settlement

All costs of administering this Settlement, including all costs and fees of the Settlement

Administrator, the costs of Notice, and the costs of generating and mailing any checks to be issued as part of this Settlement, shall be paid for out of the Common Fund.

6.      Attorneys' Fees and Expenses

In connection with the submission of a proposed Plan of Allocation, Class Counsel may make a Fee Application seeking an award of attorneys' fees and expenses to be paid from the Common Fund to be heard at the Final Approval Hearing.  Verizon may only oppose the Fee Application to the extent the Fee Application requests attorneys' fees in an amount greater than 33.75 percent of the Common Fund.  Attorneys' fees and expenses that are approved by the Court for payment out of the Common Fund shall be paid by the Settlement Administrator to Class Counsel out of the Common Fund within ten (10) days of the later of (1) the Effective Date and (2) the date on which the Plan of Allocation becomes Final, as defined in the Plan of Allocation.

7.      Incentive Awards

In connection with the Plan of Allocation, Lofton (or Class Counsel on his behalf) may make an application for an incentive award to be paid out of the Common Fund to be heard at the Final Approval Hearing.  Verizon will not oppose the Incentive Award Application.  Any incentive award to Lofton that is approved by the Court shall be paid by the Settlement Administrator to Lofton out of the Common Fund within ten (10) days of the later of (1) the Effective Date and (2) the date on which the Plan of Allocation becomes Final, as defined in the Plan of Allocation.

## <u>ARTICLE V - NOTICE AND REQUESTS FOR EXCLUSION</u>

1.    <u>Notice Plan</u>

      a.    <u>Website Notice</u>

No later than ten (10) days after the Preliminary Approval Order, the Settlement Administrator will ensure the Website Notice is publicly accessible via the Internet.

      b.    <u>Direct Notice</u>

Class Counsel shall prepare, or cause to be prepared, a Class List consistent with the Plan of Allocation. No later than twenty-five (25) days after the date of entry of the Preliminary Approval Order (but not before ensuring the Website Notice is accessible via the Internet), the Settlement Administrator will mail Direct Notice to the most recent address available for all Class Members on the Class List who received calls from Collecto on or after June 1, 2010, through and including January 31, 2013. Before mailing any Direct Notice, the Settlement Administrator will use a National Change of Address database to identify and update any outdated addresses.

      c.    <u>Publication Notice</u>

As soon as possible after the date of entry of the Preliminary Approval Order, the Settlement Administrator will ensure Publication Notice is given, which shall include delivery of 165,000,000 impressions of online text and banner ads via Facebook over the course of five weeks and one-time publication in *People* magazine of a one-third page notice.

      d.    <u>Declaration Of Compliance</u>

The Settlement Administrator shall prepare a declaration attesting to compliance with the Notice requirements set forth in this Article.  Such declaration shall be provided to Class Counsel and Verizon's Counsel and shall be filed with the Court no later than forty (40) days before the

Final Approval Hearing.

2.　　Best Notice Practicable

The Parties agree, and the Preliminary Approval Order shall state, that compliance with the procedures described in this Article is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Classes of the pendency of the Action, certification of the Classes, the terms of the Settlement Agreement, and the Final Approval Hearing, and shall satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

3.　　Requests for Exclusion

Class Members may only exclude themselves from the Settlement Classes by filing a valid Request for Exclusion.  To be valid, a Request for Exclusion must (a) be submitted by a Class Member; (b) be submitted to the Settlement Administrator and postmarked by a date not later than twenty (20) days before the Final Approval Hearing, or, in the case of a Request for Exclusion submitted online, submitted by a date not later than twenty (20)  days before the Final Approval Hearing; (c) contain the Class Member's name, address and telephone number; and (d) otherwise comply with the instructions set forth in the Notice. Class Members who submit valid Requests for Exclusion will not be entitled to receive any relief under this Settlement Agreement and will be not bound by the Settlement Agreement, including the Releases in Article VII. Conversely, all Class Members who do not submit valid Requests for Exclusion will be included in the Settlement Classes, become Settlement Class Members, and will be bound by this Settlement Agreement on the Effective Date as provided in Article VII.

4.　　Report On Requests For Exclusion

Not later than fifteen (15) days before the Final Approval Hearing, the Settlement

Administrator shall submit to Class Counsel and Verizon a list of Class Members that have submitted timely and valid Requests for Exclusion.

5.    Inquiries From Class Members

It shall be the responsibility of Class Counsel to establish procedures for receiving and responding to inquiries from Class Members with respect to this Settlement.  Neither Verizon nor Verizon's Counsel are required to respond to inquiries from Class Members with respect to this Settlement.

**ARTICLE VI - COURT APPROVAL OF SETTLEMENT**

1.    Preliminary Approval

As soon as practicable after the execution of this Settlement Agreement, Lofton and Class Counsel shall apply for entry of the Preliminary Approval Order materially in the form of Exhibit A hereto.  The Preliminary Approval Order shall include provisions:  (a) preliminarily approving this Settlement and finding this Settlement sufficiently fair, reasonable and adequate to allow Notice to be disseminated to the Classes; (b) approving the form, content, and manner of the Notice; (c) setting a schedule for proceedings with respect to final approval of this Settlement; (d) staying the Action, other than such proceedings as are related to this Settlement; and (e) issuing an injunction against any actions by Class Members to pursue claims released under this Settlement Agreement, pending final approval of the Settlement Agreement.  The portions of Exhibit A concerning the preliminary approval of the Plan of Allocation are not material to the Settlement Agreement, and are included in Exhibit A solely for the convenience of the Court.

2.    CAFA Notice

Within 10 days of the filing of this Settlement Agreement and the motion for preliminary

approval of the Settlement, the Settlement Administrator shall provide CAFA Notice as required under 28 U.S.C. § 1715.  CAFA Notice shall be provided to the Attorney General of the United States and the Attorneys General of each state in which Class Members reside.  CAFA Notice shall be mailed, can be in an electronic or disc format, and shall include to the extent then available and feasible: (1) the complaint, and all amended complaints, in the Action; (2) the motion for preliminary approval of the Settlement, which shall include the proposed Final Approval Hearing date and shall confirm that there are no additional agreements among the Parties not reflected in the Settlement; (3) the proposed forms of Notice; (4) this Settlement Agreement; and (5) a reasonable estimate of the number of Class Members residing in each State and the estimated proportionate share of the claims of such members to the entire Settlement. The Parties agree that this CAFA Notice shall be sufficient to satisfy the terms of 28 U.S.C. § 1715.

3.      Objections To Settlement

Any Settlement Class Member wishing to object to or to oppose the approval of (a) this Settlement Agreement, (b) the Plan of Allocation, (c) the Fee Application, and/or (d) the Incentive Award Application shall file a written objection with the Court and serve it on the Parties at least twenty (20) days before the date of the Final Approval Hearing.

The written objection must include (1) a detailed statement of the reasons for the objection; (2) the objecting Settlement Class Member's name, address, and telephone number; and (3) any other requirements set forth in the Notice.  The objecting Settlement Class Member must also serve on the Parties a separate written statement of the cellular telephone number at which the objecting Settlement Class Member received the calls qualifying him or her as a Settlement Class Member, but such statement need not be filed publicly.  Any Settlement Class

Member that fails to file a timely written objection that meets the requirements of this Article VI.3, or any Class Member who submits a valid Request for Exclusion, shall have waived the right to object and shall have no right to file an appeal relating to the approval of this Settlement.

4.      Motion for Final Approval and Response to Objections

Lofton and Class Counsel will file with the Court their motion for final settlement approval on a date that is no later than forty (40) days before the date of the Final Approval Hearing.  Lofton and Class Counsel will file with the Court a reply brief in support of final settlement approval that, e.g., responds to any objections no later than ten (10) days before the date of the Final Approval Hearing.

5.      Final Approval Hearing

The Parties shall request that the Court, on the date set forth in the Preliminary Approval Order or on such other date that the Court may set (but not earlier than one hundred and five (105) days from the date of entry of the Preliminary Approval Order), conduct a Final Approval Hearing to: (a) determine whether to grant final approval to this Settlement Agreement; (b) consider any timely objections to this Settlement and the Parties' responses to such objections; (c) rule on the Fee Application; (d) rule on the Incentive Award Application; and (e) determine whether or not to adopt the Plan of Allocation.  At the Final Approval Hearing, Lofton, acting through Class Counsel, shall ask the Court to give final approval to this Settlement Agreement. If the Court grants final approval to this Settlement Agreement, then Lofton, acting through Class Counsel, shall ask the Court to enter a Final Approval Order, materially in the form of Exhibit B attached hereto, which approves this Settlement Agreement, authorizes entry of a final judgment, and dismisses the Action with prejudice.  The portions of Exhibit B concerning the final approval of the Plan of Allocation are not material to the Settlement Agreement, and were

included in Exhibit B solely for the convenience of the Court.

