# Exhibit 3

## PLAINTIFF JOHN LOFTON'S PLAN OF ALLOCATION

This is the Plan of Allocation (hereinafter, the "Plan") for the Stipulation and Settlement Agreement ("Agreement") filed in *Lofton v. Verizon Wireless (VAW) LLC*, No. C 13-05665 YGR, pending in the United States District Court for the Northern District of California.

**1.    DEFINITIONS.**

Except as expressly stated below, the Plan incorporates the definitions provided in the Agreement. In addition, the terms set forth below shall have the following meanings for purposes of the Plan:

**1.1**    "CBR Database" means the file named "CBR_MIN_MAX_DATES.zip" which Verizon produced to Plaintiff's counsel on or about August 25, 2015 and identified in the November 24, 2015 declaration of Arthur T. Zawodny.

**1.2**    "Class List" means the data identifying Class Members that is assembled and compiled through the process described in Sections 2, 2.1, 2.2, 2.3, and 2.4 below.

**1.3**    "Final" means that the portion of the Final Approval Order addressing the Plan has been entered on the docket in the Action, and (a) the time to appeal from such order has expired and no appeal of the portion of the Final Approval Order addressing the Plan has been timely filed; or, (b) if such an appeal has been filed, it has been resolved finally and has resulted in an affirmation of the portion of the Final Approval Order addressing the Plan; or (c) the Court, following the resolution of the appeal, enters a further order or orders approving settlement on the terms set forth herein, and either the time to appeal from such further order or orders has expired and no further appeal has been taken from such order(s) or any such appeal results in affirmation of such order(s).

**1.4**    "Settlement Administrator" means A.B. Data, Ltd., at 600 A.B. Data Drive, Milwaukee, Wisconsin 53217, or whatever other entity(ies) identified in the Preliminary Approval Order will perform the Settlement Administrator's functions under this Plan.

**1.5**    "Claims Form" means the form in which Class Members may make a claim for Compensation as described in Sections 3.1 and 5 that is materially in the form as Exhibit A to this Plan**,** subject to whatever changes or alterations are required by the Preliminary Approval Order.  The Claims Form shall be prepared as (1) an attachment to the Direct Notice, (2) a pdf file available electronically which Class Members can download, print out, and mail to the Settlement Administrator, and (3) an online HTML form which Class Members can fill out and transmit to the Settlement Administrator electronically. The electronic Claims Forms shall include a mechanism which permits Class Members to upload files which contain evidence supporting their Claims Form.  Each version of the Claims Form may have a different layout, but each will include all the relevant elements from Section 3.1.

**1.6**    "Compensation" means the portion of the Common Fund payable to a particular Settlement Class Member under the Plan as calculated under Section 5.

**1.7**    "Complete" means, with respect to distribution of Compensation, the last day the last

1

check containing Compensation becomes invalid (i.e., one hundred and eighty (180) days after the last check containing Compensation is issued) or, if the Settlement Administrator's calculations under Section 5 indicate that no Compensation will be paid to any Settlement Class Member, then the date that the Settlement Administrator calculates such Compensation.

**1.8**     "Cy Pres Recipient" means Consumer Action, 1170 Market Street, Suite 500, San Francisco, California 94102, or whatever other entity(ies) identified in the Preliminary Approval Order as the recipient(s) of any portion of the Common Fund after distribution of Compensation to the Class Members is complete, as described in Section 4.

**1.9**     "Reverse Lookup Database" means a commercially reasonable database of historical contact information for persons using a particular cellular telephone number during a set timeframe, together with whatever subsequent data processing the Settlement Administrator deems necessary to maximize the accuracy and integrity of its identification of Class Members' names and addresses.

**1.10**   "Shares" means the Settlement Administrator's tally or count of distinct TCPA and IPA violations against individual Settlement Class Members, as calculated under Sections 2.1, 2.3, and 3.1.

**1.11**   "Collecto Data" means the documents identified in paragraph 9 of Aaron Woolfson's December 11, 2014 declaration and filed in the Action (ECF No. 76), namely the documents labelled as EOS000547-661 and produced by Collecto in the Action.