6.  <u>Disapproval, Cancellation, Termination, Or Nullification Of Settlement</u>

a.  Each Party shall have the right to terminate this Settlement Agreement if either (i) the Court declines to grant the preliminary approval or the final approval to this Settlement Agreement without material modification of the Settlement Agreement; or (ii) the Settlement Agreement does not become Final by reason of a higher court reversing final approval by the Court, and the Court thereafter declines to enter a further order or orders approving settlement on the terms set forth herein.  If a Party elects to terminate this Agreement under this paragraph, that Party must provide written notice to the other Parties' counsel and the Court within thirty (30) days of the occurrence of the condition permitting termination.

b.  Verizon shall have the right to terminate this Settlement Agreement if the number of timely and valid Requests for Exclusion is more than 7.5% of the number of Class Members receiving Direct Notice.  If Verizon elects to terminate this Agreement under this paragraph, Verizon must provide written notice to Class Counsel and the Court no later than ten (10) days prior to the date of the Final Approval Hearing.

c.  If this Settlement Agreement is terminated under Article VI.6, then: (i) this Settlement Agreement shall be rendered null and void; (ii) this Settlement Agreement and all negotiations and proceedings relating hereto shall be of no force or effect, and without prejudice to the rights of the Parties; (iii) all Parties shall be deemed to have reverted to their respective status in the Action as of the date and time immediately preceding the execution of this Settlement Agreement; and (iv) except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or filed.  Upon termination of this

Settlement Agreement, the Parties shall not seek to recover from one another any costs incurred in connection with this Settlement including, but not limited to, any amounts paid out of the Common Fund for Notice and amounts paid or due to the Settlement Administrator for its settlement administration services.

## ARTICLE VII - RELEASES UPON EFFECTIVE DATE

1.      <u>Binding and Exclusive Nature of Settlement Agreement</u>

On the Effective Date, the Parties and each and every IPA Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse exclusively to the benefits, rights, and remedies provided hereunder.  No other action, demand, suit, or other claim may be pursued by the IPA Settlement Class Members against the Released Parties with respect to the IPA Released Claims.

Also on the Effective Date, the Parties and each and every TCPA Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse exclusively to the benefits, rights, and remedies provided hereunder.  No other action, demand, suit, or other claim may be pursued by the TCPA Settlement Class Members against the Released Parties with respect to the TCPA Released Claims.

2.      <u>Releases</u>

On the Effective Date, the IPA Settlement Class Members shall be deemed to have, and by operation of this Agreement shall have, fully, finally and forever released, relinquished and discharged the Released Parties from any and all of the IPA Released Claims.

Also on the Effective Date, the TCPA Settlement Class Members shall be deemed to have, and by operation of this Agreement shall have, fully, finally and forever released, relinquished and discharged the Released Parties from any and all of the TCPA Released Claims.

19

For the avoidance of doubt, any Settlement Class Member who is a member of both the IPA Settlement Class and the TCPA Settlement Class shall, on the Effective Date, be bound by the releases applicable to both the IPA Settlement Class and the TCPA Settlement Class, as provided in this Article VII.2.

3.    Waiver of Unknown Claims

On the Effective Date, the IPA Settlement Class Members and TCPA Settlement Class Members shall be deemed to have, and by operation of this Agreement shall have, with respect to the subject matter of the IPA Released Claims and the TCPA Released Claims, respectively, expressly waived the benefits of any statutory provisions or common law rule that provides, in substance, that a general release does not extend to claims which the party does not know or suspect to exist in its favor at the time of executing the release, which if known by it, would have materially affected its settlement with any other party.  In particular, but without limitation, the Settlement Class Members waive the provisions of California Civil Code § 1542 (or any like or similar statute or common law doctrine), and do so understanding the significance of that waiver. Section 1542 provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

4.    Verizon's Release

On the Effective Date, Verizon shall fully, finally and forever release, relinquish and discharge Lofton and Class Counsel all any and all actions, causes of action, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of any nature and description whatsoever that relate to the Action. With respect to this Article VII.4, Verizon shall

expressly waive the benefits of any statutory provisions or common law rule that provides, in

substance, that a general release does not extend to claims which the party does not know or

suspect to exist in its favor at the time of executing the release, which if known by it, would have

materially affected its settlement with any other party.  In particular, but without limitation,

Verizon shall waive the provisions of California Civil Code § 1542 (or any like or similar statute

or common law doctrine), and do so understanding the significance of that waiver.  Section 1542

provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
> THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
> HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
> WITH THE DEBTOR.**

5.      Assumption of Risk

In entering into this Settlement Agreement, each of the Parties assumes the risk of any

mistake of fact or law.  If either Party should later discover that any fact which the Party relied

upon in entering into this Agreement is not true, or that the Party's understanding of the facts or

law was incorrect, the Party shall not be entitled to modify, reform, or set aside this Settlement

Agreement, in whole or in part, by reason thereof.

## ARTICLE VIII - LIMITATIONS ON USE OF SETTLEMENT AGREEMENT

1.      No Admission

Neither the acceptance by Verizon of the terms of this Settlement Agreement nor any of

the related negotiations or proceedings constitutes an admission with respect to the merits of the

claims alleged in this Action, the validity of any claims that could have been asserted by any of

the Class Members in the Action, or the liability of Verizon in the Action.  Verizon is not

estopped from challenging class certification in further proceedings in the Action or in any other

action if the Settlement is not finally approved.  Verizon specifically denies any liability or wrongdoing of any kind associated with the claims alleged in the Action.

2.      <u>Limitations on Use</u>

This Agreement shall not be used, offered, or received into evidence in the Action, or in any other action or proceeding, for any purpose other than to enforce, to construe, or to finalize the terms of the Settlement Agreement and/or to obtain the preliminary and final approval by the Court of the terms of the Settlement Agreement.

## <u>ARTICLE IX – MISCELLANEOUS PROVISIONS</u>

1.      <u>Cooperation</u>

The Parties acknowledge that it is their intent to consummate this Agreement and agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to obtain preliminary and final approval from the Court.

2.      <u>No Assignment</u>

Each Party represents, covenants, and warrants that he or it has not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any liability, claim, demand, cause of action, or rights that he or it herein releases.

3.      <u>Binding On Assigns</u>

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, successors, and assigns.

4.      <u>Captions</u>

Titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any

provision hereof.

5.      Class Member Signatures

It is agreed that, because the Settlement Class Members are so numerous, it is impractical to have each Settlement Class Member execute this Agreement.  The Notice will advise all Settlement Class Members of the binding nature of the Releases and of the remainder of this Agreement, and in the absence of a valid and timely Request for Exclusion, such Notice shall have the same force and effect as if each Settlement Class Member executed this Agreement.

6.      Construction

The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party, or his or its counsel, participated in the drafting of this Agreement.

7.      Counterparts

This Agreement and any amendments hereto may be executed in one or more counterparts, and either Party may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and both of which counterparts taken together shall constitute one and the same instrument.  A facsimile or PDF signature shall be deemed an original for all purposes.

8.      Governing Law

Construction and interpretation of this Settlement Agreement shall be determined in accordance with the laws of the State of California, without regard to the choice-of-law principles thereof.

9.      <u>Integration Clause</u>

This Agreement, including the Exhibits referred to herein, which form an integral part hereof, contains the entire understanding of the Parties with respect to the subject matter contained herein.  There are no promises, representations, warranties, covenants, or undertakings governing the subject matter of this Agreement other than those expressly set forth in this Agreement.  This Agreement supersedes all prior agreements and understandings among the Parties with respect to the settlement of the Action.  This Agreement may not be changed, altered or modified, except in a writing signed by the Parties; if any such change, alteration or modification of the Agreement is material, it must also be approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

10.     <u>Jurisdiction</u>

The Court shall retain jurisdiction, after entry of the Final Approval Order, with respect to enforcement of the terms of this Settlement, and all Parties and Settlement Class Members submit to the exclusive jurisdiction of the Court with respect to the enforcement of this Settlement and any dispute with respect thereto.

11.     <u>No Collateral Attack</u>

This Agreement shall not be subject to collateral attack by any Settlement Class Member at any time on or after the Effective Date.  Such prohibited collateral attacks shall include, but shall not be limited to, claims that a Settlement Class Member's claim was improperly denied, that the payment to a Settlement Class Member was improperly calculated, and/or that a Settlement Class Member failed to receive timely notice of the Settlement Agreement.

12.     <u>Parties' Authority</u>

The signatories hereto represent that they are fully authorized to enter into this

Agreement and bind the Parties to the terms and conditions hereof.

13.     <u>Receipt Of Advice Of Counsel</u>

The Parties acknowledge, agree, and specifically warrant to each other that they have

read this Settlement Agreement, have received legal advice with respect to the advisability of

entering into this Settlement, and fully understand its legal effect.

14.     <u>Waiver Of Compliance</u>

Any failure of any Party to comply with any obligation, covenant, agreement, or

condition herein may be expressly waived in writing, to the extent permitted under applicable

law, by the Party or Parties entitled to the benefit of such obligation, covenant, agreement, or

condition.  A waiver or failure to insist upon compliance with any representation, warranty,

covenant, agreement, or condition shall not operate as a waiver of, or estoppel with respect to,

any subsequent or other failure.

15.     <u>Terms and Conditions Not Superseded</u>

Nothing in this Settlement Agreement abrogates, supersedes, modifies, or qualifies in any

way any of the contractual terms and conditions applicable in the ordinary course to the

relationship between Verizon and its customers, or to the services provided by Verizon and

purchased by its customers.