**2.     IDENTIFICATION OF CLASS MEMBERS.**

The Settlement Administrator will complete identification of the TCPA Class Members within fifteen (15) days of the Preliminary Approval Order, unless the Preliminary Approval Order states otherwise. The Collecto Data includes records about individual calls placed by Collecto from November 12, 2009 to November 12, 2013, including the telephone number called, the time of the call or calls, and whether the call connected. The Settlement Administrator will identify TCPA Class Members from the Collecto Data using the following process:

(A)   The Settlement Administrator will exclude records from the Collecto Data where it determines that the Collecto Data indicates that Collecto's call did not connect.

(B)   The Settlement Administrator will exclude all records from the Collecto Data where it determines the recipient telephone number in the Collecto Data matches a telephone number in the CBR Database, and that such telephone number belonged to a Verizon subscriber at the time of the call.

(C)   The Settlement Administrator will exclude all records from the Collecto Data where it determines the recipient telephone number in the Collecto Data was not a cellular telephone number at the time of the call, using a commercially reasonable database of historical cellular telephone numbers.

For the records that remain after the exclusions above, the Settlement Administrator will extract

2

the recipient telephone number and select a Reverse Lookup Database to identify the name and mailing address of the person who used that telephone number on the date of the call(s) indicated in the Collecto Data.

**2.1     Calculation of TCPA Class Members' Shares.**
During the process in Section 2, the Settlement Administrator shall tally the total number of call records in the Collecto Data which are not excluded under such process and which correspond to a unique individual identified in the Reverse Lookup Database. For each such record, the Settlement Administrator shall credit that TCPA Class Member with one Share (corresponding to one TCPA violation), except that IPA Class Members shall receive additional Shares under Section 2.3 below.

**2.2     Identification of IPA Class Members.**
The Settlement Administrator will complete identification of the IPA Class Members from the Collecto Data within fifteen (15) days of the Preliminary Approval Order, unless the Preliminary Approval Order states otherwise. To identify IPA Class Members, the Settlement Administrator will, in addition and at the same time as the process for identifying TCPA Class Members as described in Section 2 above, (1) exclude all records where the Collecto Data indicates that the recipient of the call did not answer the call (i.e., calls where the recipients' voicemail or answering machine answered the call, or where Collecto terminated the call before it was answered); and (2) use the Reverse Lookup Database to identify TCPA Class Members whose mailing address was in California at the time they answered Collecto's call(s).

**2.3     Calculation of IPA Class Members' Shares.**
All IPA Class Members are TCPA Class Members, and the Settlement Administrator shall calculate their initial Shares under Section 2.1. During the process described in Section 2.2 above, the Settlement Administrator shall count the total number of records in the Collecto Data which are not excluded under such process and which correspond to each unique individual identified in the Reverse Lookup Database. For each such record, the Settlement Administrator shall credit that IPA Class Member with ten (10) Shares (corresponding to one IPA violation), which will be added to the number of the IPA Class Member's Shares calculated in Section 2.1 above.

**2.4     The Class List.**
The Settlement Administrator shall append to the names and addresses of the TCPA and IPA Class Members identified in Sections 2 and 2.2 above at least the following information: (1) the tally of records corresponding to TCPA Shares and IPA Shares calculated under Sections 2.1 and 2.3; (2) the cellular telephone number(s) on which Class Members received calls from Collecto identified in Sections 2.1 and 2.3; (3) the cellular service provider for such cellular telephone number(s); (4) the date(s) on which Class Members received calls from Collecto identified in Sections 2.1 and 2.3; (5) the mailing addresses for Class Members on such dates; and (6) any other information the Settlement Administrator deems necessary or convenient for the purpose of implementing this Plan. The compilation of this data shall constitute the Class List, except that the Settlement Administrator shall also append a current mailing address under Section 3.

**3.       NOTICE.**

The Settlement Administrator shall distribute notice consistent with Article V.1 of the Agreement. At the latest feasible time before mailing Direct Notice to a Class Member, the Settlement Administrator will use a National Change of Address database to identify and update any outdated addresses in the Class List.

The website which contains the Website Notice shall make available copies of the Claims Form described in Section 3.1. The website which contains Website Notice shall also make available copies of relevant filings in the Case, including the operative complaint, the motion for preliminary approval, the Agreement, and (after they are filed and are available in the Court's ECF system) the Preliminary Approval Order, the motion for final approval, the motion for attorneys' fees and class representative incentive award, and the Final Approval Order. The website which contains the Website Notice may also make available declarations from counsel and judicial rulings on the merits of any of Plaintiff's complaints.