16.     <u>Calculation of Time</u>

Federal Rule 6(a) applies to the calculation of any deadline or time period in this

Agreement.  In particular, where the last day of any such time period, is a Saturday, Sunday, or

legal holiday, the period continues to run until the end of the next day that is not a Saturday,

Sunday, or legal holiday. However, for the avoidance of doubt, Rule 6(d) does not apply to the deadlines for timely objections or Requests for Exclusion.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the date first written above.

_____

JOHN LOFTON

_____

VERIZON WIRELESS (VAW) LLC

By: _____

Its: _____

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the date first written above.

_____
JOHN LOFTON

VERIZON WIRELESS (VAW) LLC

By: _____
         Steven Tugentman

Its: _____
         SVP & General Counsel

**EXHIBIT LIST**

| Exhibit Number | Document Title |
|---|---|
| A | Preliminary Approval Order |
| B | Final Approval Order |
| C | Judgment |
| D | Direct Notice |
| E | Website Notice |
| F | Publication Notice via *People* magazine |
| G | Publication Notice via Facebook |

# Exhibit A

1
2
3
4
5
6
7
8
9
10
11

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12
13  JOHN LOFTON, an individual, on his own
    behalf and on behalf of all others similarly
14  situated,

15                          Plaintiff,

16          v.

17  VERIZON WIRELESS (VAW) LLC, and
    DOES 1-100, inclusive,
18
                            Defendants.
19

No. C 13-05665 YGR

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF (1)
SETTLEMENT AGREEMENT; AND (2)
PLAN OF ALLOCATION**

Date:        January 26, 2016
Time:        2:00 p.m.
Location:    Courtroom 1
             Ronald V. Dellums Federal Bldg.
             1301 Clay Street
             Oakland, California 94612

20
21
22
23
24
25
26
27
28

No. C 13-05665 YGR

Plaintiff John Lofton's ("Lofton") unopposed Motion for Preliminary Approval of Class Action Settlement was heard by this Court on [_____], before the Honorable Yvonne Gonzalez Rogers.  All Parties appeared through their counsel of record.  Defendant Verizon Wireless (VAW) LLC ("Verizon") does not oppose the Motion.  The first portion (Section I) of this Preliminary Approval Order applies to the Parties' proposed Stipulation and Settlement Agreement ("Settlement Agreement").  The following portion (Section II) of this Preliminary Approval Order applies exclusively to Lofton's proposed Plan of Allocation ("Plan").

Based on the Motion and supporting Memorandum of Points and Authorities and the declarations in support thereof, the Settlement Agreement, Plaintiff's Plan, and the arguments of counsel at the hearing on the Motion, and with good cause appearing, the Court rules as follows:

## I.      PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.      The capitalized terms used in this Section I of this Preliminary Approval Order have the same meaning as defined in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Class Members.

3.      Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the form and content of the Parties' Stipulation and Settlement Agreement, and determines that it falls within the range of possible final approval and merits submission to the Class Members for their consideration, and therefore preliminarily approves the Settlement as fair, reasonable and adequate to the Classes.

4.      For settlement purposes only, the Court certifies the Classes, which are defined as follows:

a.      "IPA Class" or "IPA Class Members" means all California residents who, between September 10, 2010 and the date on which Notice is completed, and while located within the state of California, received on their cellular telephone one or more telephone calls from Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts, where the call was answered by the recipient.  The IPA Class excludes any person which Verizon's records identify as a current or past Verizon subscriber.

b. "TCPA Class" means all natural persons residing in the United States who, between June 14, 2008 and the date on which Notice is completed, received one or more telephone calls to their cellular telephone number from a representative of Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts. The TCPA Class excludes any person which Verizon's records identify as a current or past Verizon subscriber.

5.    The Court preliminarily finds that: (a) the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure appear to be satisfied for Lofton and the Classes; (b) in accordance with Federal Rule of Civil Procedure 23(b), common issues of fact and law appear to predominate; and (c) also in accordance with Rule 23(b), certification of the Classes is superior to any other available methods of adjudication.

6.    The Court appoints the law firms of Parisi & Havens LLP and Preston Law Offices as Class Counsel and appoints Lofton as class representative.  The Court preliminarily finds that Lofton and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Federal Rule of Civil Procedure 23.

7.    A Final Approval Hearing shall be held before this Court at [_____] on [**May 24, 2016**], to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate so that the Final Approval Order and Judgment should be entered; (b) whether Class Counsel's Fee Application should be granted; (c) whether Lofton's Incentive Award Application should be granted; and (d) whether the Plan of Allocation submitted by Class Counsel should be finally approved.  Consideration of the Fee Application, Incentive Award Application, and Plan of Allocation shall be separate from consideration of whether the proposed Settlement should be approved, and any combination of the Court's rulings on each motion or application shall be solely for the convenience of the Court.

8.    Lofton and Class Counsel shall file their motion for final approval of the Settlement Agreement [on or before _____] [**40 days before the Final Approval Hearing**].

9.      Pursuant to the All Writs Act, 28 U.S.C. § 1651(a) and consistent with the Anti-Injunction Act, 28 U.S.C. § 2283, the Court shall exercise exclusive and continuing jurisdiction over the Action, as well as any claim or cause of action between the Parties, their respective Counsel, and/or the Claims Administrator which relates to the Action, the Settlement, or the Plan and/or their negotiation or implementation.  With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement Agreement and the Plan, all proceedings are stayed in this Action and all Class Members are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims released under the Settlement Agreement, unless and until the Class Member timely files a valid Request for Exclusion as defined in the Settlement Agreement.  The Court finds this relief is necessary in aid of the Court's jurisdiction and to protect or effectuate the Court's judgments (including the Final Approval Order).  However, for the avoidance of any doubt, and notwithstanding this paragraph, the Court does not stay or exercise any jurisdiction over any claims alleged in (or which may be asserted in) the multidistrict litigation proceeding pending before the United States Court for the District of Massachusetts under the caption *In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation*, No. MDL 14-md-2513-RGS ("*In re Collecto*"), and the stay does not apply to any parties excluded from the term Released Parties in the Settlement Agreement.

10.      The Court appoints **A.B. Data, Ltd.** as the Settlement Administrator in this Action.  In accordance with the Parties' Settlement Agreement and the Orders of this Court, the Settlement Administrator shall effectuate the provision of Notice to the Settlement Classes, including CAFA Notice, and shall administer the Settlement claims and distribution process.

11.      The Court approves, as to form and content, Notice substantially in the forms attached as Exhibits D through G to the Settlement Agreement.

a.      Within 10 days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator will ensure that the Website Notice is publicly accessible via the Internet.

b.      Within 25 days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator will mail Direct Notice to the most recent address available for all Class Members on the Class List who received calls from Collecto on or after June 1, 2010, through and including January 31, 2013.  Before mailing any Direct Notice, the Settlement Administrator will use a National Change of Address database to identify and update any outdated addresses.  Direct Notice shall be substantially in the form attached to the Settlement Agreement as Exhibit D.

c.      As soon as possible after entry of this Preliminary Approval Order, the Settlement Administrator will ensure Publication Notice is given, which shall include delivery of 165,000,000 impressions of online text and banner ads via Facebook over the course of five weeks and one-time publication in *People* magazine of a one-third page notice..  Such notice shall be substantially in the form attached to the Settlement Agreement as Exhibit E.

d.      Not later than 65 days following the entry of this Preliminary Approval Order, the Settlement Administrator shall file with the Court declarations attesting to compliance with this paragraph 11.

12.     The Court finds that the Parties' plan for providing Notice to the Classes as described in Article V of the Settlement Agreement: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Classes of the pendency of the Action, the proposed certification of the Classes, the terms of the Settlement Agreement, and the Final Approval Hearing; and (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

13.     The Court further finds that the Parties' plan for providing Notice to the Classes, as described in Article V of the Settlement Agreement, will adequately inform members of the Classes of their right to exclude themselves from the Classes so as not to be bound by the Settlement Agreement.  Any member of the Classes who desires to be excluded from the Classes, and therefore not bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions set forth in the Notice, a timely and valid written Request for Exclusion, submitted online or postmarked by **[_____] [20 days**

**before the Final Approval Hearing].** To be valid, a Request for Exclusion must (a) be submitted by a Settlement Class Member; (b) be submitted to the Settlement Administrator and postmarked by a date not later than 20 days before the Final Approval Hearing, or, in the case of a Request for Exclusion submitted online, submitted by a date not later than 20 days before the Final Approval Hearing; (c) contain the Settlement Class Member's name, address and telephone number; and (d) otherwise comply with the instructions set forth in the Notice. Not later than **[_____] [15 days before the Final Approval Hearing],** the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file it with the Court, and to Verizon's Counsel, a report stating the total number of persons that have submitted timely and valid Requests for Exclusion.