**3.1    Claims Form.**
The Claims Form shall provide Class Members a means to record and transmit the following information: (1) their name; (2) mailing address; (3) email address (optional); (4) their cellular telephone number(s) between June 14, 2008 and the date on which Notice is completed (or, for the IPA Class, between September 10, 2010 and the date on which Notice is completed); to certify to their best honest belief (5) they are not a current or past Verizon subscriber; (7) they received one or more calls from Collecto (where the caller may have identified themselves as "with Verizon") between June 14, 2008 and the date on which Notice is completed (or, for the IPA Class, between September 10, 2010 and the date on which Notice is completed); and (8) they resided in California at the time of such calls (for IPA Class Members only).

The Claims Form will also instruct the Class Member that they may attach any evidence that supports their assertion to the Claims Form, including any telephone bills, proof of residence, notes, correspondence, etc. Claims Forms must be transmitted online or mailed and postmarked at least twenty (20) days before the Final Approval Hearing. Claims Forms transmitted after that date are not timely and cannot be the basis for receiving Compensation unless the Court otherwise orders. Settlement Class Members may, but are not entitled, to receive Compensation based on Claims Forms which are handwritten and not legible unless the Court otherwise orders.

The Direct Notice shall contain a unique code associated with that Class Member (which is of sufficient length that it is secure, and others cannot reasonably guess a Class Member's unique code) ("Notice Code"). When a valid Notice Code is entered into the website which contains the Website Notice, the website shall provide a Claims Form that is automatically filled with the information derived from the Class List, but the Class Member shall have the ability to alter such information in the Claims Form.

The Settlement Administrator will forward all Claims Forms and related documentation to Class Counsel as soon as reasonably possible, and no later than fifteen (15) days before the Final Approval Hearing. Class Members who submit a Claims Form with a Notice Code will automatically be credited with the number of Shares calculated by the Claims Administrator under Sections 2.1 and/or 2.3. Otherwise, Class Counsel will review the Claims Forms and any supporting evidence to determine whether the claims asserted in the Claims Form are valid.

Class Counsel may, but are not obligated, to consider the Claims Form and any supporting evidence without strict adherence to the Federal Rules of Evidence. After reviewing the evidence submitted, Class Counsel may accept or decline that Claims Form at their discretion. Class Counsel's discretion to adjust Class Members' Shares and/or the distribution of Compensation under Section 5 shall be limited to accepting or declining (in whole or in part) timely Claims Forms, and to crediting Class Members one (1) Share per claimed TCPA violation and ten (10) Shares per claimed IPA violation. Class Counsel may delegate some portion or all of such review and approval of the Claims Forms to the Settlement Administrator, but Class Counsel retains ultimate discretion to approve or deny Claims Forms consistent with the foregoing restriction.

To the extent that a Class Member objects to the Agreement based solely on Compensation or Shares purportedly due under their Claims Form, and Class Counsel accepts such Class Member's proffered Claims Form, such Class Member's objection will be deemed moot and the Class Member will be deemed a Settlement Class Member. To the extent Class Counsel does not adjust the objecting Class Member's Shares consistent with their Claims Form, such Class Member's objection will stand.

Class Members may not file both a Claims Form and a Request for Exclusion; any person who files a valid Request for Exclusion will not be a Settlement Class Member and will not receive Compensation from the Common Fund, even if they file an otherwise valid Claims Form.

**4.     ALLOCATION OF THE COMMON FUND.**

As soon as practicable after the execution of the Settlement Agreement, Lofton and Class Counsel shall file a motion for entry of the Preliminary Approval Order preliminarily approving this Plan.

No later than forty (40) days before the Final Approval Hearing, Class Counsel will file a motion for final approval of this Plan, the Fee Application under Article IV.6 of the Agreement, and the Incentive Award Application under Article IV.7 of the Agreement. Class Counsel will also file a supplemental brief ten (10) days before the Final Approval Hearing in support of the Plan, the Fee Application, and the Incentive Award Application.