14. Any member of the Classes who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

15. Any Settlement Class Member who does not submit a valid and timely Request for Exclusion may object to the Settlement Agreement, Class Counsel's Fee Application, the Incentive Award Application, and/or the Plan of Allocation. Any Settlement Class Member who wishes to object must file with the Court and serve on all counsel listed in paragraph 17 below, no later than **[_____] [20 days before the Final Approval Hearing]**, a written objection, which must include (1) a detailed statement of the reasons for the objection; (2) the objecting Settlement Class Member's name, address, and telephone number; and (3) any other requirements set forth in the Notice. The objecting Settlement Class Member must also serve on the Parties a separate written statement of the cellular telephone number at which the objecting Settlement Class Member received the calls qualifying him or her as a Settlement Class Member, but such statement need not be filed publicly. Any objecting Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member who intends to appear at the Final Approval Hearing either in person or through counsel

must file with the Court and serve on all counsel listed in paragraph 17 below, no later than **[_____]** **[20 days before the Final Approval Hearing]**, a written notice of intention to appear.  Failure to file a notice of intention to appear will result in the Court declining to hear the objecting Settlement Class Member or the Settlement Class Member's counsel at the Final Approval Hearing.

16.    Class Counsel shall file a supplemental brief in support of final settlement approval that responds to any objections on **[_____]** **[10 days before the Final Approval Hearing]**.

17.    Service of all papers on counsel for the Parties shall be made as follows:  for Class Counsel, to: Ethan Preston, Preston Law Offices, 4054 McKinney Avenue, Suite 310, Dallas, Texas 75204; for Verizon's Counsel, to Jonathan Blavin, Esq. and Ellen Richmond, Esq., Munger Tolles & Olson LLP, 560 Mission St., 27th Floor, San Francisco, California 94105.

18.    Any Settlement Class Member who does not make an objection in the time and manner provided shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to, or appealing, the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees and expenses and incentive awards, the Plan of Allocation, the Final Approval Order, and the Judgment.

19.    In the event that the proposed Settlement is not approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all Orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy.  In such event, the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

20.    The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class Members.  The Final Approval Hearing may, from time to time and without further notice to the Class Members, be continued by order of the Court.

21.     Verizon shall provide to the Settlement Administrator customer information necessary to implement the terms of the Settlement Agreement notwithstanding any limitations on use, or prohibitions on disclosure, which might otherwise apply to such information under 47 U.S.C. § 222, California Public Utilities Code § 2891, or any other applicable law.  Verizon shall provide Class Counsel and the Settlement Administrator with information, to the extent available, regarding the account history of any person that files an objection or a claim, as needed to evaluate or respond to the objection or the claim.  Nothing herein constitutes a ruling by the Court that any information provided by Verizon to the Settlement Administrator or to Class Counsel is restricted by 47 U.S.C. § 222, California Public Utilities Code § 2891, or any other law; instead, this paragraph represents a determination that even if so restricted, disclosure as set forth herein is appropriate and consistent with the letter and the spirit of such provisions.

22.     All information received pursuant to the preceding paragraph shall be kept confidential and used solely for the purpose of implementing the Settlement Agreement.  Such information shall not be disclosed or used for any other purpose without the consent of the providing party or pursuant to an order of the Court.

23.     Federal Rule 6(a) applies to the calculation of any deadline or time period set forth above.  In particular, where the last day of any such time period, is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.  However, Rule 6(d) shall not extend or apply to any time period set forth above.

## II.     PRELIMINARY APPROVAL OF PLAN OF ALLOCATION

24.     The capitalized terms used in this Section II of this Preliminary Approval Order have the same meaning as defined in the Plan, or in the Settlement Agreement.

25.     The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Class Members.

26.     Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the form and content of Lofton's Plan of Allocation, and determines that it falls within the range of possible final approval and merits submission to

the Class Members for their consideration, and therefore preliminarily approves the Plan as fair, reasonable and adequate to the Classes.

27.     The Court approves and appoints A.B. Data, Ltd., at 600 A.B. Data Drive, Milwaukee, Wisconsin 53217, as the Settlement Administrator.

28.     The Settlement Administrator shall perform (to the extent it has not already done so) the identification of Class Members and the calculation of Shares as set forth in Section 2, 2.1, 2.2, and 2.3 of the Plan. The Settlement Administrator shall perform (to the extent it has not already done so) the preparation of the Class List as set forth in Section 2.4 of the Plan.

29.     Class Counsel and the Settlement Administrator shall prepare and distribute the Claims Form as set forth in Section 3.1 of the Plan. Class Counsel and the Settlement Administrator shall review and approve (or disapprove) Claims Forms (and any supplemental documentation or evidence) submitted to the Settlement Administrator as set forth in Section 3.1.

30.     The Final Approval Hearing referenced in Section I, paragraph 7, above, shall address whether the Plan of Allocation submitted by Class Counsel should be finally approved.

**IT IS SO ORDERED.**


Dated: _____          _____
                                        Honorable Yvonne Gonzales Rogers
                                        United States District Judge

# Exhibit B

1

2

3

4

5

6

7

8

9

10

11        **IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13    JOHN LOFTON, an individual, on his own          No. C 13-05665 YGR
behalf and on behalf of all others similarly

14    situated,
**[PROPOSED] ORDER GRANTING FINAL**

15            Plaintiff,                              **APPROVAL OF (1) SETTLEMENT**
**AGREEMENT; AND (2) PLAN OF**

16        v.                                          **ALLOCATION**

17    VERIZON WIRELESS (VAW) LLC, and
DOES 1-100, inclusive,

18
Defendants.

19

20

21

22

23

24

25

26

27

28

Plaintiff John Lofton's ("Lofton") Motion for Final Approval of Class Action Settlement was heard by this Court at the Final Approval Hearing on [_____], before the Honorable Yvonne Gonzalez Rogers.  All Parties appeared through their counsel of record.  Defendant Verizon Wireless (VAW) LLC ("Verizon") does not oppose the Motion.  The first portion (Section I) of this Final Approval Order applies to the Parties' proposed Stipulation and Settlement Agreement ("Settlement Agreement").  The following portion (Section II) of this Final Approval Order applies exclusively to Lofton's proposed Plan of Allocation ("Plan").

Based on the Motion and supporting Memorandum of Points and Authorities and the declarations in support thereof, the Parties' Stipulation and Settlement Agreement ("Settlement Agreement"), and the arguments of counsel at the hearing on the Motion, and with good cause appearing, the Court rules as follows:

**I.    FINAL APPROVAL OF SETTLEMENT AGREEMENT**

1.    The capitalized terms used in this Section I of this Final Approval Order have the same meaning as defined in the Settlement Agreement.

2.    The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Class Members.

3.    Pursuant to the Settlement Agreement, Class Members have been provided with Direct Notice, Publication Notice, and Website Notice informing them of the terms of the proposed Settlement and of the Final Approval Hearing.

4.    Prior to the Final Approval Hearing, proof of completion of Notice, including CAFA Notice as required under 28 U.S.C. § 1715, was filed with the Court, along with declarations of compliance as prescribed in the Preliminary Approval Order.  Class Members were adequately notified of their right to appear at the hearing in support of or in opposition to the proposed Settlement, Class Counsel's Fee Application, Lofton's Incentive Award Application, and the Plan of Allocation.

5.    The Court finds that the Notice was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law.

6.      The Court finds that CAFA Notice, as described in Article VI.2 of the Settlement Agreement, and as effectuated as described in the declarations filed with this Court, satisfies the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, and any other applicable law.

7.      For settlement purposes only, the Court finds that: (a) the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied for the Settlement Classes; (b) in accordance with Federal Rule of Civil Procedure 23(b), common issues of fact and law predominate; and (c) also in accordance with Rule 23(b), certification of the Settlement Classes is superior to any other available methods of adjudication.

8.      The Settlement Classes which are bound by this Final Approval Order include all Class Members who did not submit a valid Request for Exclusion.  The Class Members who submitted valid Requests for Exclusion are listed on Exhibit A hereto.

9.      For purposes of the Settlement and this Final Approval Order, the Settlement Classes shall consist of the IPA Settlement Class and TCPA Settlement Class, defined as follows:

a.      "IPA Settlement Class" or "IPA Settlement Class Members" means all California residents who, between September 10, 2010 and the date on which Notice is completed, and while located within the state of California, received on their cellular telephone one or more telephone calls from Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts, where the call was answered by the recipient.  The IPA Settlement Class excludes any person which Verizon's records identify as a current or past Verizon subscriber and any IPA Class Member who submitted a timely and valid Request for Exclusion.

b.      "TCPA Settlement Class" or "TCPA Settlement Class Members" means all natural persons residing in the United States who, between June 14, 2008 and the date on which Notice is completed, received one or more telephone calls to their cellular telephone number from a representative of Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts.  The TCPA Settlement Class excludes any person which

Verizon's records identify as a current or past Verizon subscriber and any TCPA Class Member who submitted a timely and valid Request for Exclusion.

10.     The Settlement, as set forth in the Settlement Agreement, is fair, reasonable, and adequate and in the best interests of the Settlement Classes, and it is approved.  The Parties must effectuate the Settlement Agreement according to its terms.  The Settlement Agreement and every term and provision thereof are deemed incorporated in this Order and have the full force of an order of this Court.