The following deductions and payments will be made from the Common Fund: (1) all Class Counsel's costs and fees which are approved by the Court, at the time indicated in Article IV.6 of the Agreement; (2) the Incentive Award to Plaintiff approved by the Court, at the time indicated in Article IV.7 of the Agreement; (3) costs and fees of the Settlement Administrator which are incurred in administering the Agreement, providing Notice to the Class, and/or executing any part of this Plan, set forth in an invoice that is filed with the Court, and approved under Section 6; and (4) distribution of Compensation as set forth in Section 5.

Once the Agreement becomes Final, no portion of the Common Fund may be returned to Verizon under any circumstances. Ten (10) days after distribution of Compensation is Complete, the Settlement Administrator shall pay to the Cy Pres Recipient all money remaining in the Common Fund, as well as any unused portions of the Settlement Administrator's reserve under Section 6.

**5.     DISTRIBUTION TO SETTLEMENT CLASS MEMBERS.**

The Settlement Administrator will mail checks containing the Settlement Members' Compensation to the Settlement Class Members' last known address (accounting for any updated information in Claims Forms) within twenty (20) days after all of the following are complete: attorneys' fees, costs, expenses, and incentive award are paid to Class Counsel and Lofton from the Common Fund under Section 4 of the Plan and Article IV.6 and IV.7 of the Agreement, and approval of the invoice for the Settlement Administrator's reserve for, e.g., distribution of the Compensation under Section 6.

The Settlement Administrator shall calculate Settlement Class Members' Compensation in the following manner:

(1)   The Settlement Administrator will calculate the total number of Shares held by Settlement Class Members who submitted valid Claims Forms, as reflected in the Class List, by (a) adding the Shares automatically credited under Section 3.1; (b) adding the Shares approved by Class Counsel under Section 3.1 ("Total Shares").

(2)   The total Compensation available to all Settlement Class Members is equal to the remainder of the Common Fund after deductions for (a) Class Counsel's approved costs and fees, (b) the approved Incentive Award, and (c) the Claims Administrator's approved invoices ("Total Compensation").

(3)   The Compensation payable to any particular Settlement Class Member is a percentage of Total Compensation, calculated by (a) dividing the Total Compensation by the Total Shares ("Compensation Per Share") and then (b) multiplying the resulting quotient (i.e., the Compensation Per Share) by the number of Shares credited and/or approved for that particular Settlement Class Member under Section 3.1.

(4)   Notwithstanding any other provision of the Plan, if the Settlement Administrator calculates that the Compensation Per Share exceeds $500 per Share, then any Compensation in excess of $500 per Share shall not be paid to any Settlement Class Member but shall be paid to the Cy Pres Recipient under Section 4.

(5)   Notwithstanding any other provision of the Plan, if the Settlement Administrator calculates that no Settlement Class Member will receive more than $10.00 in compensation, then the portion of the Common Fund that would have been paid to Settlement Class Members shall instead be paid to the Cy Pres Recipient under Section 4.

Checks containing Compensation shall bear the date on which they are issued, and shall become invalid 180 days after such date of issuance. Once a check containing Compensation becomes invalid, no checks will be reissued and no Compensation will be paid to the recipient Settlement Class Member.

The Settlement Administrator shall ensure that checks containing Compensation will state on their face that the recipient Settlement Class Member has 180 days from the date of issue to deposit the check, and that after that time no checks will be reissued, and no further Compensation will be paid to the Settlement Class Member.

6. **MISCELLANEOUS.**

The Settlement Administrator will submit invoices for the costs and fees incurred in administering the Agreement and/or executing any part of this Plan to Class Counsel and Verizon's Counsel. In addition, five (5) days after attorneys' fees, costs, expenses, and incentive awards are paid to Class Counsel and Lofton from the Common Fund under Section 4 of the Plan and Article IV.6 and IV.7 of the Agreement, the Settlement Administrator will submit an invoice detailing a reasonable reserve for the Settlement Administrator's costs and fees for completing the remainder of the Plan (including costs and fees incurred in the distribution of Compensation, such as mailing out checks containing Compensation, timely reissuing checks, processing returned mail, etc.)

Class Counsel shall file such invoices with the Court (a) every sixty days after entry of the Preliminary Approval Order until the Final Approval Hearing; and, in addition, (b) five days after the Settlement Administrator submits an invoice for its reserve for, e.g., distribution of the Compensation. Such invoices shall be deemed approved by the Court unless, within ten (10) days after such invoice is filed with the Court, (a) the Court objects to such invoice *sua sponte*; or (b) Class Counsel and/or Verizon object to such invoice, and the Court sustains such objection. The Settlement Administrator may deduct the sums due under any approved invoice from the Common Fund fourteen (14) days after such invoice is filed with the Court.