11.     This Court has considered and hereby overrules any and all objections to the Settlement on their merits. The Court may provide its reasoning for such ruling in a separate opinion or order. To the extent that a Settlement Class Member objects to the Agreement based solely on the amount purportedly due under the relevant claims form, and Class Counsel accepts such Class Member's proffered claims form, such Settlement Class Member's objection is moot and on that basis is denied.

12.     David C. Parisi of Parisi & Havens LLP and Ethan Preston of Preston Law Offices are confirmed as Class Counsel. Plaintiff John Lofton is confirmed as class representative.

13.     Upon the Effective Date, all Settlement Class Members have, by operation of this Order, fully, finally and forever released, relinquished, and discharged all Released Parties from any and all of the Released Claims pursuant to Article VII of the Settlement Agreement.

14.     IPA Settlement Class Members, and the successors, assigns, parents, subsidiaries, affiliates or agents of any of them, are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any IPA Released Claim against any of the Released Parties.

15.     TCPA Settlement Class Members, and the successors, assigns, parents, subsidiaries, affiliates or agents of any of them, are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any TCPA Released Claim against any of the Released Parties.

16.     This Final Approval Order, the Settlement Agreement, the Settlement that it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and must not be construed as, or used as, an admission by or against Released Parties of any fault, wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages.

17.     The above-captioned Action is dismissed in its entirety with prejudice. Except as otherwise provided in the orders separately entered by this Court on the Fee Application, Incentive Award Application, and Plan of Allocation, the Parties will bear their own expenses and attorneys' fees.

18.     Without affecting the finality of this Order and the accompanying Judgment, the Court reserves exclusive and continuing jurisdiction over the Action, and any dispute or claim arising from the implementation of the Settlement and/or the Plan, including enforcement and administration of the Settlement Agreement, including any releases in connection therewith, and any other matters related or ancillary to the foregoing.  The Court finds this relief is necessary in aid of the Court's jurisdiction and to protect or effectuate the Court's judgments (including the Final Approval Order).  However, for the avoidance of any doubt, and notwithstanding this paragraph, the Court does not stay or exercise any jurisdiction over any claims alleged in (or which may be asserted in) the multidistrict litigation proceeding pending before the United States Court for the District of Massachusetts under the caption *In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation*, No. MDL 14-md-2513-RGS ("*In re Collecto*").

## II.     FINAL APPROVAL OF PLAN OF ALLOCATION

19.     The capitalized terms used in this Section II of this Preliminary Approval Order have the same meaning as defined in the Plan, or in the Settlement Agreement.

20.     The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Class Members.

21.     The Plan of Allocation is fair, reasonable, and adequate and in the best interests of the Classes, and it is approved.  The Parties must effectuate the Plan of Allocation according to its terms.  The Plan of Allocation and every term and provision thereof are deemed incorporated into this Order and have the full force of an order of this Court.

22.     Five days after attorneys' fees, costs, expenses, and an incentive award are paid to Class Counsel and Lofton from the Common Fund, the Settlement Administrator will submit an invoice to Class Counsel detailing a reasonable reserve for the Settlement Administrator's costs and fees for completing the remainder of the Plan (including costs and fees incurred in the distribution of Compensation, such as mailing out checks containing Compensation, timely reissuing checks, processing returned mail, etc.). Class Counsel shall file such invoice with the Court five days after the Settlement Administrator submits the invoice to Class Counsel. Such invoice shall be deemed approved by the Court unless, within ten (10) days after such invoice is filed with the Court, (a) the Court objects to such invoice *sua sponte*; or (b) Class Counsel and/or Verizon object to such invoice, and the Court sustains such objection. The Settlement Administrator may deduct the sums due under any approved invoice from the Common Fund fourteen (14) days after such invoice is filed with the Court.

23.     Within twenty (20) days after Class Counsel's attorneys' fees, costs, and expenses, and Lofton's incentive award are deducted from the Common Fund, and the Settlement Administrator's reserve has been approved, the Settlement Administrator shall calculate Class Members' Compensation under Section 5 of the Plan and mail checks containing the Settlement Members' Compensation to the Settlement Class Members' last known address, accounting for any updated information in Claims Forms.

24.     Notwithstanding the foregoing paragraph, however, if the Settlement Administrator calculates that no Settlement Class Member shall be paid any Compensation under Section 5, then all Compensation shall be paid to the Cy Pres Recipient under Section 4.

25.     Checks containing Compensation shall bear the date on which they are issued, and shall become invalid 180 days after such date of issuance. Once a check containing Compensation becomes invalid, no checks will be reissued and no Compensation will be paid to the recipient Settlement Class Member. The Settlement Administrator shall ensure that checks containing Compensation will state on their face that the recipient Settlement Class Member has 180 days from the date of issue to deposit the check, and that after that time no checks will be reissued, and no further Compensation will be paid to the Settlement Class Member.

26.     Ten (10) days after the last day the last check containing Compensation becomes invalid (i.e., one hundred and eighty (180) days after the last check containing Compensation is issued) or the day the Settlement Administrator calculates no Compensation will be paid to any Settlement Class Member under Section 5 of the Plan, the Settlement Administrator shall pay to the Cy Pres Recipient all money remaining in the Common Fund, as well as any unused portions of the Settlement Administrator's reserve under Section 6.

27.     The Court approves and appoints Consumer Action, 1170 Market Street, Suite 500, San Francisco, California 94102 as the Cy Pres Recipient.

**IT IS SO ORDERED.**

Dated: _____          _____

Honorable Yvonne Gonzales Rogers
United States District Judge

**Exhibit C**

1
2
3
4
5
6
7
8
9
10
11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12
13
14
15
16
17
18
19

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>           v.<br><br>VERIZON WIRELESS (VAW) LLC, and DOES 1-100, inclusive,<br><br>           Defendants. | No. C 13-05665 YGR<br><br>**[PROPOSED] FINAL JUDGMENT** |

20
21
22
23
24
25
26
27
28

The Court having entered, on [_____], a Final Approval Order approving the Settlement between Plaintiff John Lofton, individually and in his representative capacity, and Defendant Verizon Wireless (VAW) LLC ("Verizon," and, collectively with Plaintiff, the "Parties"), it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Judgment is hereby entered in this case in accordance with the Court's [_____] Final Approval Order as to all claims against Verizon in this Action.

2. The above-captioned Action is dismissed in its entirety with prejudice.

3. The Parties shall take all actions required of them by the Final Approval Order and the Settlement Agreement.

4. Except as otherwise provided herein and in the orders awarding attorneys' fees and expenses to Class Counsel, granting incentive awards to Plaintiff, and approving the Plan of Allocation, the parties will bear their own attorneys' fees, costs and expenses.

5. Without affecting the finality of the judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement, including any releases in connection therewith, and any other matters related or ancillary to the foregoing.

6. This document constitutes a final judgment pursuant to Federal Rule of Civil Procedure 54 and a separate document for purposes of Federal Rule of Civil Procedure 58(a).

**IT IS SO ORDERED.**


Dated: _____          _____
                                          Honorable Yvonne Gonzales Rogers
                                          United States District Judge

# Exhibit D

**COURT-ORDERED LEGAL NOTICE.**
THE COURT AUTHORIZED THIS NOTICE. IT IS NOT A
COLLECTION LETTER OR A SOLICITATION FROM A LAWYER.

This is notice of a proposed Settlement in a class action lawsuit brought by John Lofton on behalf of individuals who received telephone calls on their cellular telephone from a debt collector, Collecto, Inc., while Collecto was collecting debts for Verizon that Verizon had not yet written off, and who are not current or past Verizon subscribers.

- Lofton alleges that Defendant Verizon violated the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227) when Collecto called cell phones with an "autodialer" without authorization. The Settlement's TCPA Class would cover certain people residing in the United States who received certain calls from Collecto between June 14, 2008 and **[_____]**.

- Lofton also alleges Verizon violated the California Invasion of Privacy Act ("IPA") (Cal. Pen. Code § 632.7) when Collecto recorded calls to cell phone users in California without consent. The Settlement's IPA Class would cover certain people who received certain calls from Collecto between September 10, 2010 and **[_____]** and who were located in California at the time of the call.

You were identified as someone who may have received one of these phone calls based upon telephone call records obtained in the lawsuit. You must submit a Claims Form by **[_____]** to receive any payment under the Settlement.Requests to exclude yourself from the settlement are due by **[_____]**, and any objections to the settlement are due **[_____]**.

This postcard notice contains limited information about the Settlement. For more information and to submit an online Claims Form, visit www.WEBSITE.com.

---

**c/o A.B. DATA, LTD.**
**PO BOX 170990**
**MILWAUKEE, WI 53217**

PRESORTED
FIRST-CLASS MAIL

U.S. POSTAGE
PAID

[CLAIM ID IN DIGITS]
[CLAIM ID IN BARCODE]

Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST]  [ZIP]

VIVINTTCPA
For Official Use Only

**To receive any money from the Settlement, you must complete and submit a Claims Form by [DATE]. You may submit a Claims Form online at www.WEBSITE.com or by completing and submitting this Claims Form.**

**We have assigned you the following Notice Code:_____. You will automatically receive _____ share(s) of the Settlement fund if you submit a Claims Form online using this Notice Code, because we already have information that supports that number of shares.** Based on the information we have now (including claims rates in similar cases), each share is likely to be worth <u>at least $100 and could be much more</u>, but the final amount may be higher or lower depending on the number of valid claims filed and how the Court decides to distribute the Settlement Fund (including payment of fees and costs). **<u>Unless you submit a Claims Form, you will not receive any money from the Settlement</u>**.