The Settlement Administrator's current estimate of its costs and fees are $499,342, consisting of, e.g., $45,891 for identification of Class Members under Sections 2 to 2.3; $156,180 for administering the Direct Notice; $90,000 for administering the Publication Notice; $164,804 for administering the Website Notice, Claims Form, and associated website; and $42,450 for distribution of Compensation. The Settlement Administrator agrees the Court may order that the total amount due under its invoices may not exceed $499,342.

Federal Rule 6(a) applies to the calculation of any deadline or time period in the Plan. In particular, where the last day of any such time period, is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. However, Rule 6(d) does not apply to the Plan and in particular does not apply to the deadlines for timely Claims Forms under Section 3.1 or any other deadline for Class Members.

_____   /s/Ethan Preston
A.B. Data, Ltd.                            Ethan Preston
Class Action Administration    Preston Law Offices
600 A.B. Data Drive                 4054 McKinney Avenue, Suite 310
Milwaukee, WI 53217             Dallas, Texas 75204

# Exhibit A

**COURT-ORDERED LEGAL NOTICE**
THE COURT AUTHORIZED THIS NOTICE. IT IS NOT A COLLECTION LETTER OR A SOLICITATION FROM A LAWYER.

**LOFTON v. VERIZON SETTLEMENT**
**c/o A.B. DATA, LTD.**
**PO BOX 170990**
**MILWAUKEE, WI 53217**

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID

This is notice of a proposed Settlement in a class action lawsuit brought by John Lofton on behalf of individuals who received telephone calls on their cellular telephone from a debt collector, Collecto, Inc., while Collecto was collecting debts for Verizon that Verizon had not yet written off, and who are not current or past Verizon subscribers.

- Lofton alleges that Defendant Verizon violated the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227) when Collecto called cell phones with an "autodialer" without authorization. The Settlement's TCPA Class would cover certain people residing in the United States who received certain calls from Collecto between June 14, 2008 and **[_____]**.

- Lofton also alleges Verizon violated the California Invasion of Privacy Act ("IPA") (Cal. Pen. Code § 632.7) when Collecto recorded calls to cell phone users in California without consent. The Settlement's IPA Class would cover certain people who received certain calls from Collecto between September 10, 2010 and **[_____]** and who were located in California at the time of the call.

You were identified as someone who may have received one of these phone calls based upon telephone call records obtained in the lawsuit. You must submit a Claims Form by **[_____]** to receive any payment under the Settlement. Requests to exclude yourself from the settlement are due by **[_____]**, and any objections to the settlement are due **[_____]**.

This postcard notice contains limited information about the Settlement. For more information and to submit an online Claims Form, visit www.WEBSITE.com.

[CLAIM ID IN DIGITS]
[CLAIM ID IN BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

**To receive any money from the Settlement, you must complete and submit a Claims Form by [DATE]. You may submit a Claims Form online at www.WEBSITE.com or by completing and submitting this Claims Form.**

VIVINTTCPA
For Office Use Only

**We have assigned you the following Notice Code: _____. You will automatically receive _____ share(s) of the Settlement fund if you submit a Claims Form online using this Notice Code, because we already have information that supports that number of shares.** Based on the information we have now (including claims rates in similar cases), each share is likely to be worth <u>at least $100 and could be much more</u>, but the final amount may be higher or lower depending on the number of valid claims filed and how the Court decides to distribute the Settlement Fund (including payment of fees and costs). **<u>Unless you submit a Claims Form, you will not receive any money from the Settlement</u>**.

You can update or correct our information by submitting a Claims Form online or mailing this Claims Form. You may attach any evidence that supports the information provided in your Claims Form, including any telephone bills, proof of residence, notes, correspondence, etc., by either uploading at www.WEBSITE.com or by mailing it with this Claims Form.