You can update or correct our information by submitting a Claims Form online or mailing this Claims Form. You may attach any evidence that supports the information provided in your Claims Form, including any telephone bills, proof of residence, notes, correspondence, etc., by either uploading at www.WEBSITE.com or by mailing it with this Claims Form.

_____          _____
Name                                                                          Email Address (optional)

_____
Address

_____          _____
City, State  Zip                                                           Cellular Telephone Number(s) and date of Collecto's calls

<u>You must certify the following statements to your best honest belief:</u>
I was the user or subscriber of the cellular telephone number(s) on the date(s) listed above.  Correct ☐  Incorrect ☐
I am not a current or past Verizon subscriber.          Correct ☐  Incorrect ☐
I received _____ calls on my cellular telephone number, and I believe these calls were from Collecto collecting debts for Verizon that Verizon had yet not written off. (You might believe this because the caller identified themself as "with Verizon").
<u>You must certify the following statements to your best honest belief if (but only if) you are also making an IPA claim:</u>
I was located in California at the time when I received _____ of the calls noted above.

I certify that the foregoing statement is true to the best of my knowledge.  I understand that Class Counsel has the right to verify my response and disapprove of any claims that are based on inaccurate responses.
Signature: _____          Date: _____

*LOFTON v. VERIZION WIRELESS (VAW) LLC, No. 13-cv-05665-YGR, U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA*

*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT www.WEBSITE.com FOR MORE INFORMATION, INCLUDING FULL CLASS DEFINITIONS AND RELEASES.*

Case 4:13-cv-05665-YGR Document 231-1 Filed 05/27/16 Page 55 of 68

There is a proposed Settlement of claims against Verizon Wireless (VAW) LLC. The proposed Settlement would resolve a lawsuit in which the Plaintiff alleges that Verizon's debt collector (Collecto) violated the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227), by calling cellular telephones with an autodialer without authorization, and violated the California Invasion of Privacy Act ("IPA") (Cal. Pen. Code § 632.7) by recording calls to cellular telephone users in California without authorization. Verizon denies any wrongdoing. If approved by the Court, the Settlement will resolve the case against Verizon and will pay money to eligible Settlement Class Members who submit valid claims.

**Who's Included?** You are included in the TCPA Class if you are a U.S resident, are not a current or past Verizon subscriber, and you received a call on your cellular phone from Collecto, while it was collecting debts for Verizon that Verizon had yet not written off, between June 14, 2008 and [_____]. You are also included in the IPA Class if you meet the TCPA Class requirements, and you are a California resident and you received a call on your cellular phone from Collecto that you answered, while located in California, between September 10, 2010 and [_____].

**What Can You Get?** The proposed Settlement establishes a $4,000,000 settlement fund. Under the Plan of Allocation, the Settlement Fund will be paid to Settlement Class Members on a per share basis (after payment of Court-approved expenses like attorneys' fees and administration costs. Under the Plan of Allocation, one TCPA violation is equal to one share and one IPA violation is equal to ten shares. (The Court may modify the Plan of Allocation to ensure it is fair.) Claims Forms are also located at the website listed below. In exchange, the Settlement Class Members release (give up) the claims described above and other related claims against Defendant and other related entities. The Settlement and Plan of Allocation are explained in detail at the website below, and are themselves available at the website below. You may contact the Settlement Administrator or Class Counsel (see below) with any further questions.

**How to Get Money?** Only Settlement Class Members who submit valid Claims Forms by [_____] will be paid from the Settlement Fund.

**Your Other Rights.** If you do not want to be legally bound by the Settlement, you must exclude yourself by [_____], or you will not be able to sue Verizon or related parties for any claims relating to this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement Class, you may object to the Settlement by [_____]. The website listed below explains how to exclude yourself from, or object to, the Settlement. The Court will hold a hearing in this case on [_____] at [_____] to consider whether to approve the Settlement, Plan of Allocation, and a request by Class Counsel for up to 33.75% for attorneys' fees, costs, and expenses, for litigating the case. **The address for the Court is available at www.WEBSITE.com**. You may attend the hearing and ask to be heard by the Court, but you do not have to. **If you do not take any action, you will be legally bound by the Settlement and any orders or Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute certain claims against Verizon and others.**

For more information or a Claims Form: 800-391-9724 or www.WEBSITE.com

**Do not contact the Court, Verizon or its counsel with questions. You may contact Class Counsel, Parisi & Havens LLP, 212 Marine Street, No. 100, Santa Monica, California 90405, vznsettle@parisihavens.com and Preston Law Offices, 4054 McKinney Avenue, No. 310, Dallas, Texas 75204, vznsettle@eplaw.us**

AFFIX
POSTAGE
HERE

**SETTLEMENT NAME**
**c/o Settlement Administrator**
**PO BOX XXXXX**
**MILWAUKEE, WI  53217**

# Exhibit E

# If you received a wrong-number call related to a Verizon debt, you could get benefits and your rights may be affected by a class action settlement

*Haga clic aquí para ver este aviso en espanol*

- There is a proposed Settlement of claims against Verizon Wireless (VAW) LLC ("Verizon"). The Settlement would resolve a lawsuit in which the Plaintiff, John Lofton, alleges that Defendant Verizon (1) violated the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227), when its debt collector, Collecto, Inc. ("Collecto") called cellular telephones with an autodialer without authorization, and (2) violated the California Invasion of Privacy Act ("IPA") (Cal. Pen. Code § 632.7) when Collecto recorded calls to cellular telephone users in California without authorization. Verizon denies the claims. The Court has not decided who is right. Instead, the parties have agreed to settle the case.

- You are included in the Settlement if you are a member of the "IPA Class" and/or the "TCPA Class," defined as follows:

  - The **TCPA Class** includes all natural persons residing in the United States who, between June 14, 2008 and the date on which Notice is completed, received one or more telephone calls to their cellular telephone number from a representative of Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts. The TCPA Class excludes any person which Verizon's records identify as a current or past Verizon subscriber.

  - The **IPA Class** includes all California residents who, between September 10, 2010 and the date on which Notice is completed, and while located within the state of California, received on their cellular telephone one or more telephone calls from Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts, where the call was answered by the recipient. The IPA Class excludes any person which Verizon's records identify as a current or past Verizon subscriber.

  The term "Pre-Writeoff Debts" means outstanding debts on Verizon accounts that had not yet been written off by Verizon and had not been reported to a credit bureau at the time of the call. In calls to collect Pre-Writeoff Debts, representatives of Collecto, in its capacity as a third-party vendor engaged by Verizon, identified themselves as representatives of Verizon.

  If you received a notice in the mail, the parties identified you through call data they obtained from Collecto.

- If you are included in the IPA Class and/or TCPA Class **and you submit a Claims Form by [_____]**, you may qualify for a cash payment from the $4 million cash settlement fund.

- **Your legal rights are affected whether you act or don't act. Please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIMS FORM**<br>Deadline: _____ | You must submit a Claims Form to qualify for a cash payment. For further information about how to submit a claim form, please refer to Question No. 8 below. |
| **EXCLUDE YOURSELF**<br>Deadline: _____ | Excluding yourself from the Settlement is the only option that allows you to ever be part of another lawsuit against Verizon and related parties about the legal claims resolved by this Settlement. If you exclude yourself from this Settlement, then you will not be able to obtain any of the benefits that it provides. For further information about how to exclude yourself, please refer to Question Nos. 12-14 below. |

### UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OBJECT**<br><br>Deadline: _____ | You can object to the Settlement by writing to the Court about why you do not like the Settlement. For further information about how to object, please refer to Question No. 15 below. |
| **ATTEND THE HEARING**<br><br>Deadline: _____ (notice of intention due _____) | You can ask to speak to the Court about the fairness of the Settlement. For further information about how to do this, please refer to Question Nos. 19-21 below. |
| **DO NOTHING** | If you do nothing, you will give up your right to ever be part of another lawsuit against Verizon and related parties about the legal claims resolved by this Settlement. If you do not submit a Claims Form, then you will not receive any benefits from this Settlement. For further information, please refer to Question No. 22 below. |

- These rights and options are explained further below.

- The Court in charge of this case still has to decide whether to approve the Settlement. Benefits will be provided if the Court approves the Settlement and after any appeals are resolved. Please be patient.

- **NOTE:** Until the Court makes a final decision about whether the Settlement should be approved, you cannot file a lawsuit against Verizon and related parties that relates to the Released Claims described in Question No. 11 below.

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

## BASIC INFORMATION

### 1. Why was this notice issued?

A federal court authorized this notice because you have a right to know about the proposed Settlement of this lawsuit and about all of your options, before the court decides whether to approve the Settlement. This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, and who can get them.