_____     _____
Name                                                                                   Email Address (optional)

_____
Address

_____     _____
City, State  Zip                                                                    Cellular Telephone Number(s) and date of Collecto's calls

<u>You must certify the following statements to your best honest belief:</u>
I was the user or subscriber of the cellular telephone number(s) on the date(s) listed above.   Correct ☐   Incorrect ☐
I am not a current or past Verizon subscriber.     Correct ☐   Incorrect ☐
I received _____ calls on my cellular telephone number, and I believe these calls were from Collecto collecting debts for Verizon that Verizon had yet not written off. (You might believe this because the caller identified themself as "with Verizon").
<u>You must certify the following statements to your best honest belief if (but only if) you are also making an IPA claim:</u>
I was located in California at the time when I received _____ of the calls noted above.

I certify that the foregoing statement is true to the best of my knowledge.  I understand that Class Counsel has the right to verify my response and disapprove of any claims that are based on inaccurate responses.
Signature: _____          Date: _____

*LOFTON v. VERIZION WIRELESS (VAW) LLC, No. 13-cv-05665-YGR, U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA*
*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT www.WEBSITE.com FOR MORE INFORMATION, INCLUDING FULL CLASS DEFINITIONS AND RELEASES.*

Case 4:13-cv-05665-YGR Document 213 Filed 05/27/16 Page 12 of 13

There is a proposed Settlement of claims against Verizon Wireless (VAW) LLC. The proposed Settlement would resolve a lawsuit in which the Plaintiff alleges that Verizon's debt collector (Collecto) violated the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227), by calling cellular telephones with an autodialer without authorization, and violated the California Invasion of Privacy Act ("IPA") (Cal. Pen. Code § 632.7) by recording calls to cellular telephone users in California without authorization. Verizon denies any wrongdoing. If approved by the Court, the Settlement will resolve the case against Verizon and will pay money to eligible Settlement Class Members who submit valid claims.

**Who's Included?** You are included in the TCPA Class if you are a U.S resident, are not a current or past Verizon subscriber, and you received a call on your cellular phone from Collecto, while it was collecting debts for Verizon that Verizon had yet not written off, between June 14, 2008 and **[_____]**. You are also included in the IPA Class if you meet the TCPA Class requirements, and you are a California resident and you received a call on your cellular phone from Collecto that you answered, while located in California, between September 10, 2010 and **[_____]**.

**What Can You Get?** The proposed Settlement establishes a $4,000,000 settlement fund. Under the Plan of Allocation, the Settlement Fund will be paid to Settlement Class Members on a per share basis (after payment of Court-approved expenses like attorneys' fees and administration costs. Under the Plan of Allocation, one TCPA violation is equal to one share and one IPA violation is equal to ten shares. (The Court may modify the Plan of Allocation to ensure it is fair.) Claims Forms are also located at the website listed below. In exchange, the Settlement Class Members release (give up) the claims described above and other related claims against Defendant and other related entities. The Settlement and Plan of Allocation are explained in detail at the website below, and are themselves available at the website below. You may contact the Settlement Administrator or Class Counsel (see below) with any further questions.

**How to Get Money?** Only Settlement Class Members who submit valid Claims Forms by **[_____]** will be paid from the Settlement Fund.

**Your Other Rights.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **[_____]**, or you will not be able to sue Verizon or related parties for any claims relating to this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement Class, you may object to the Settlement by **[_____]**. The website listed below explains how to exclude yourself from, or object to, the Settlement. The Court will hold a hearing in this case on **[_____]** at **[_____]** to consider whether to approve the Settlement, Plan of Allocation, and a request by Class Counsel for up to 33.75% for attorneys' fees, costs, and expenses, for litigating the case. **The address for the Court is available at www.WEBSITE.com**. You may attend the hearing and ask to be heard by the Court, but you do not have to. **If you do not take any action, you will be legally bound by the Settlement and any orders or Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute certain claims against Verizon and others.**

For more information or a Claims Form: 800-391-9724 or www.WEBSITE.com
**Do not contact the Court, Verizon or its counsel with questions. You may contact Class Counsel, Parisi & Havens LLP, 212 Marine Street, No. 100, Santa Monica, California 90405, vznsettle@parisihavens.com and Preston Law Offices, 4054 McKinney Avenue, No. 310, Dallas, Texas 75204, vznsettle@eplaw.us**

AFFIX
POSTAGE
HERE

**SETTLEMENT NAME
c/o Settlement Administrator
PO BOX XXXXX
MILWAUKEE, WI  53217**