Judge Yvonne Gonzales Rogers of the United States District Court for the Northern District of California is overseeing this case and the Settlement. The case is known as *Lofton v. Verizon Wireless (VAW) LLC,* U.S. District Court for the Northern District of California, Case No. 13-cv-05665. The person who sued, John Lofton, is called the Plaintiff, and the company sued, Verizon Wireless (VAW) LLC, is called the Defendant or Verizon.

### 2. What is this lawsuit about?

The lawsuit claims that Collecto recorded debt collection calls it placed on behalf of Verizon which reached wrong cellular telephone numbers without warning to the recipient or the recipient's authorization, in violation of California's IPA.  The lawsuit also claims that Collecto placed calls to cellular telephones with an automatic dialer without the recipient's authorization, in violation of the federal TCPA.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called Plaintiffs or Class Representatives (in this case, Plaintiff John Lofton) sue on behalf of other people who have similar claims (a "Class" or "Class Members"). The people included in the settlement of this class action, and who choose not to opt out or exclude themselves, are called a "Settlement Class" or "Settlement Class Members". One court resolves these claims for all Class Members, except for those who choose to exclude themselves from the Settlement Classes.

### 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiff or Verizon. Instead, both sides agreed to a Settlement in order to resolve the lawsuit. The Plaintiff and his attorneys think the Settlement is best for all Class Members.

### 5. How do I know if I am included in the Settlement?

If you received a notice in the mail, you have been identified as a potential Class Member. You may be a member of one or both of the Classes in this lawsuit. You are included in the Settlement if you meet one or both of the following definitions:

- The **TCPA Class** includes all natural persons residing in the United States who, between June 14, 2008 and the date on which Notice is completed, received one or more telephone calls to their cellular telephone number from a representative of Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts. The TCPA Class excludes any person which Verizon's records identify as a current or past Verizon subscriber.

- The **IPA Class** includes all California residents who, between September 10, 2010 and the date on which Notice is completed, and while located within the state of California, received on their cellular telephone one or more telephone calls from Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts, where the call was answered by the recipient.  The IPA Class excludes any person which Verizon's records identify as a current or past Verizon subscriber.

The term "Pre-Writeoff Debts" means outstanding debts on Verizon accounts that have not yet been written off by Verizon and have not been reported to a credit bureau.  In calls to collect Pre-Writeoff Debts, representatives of Collecto, in its capacity as a third-party vendor engaged by Verizon, identified themselves as representatives of Verizon.

### UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

## THE SETTLEMENT BENEFITS – WHAT YOU CAN RECEIVE

### 6. What does the Settlement provide?

Under the Settlement, Verizon will pay $4 million into a settlement fund. Under the Plan of Allocation proposed by Class Counsel, the Settlement Fund will be paid to Settlement Class Members on a per share basis after payment of Court-approved expenses like attorneys' fees and administration costs. The Court may modify the Plan of Allocation to ensure it is fair. The Court also decides how much to award Class Counsel for fees and expenses.

### 7. Tell me more about the $4 million cash settlement fund and proposed allocation.

Under the Plan of Allocation proposed by Class Counsel, the Court first decides how much to pay for the costs of notice and settlement administration from the settlement fund. The Court then decides how much to pay Class Counsel for attorneys' fees and expenses and to Plaintiff as an incentive award. (Class Counsel may apply for up to 33.75 percent of the settlement fund.) After these deductions, the proposed Plan of Allocation distributes the remainder of the settlement to IPA Settlement Class Members and TCPA Settlement Class Members according to the number of shares in their Claims Forms that are approved. Settlement Class Members will receive shares according to the number and type of calls received. One IPA violation is equal to ten shares and one TCPA violation is equal to one share because the statutory damages under the IPA are ten times more than statutory damages under TCPA.

Based on the information we have now (including claims rates in similar cases), each share is likely to be worth at least $100 and could be much more. The Plan restricts any payments to Class Members over $500 per share, and prohibits any payments to Class Members under $15. Class Counsel believe the estimate of $100 per share is conservative, but the final amount may be higher or lower depending on the number of valid claims filed and how the Court decides to distribute the settlement fund. Again, the Court may modify the Plan of Allocation to ensure it is fair.

### 8. How do I get the benefits that the Settlement provides?

You must complete and submit a claim form to receive any money under the Settlement. Claim forms are available and may be submitted online at www.[WEBSITE].com. Claim forms are also available by calling 1-000-000-0000.

### 9. When will I receive my Settlement benefits?

The Court will hold a hearing on [_____] (subject to schedule changes ordered by the Court) to decide whether to approve the Settlement and, separately, whether to approve the Plan of Allocation and requests for attorneys' fees, expenses, and an award to the Plaintiff. Settlement benefits will be distributed if and when the Court grants approval to the Settlement and the Plan of Allocation, and after any appeals are resolved.

### 10. What rights am I giving up to receive Settlement benefits and stay in the Settlement Class(es)?

If you are a Class Member in either class, then, unless you exclude yourself, you will be in the Settlement Class (or both Settlement Classes). If the Settlement is approved and becomes final, then all of the Court's orders will apply to you and legally bind you. That means you won't be able to sue, continue to sue, or be part of any other lawsuit against Verizon or other released parties for the legal issues and claims resolved by the Settlement. The specific rights you are giving up are called Released Claims (*see* Question 11).

### 11. What are the Released Claims and Released Parties?

The "IPA Released Claims" mean that in exchange for the Settlement, all IPA Settlement Class Members will give up any and all actions, causes of action, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of any nature and description whatsoever that relate to the recording of telephone calls made by Collecto in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts, and that have been, or could have been, asserted in the Action. IPA Released Claims include, without limitation, violations of any state or federal statutes, rules or regulations, including but not limited to California Penal Code section 632.7, the unfair competition law (California Business & Professions Code section 17200), or principles of common law, whether liquidated or unliquidated, known or unknown, in law or in equity, whether or not concealed or hidden.

## United States District Court, Northern District of California

The "TCPA Released Claims" mean that in exchange for the Settlement, all TCPA Settlement Class Members will give up any and all actions, causes of action, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of any nature and description whatsoever that relate to the use by Collecto, in its capacity as a third-party vendor engaged by Verizon to collect Pre-Writeoff Debts, of a dialer allegedly prohibited under the TCPA, and that have been, or could have been, asserted in the Action. TCPA Released Claims include, without limitation, violations of any state or federal statutes, rules or regulations, including but not limited to the TCPA or unfair competition law (California Business & Professions Code section 17200) or principles of common law, whether liquidated or unliquidated, known or unknown, in law or in equity, whether or not concealed or hidden.

The "Released Parties" against whom claims are being released are (a) Verizon; (b) Verizon's Counsel; (c) Verizon's past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; (d) Verizon's successors and predecessors and their past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; and (e) for each of the foregoing, each of their past, present, or future officers, directors, shareholders, owners, employees, representatives, agents, principals, partners, members, administrators, legatees, executors, heirs, estates, predecessors, successors, or assigns. Notwithstanding the foregoing, Collecto, its employees, officers, and directors, and Collecto's successors and predecessors and their past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates are not Released Parties under the Agreement.

## Excluding Yourself from the Settlement

If you want to keep the right to sue or continue to sue Verizon or related parties about the legal claims in the lawsuit, and if you don't want to receive benefits from this Settlement, then you must take steps to exclude yourself. This is sometimes called opting out of the Settlement.

### 12. How do I exclude myself from the Settlement?

To ask to be excluded, you must send a letter to the Settlement Administrator, **[address to be inserted]**. Your letter must be postmarked by [_____] and include your name, address, and telephone number and your signature. You may also use the "Request for Exclusion" form that is available online at www.[WEBSITE].com or that can be obtained by calling 1-000-000-0000. Online submissions are due by [_____].

### 13. If I exclude myself, will I still receive a payment from the Settlement?

No. If you exclude yourself, you are telling the Court that you don't want to be Settlement Class Member in this Settlement. You can receive a payment only if you stay in the Settlement Class.

### 14. If I don't exclude myself, can I sue Verizon in a different lawsuit for the same claims?

No. Unless you exclude yourself, you are giving up the right to sue Verizon or other released parties for the claims that this Settlement resolves. You must exclude yourself from *this* Settlement to start or continue with your own lawsuit or be part of any other lawsuit. If you are a member of either the IPA Class or the TCPA Class (or both) and you already have your own lawsuit or arbitration against Verizon for the claims made in this lawsuit, and want to continue with it, you must exclude yourself from the Settlement.

## Objecting to the Settlement

You can tell the Court if you don't agree with the Settlement or any part of it.

### 15. How do I tell the Court if I don't like the Settlement?

If you are a Settlement Class Member, then you can tell the Court that you don't agree with the Settlement or some part of it. You can give reasons why you think the Court should not approve it. You can also object to the Plan of Allocation or the attorneys' or Plaintiff's requests for a portion of the settlement fund. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Lofton v. Verizon Wireless (VAW) LLC*, U.S. District Court for the Northern District of California, Case No. 13-cv-05665, and give a detailed statement of the reasons for your objection. You must include your name, address, telephone number and your signature. You must also provide a separate statement to Class Counsel and Defense Counsel which contains the mobile telephone number at which you received the calls qualifying you as a Settlement Class Member. This separate statement should be on a different piece of

### United States District Court, Northern District of California

paper and should not be sent to the Court, and it will not be filed publicly. Mail your objection to all three addresses below, postmarked no later than **[_____]**:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| U.S. District Court Northern District of California 1301 Clay Street Oakland, CA 94612 | Ethan Preston Preston Law Offices 4054 McKinney Avenue Suite 310 Dallas, TX 75204 | Jonathan Blavin, Esq. Ellen Richmond, Esq. Munger, Tolles & Olson LLP 560 Mission St. 27th Floor San Francisco, CA 94105 |

If you do not file an objection to the settlement that meets these requirements, you may waive your right to further challenge or appeal the settlement.

### 16. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class(es) (that is, if you do not exclude yourself). Excluding yourself is telling the Court that you don't want to be part of the Settlement Class(es). If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## The Lawyers Representing You

### 17. Do I have a lawyer in this case?

Yes. The Court appointed the law firms of Preston Law Offices and Parisi & Havens LLP to represent you and other Settlement Class Members as "Class Counsel." You will not be charged personally for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. For example, you can hire your own lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you. Class Counsel cannot represent you if you exclude yourself from the Settlement or if you object to the Settlement.

### 18. How will the lawyers be paid?

If the Settlement is approved by the Court, then Class Counsel will ask the Court to award them attorneys' fees and litigation expenses to compensate them for their efforts in achieving the Settlement, as well as an incentive award for the Plaintiff to compensate him for pursuing this case on behalf of all of the Settlement Class Members. If the Court grants their request, then the attorneys' fees, litigation expenses and the incentive awards will be deducted from the cash portion of the settlement fund. Class Counsel has agreed not to seek more than 33.75% of the $4 million settlement fund for their attorneys' fees and expenses, and not to seek more than $499,342 for costs of notice and settlement administration. Lofton does not intend to seek more than $15,000 for his incentive award.

## The Court's Fairness Hearing

### 19. When and where will the Court decide whether to approve the Settlement?

A hearing will be held on [_____], at [_____] at the U.S. District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California  94612. At the hearing, the Court will determine whether the Settlement should be approved as fair, reasonable, and adequate, and whether final judgment should be entered. The Court will also consider Class Counsel's request for attorneys' fees and reimbursement of expenses, and the Plaintiff's incentive award. The Court will also be asked to approve a Plan of Allocation of the benefits available under the Settlement to the Settlement Class Members. All papers that will be filed with the Court in connection with the fairness hearing (also called a Final Approval Hearing) will be available for review online at www.[WEBSITE].com.

### 20. Do I have to come to the hearing?

No. Unless you exclude yourself from the Settlement or object to the Settlement, Class Counsel will continue to represent you and will answer any questions the Court may have about the Settlement, although you are welcome to attend the hearing at your own expense. If you file an objection to the Settlement, you may attend the hearing and request to speak to the Court about your objection, but you are not required to do so. As long as you mailed your written objection to all

Questions? Go to www.[WEBSITE].com or call 1-000-000-0000

6

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

three addresses on time, signed it and provided all of the required information (*see* Question No. 15), the Court will consider your objection. You may, if you wish, pay your own lawyer to attend the hearing, but you are not required to do so.

**21. May I speak at the hearing?**

Yes. You may ask the Court to speak at the fairness hearing. To do so, you must file a written request with the Court saying that it is your "Notice of Intent to Appear at the Fairness Hearing in *Lofton v. Verizon Wireless (VAW) LLC,* U.S. District Court for the Northern District of California, Case No. 13-cv-05665." You must include your name, address, phone number, and signature. You must also provide a separate statement to Class Counsel and Defense Counsel which contains the mobile telephone number at which you received the calls qualifying you as a Settlement Class Member. This separate statement should be on a different piece of paper and should not be sent to the Court, and it will not be filed publicly. If you plan to have your own attorney speak for you at the hearing, then you must also include the name, address and telephone number of the attorney who will appear. Your written request must be mailed to all three addresses provided in Question No. 15 above and must be postmarked by [_____].

# IF YOU DO NOTHING

**22. What happens if I do nothing?**

If you do nothing, you will automatically remain in the Settlement and will release claims (see Question Nos. 10-11, above), but you will not receive any benefits unless you submit a Claims Form. Claims Forms are available and may be submitted online at www.[WEBSITE].com. Claims Forms are also available by calling 1-000-000-0000.

Keep in mind that if you do nothing, then you will not be able to sue, or continue to sue, Verizon or other released parties—as part of any other lawsuit—under state or federal law about any issues within the scope of the releases in the settlement.  The releases are described in detail in the response to Question No. 11 above.

# OBTAINING MORE INFORMATION

**23. How do I obtain more information?**

This notice summarizes the Settlement. More details are in the Stipulation and Settlement Agreement, the Fourth Amended Complaint and the Court's Preliminary Approval Order – all of which are available at www.[WEBSITE].com. You may also contact Class Counsel by sending an email to vznsettle@parisihavens.com or vznsettle@eplaw.us, or by writing to Parisi & Havens LLP, 212 Marine Street, No. 100, Santa Monica, California 90405, or Preston Law Offices, 4054 McKinney Avenue, No. 310, Dallas, Texas 75204.

**Please do not contact the Court, Verizon or the lawyers for Verizon**. They cannot answer your questions.

DATE: [insert]

# Exhibit F

<u>Legal Notice</u>

If you received a wrong-number call related to a Verizon debt, you could get benefits and your rights may be affected by a class action settlement.
*Si usted desea obtener una copia de esta noticia en Español, visite el sitio www.[website].com.*

There is a proposed Settlement of claims against Verizon Wireless (VAW) LLC. The Settlement would resolve a lawsuit in which the Plaintiff, John Lofton, alleges that Defendant Verizon (1) violated the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227), when its debt collector, Collecto, called cellular telephones with an "autodialer" without authorization, and (2) violated the California Invasion of Privacy Act ("IPA") (Cal. Pen. Code § 632.7) when Collecto recorded calls to cellular telephone users in California without authorization. Verizon denies the claims. The Court has not decided who is right. Instead, the parties have agreed to settle the case.

**Who is included?** The Settlement includes a <u>TCPA Class</u> and an <u>IPA Class</u>. You are included in the <u>TCPA Class</u> if you are a U.S resident, are not a current or past Verizon subscriber, and you received a call on your cellular phone from Collecto, while it was collecting debts for Verizon that Verizon had yet not written off, between June 14, 2008 and [_____]. You are also included in the <u>IPA Class</u> if you meet the TCPA Class requirements, <u>and</u> you are a California resident and you received a call on your cellular phone from Collecto that you answered, while located in California, between September 10, 2010 and [_____].

**What does the settlement provide?** The proposed Settlement establishes a $4,000,000 settlement fund. Under the Plan of Allocation, the Settlement fund will be paid to Settlement Class Members on a per-share basis (after payment of Court-approved expenses like attorneys' fees and administration costs). Under the Plan of Allocation, one TCPA violation is equal to one share and one IPA violation is equal to ten shares. The Court may modify the Plan of Allocation to ensure it is fair. Claims Forms are located at the website below. In exchange, the Settlement Class Members release (give up) the claims described above and other related claims against Verizon and other related entities. The Settlement and Plan of Allocation are explained in detail in at the website below, and are themselves available at the website below. You may contact the Settlement Administrator or Class Counsel (see below) with any further questions.

**How do you obtain benefits?** <u>You must submit a Claims Form by [_____] to get any Settlement benefits.</u> Claim forms are available and may be submitted online at www.[WEBSITE].com. Claim forms are also available by calling 1-000-000-0000.

**Your options.** If you do nothing: (1) you will be bound by the Settlement; (2) you will release claims against Verizon and related parties; (3) your interests will be represented by Class Counsel who have been appointed by the Court; and, (4) you will not receive any settlement benefits. If you do not want to be legally bound by the Settlement, then you must exclude yourself by [_____]. If you are a Class Member and you do not exclude yourself, you will not be able to sue Verizon and related parties for any claim asserted in the lawsuit or released by the Settlement. If you stay in the Settlement (i.e., don't exclude yourself), you may object and you or your lawyer may request to appear and speak at the settlement approval hearing. Objections and requests to appear are due by [_____].

**The settlement approval hearing.** The U.S. District Court for the Northern District of California will hold a hearing in this case (*Lofton v. Verizon Wireless (VAW) LLC,* Case No. 13-cv-05665) on [_____] to consider whether to approve: the Settlement; attorneys' fees and litigation expenses of up to 33.75% of the $4 million settlement fund; settlement notice and administration expenses of up to $499,325; an $15,000 payment to the Plaintiff, John Lofton; and the Plan of Allocation for the balance of the settlement fund to Settlement Class Members. **The address for the Court is available at www.WEBSITE.com**.

**Want more information?** Go to www.[WEBSITE].com, call 1-000-000-0000, write to the Settlement Administrator at [_____] or contact Class Counsel who are listed on the website.

**Please do not contact Verizon about this Settlement.**

# Exhibit G

**<u>SETTLEMENT NOTICE</u>**

Those who received a wrong-number call about a Verizon

account may qualify for payment.


**<u>Learn More</u>**