1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN LOFTON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON WIRELESS (VAW) LLC, and DOES 1-100, inclusive,<br><br>Defendants. | No. C 13-05665 YGR<br><br>[PROPOSED] ORDER GRANTING ATTORNEY'S FEES AND AN INCENTIVE AWARD TO THE CLASS REPRESENTATIVE<br><br>*AS MODIFIED BY THE COURT* |

Plaintiff John Lofton's ("Lofton") Motion for Attorney's Fee Award and Class Representative's Incentive Award ("Motion") was heard by this Court at the Final Approval Hearing on May 24, 2016, before the Honorable Yvonne Gonzalez Rogers.  All Parties appeared through their counsel of record.  Defendant Verizon Wireless (VAW) LLC ("Verizon") does not oppose the Motion.

Based on the Motion and supporting Memorandum of Points and Authorities and the declarations in support thereof, the Parties' Stipulation and Settlement Agreement ("Settlement Agreement"), and the arguments of counsel at the hearing on the Motion, and with good cause appearing, the Court rules as follows:

1.      The capitalized terms used in this Order have the same meaning as defined in the Settlement Agreement, which is attached hereto as Exhibit 1.

2.      This Court, having considered Class Counsel's request for an award of attorneys' fees and reimbursement of expenses, hereby grants the request and awards Class Counsel attorneys' fees and reimbursement of expenses in the total amount of $1.2 million.  This amount was reasonable under a common fund analysis in light of the circumstances of this case.  Such amounts are to be paid to Class Counsel by the Settlement Administrator Class Counsel out of the Common Fund within ten (10) days of the later of (i) the Effective Date; or (ii) the date on which the Plan of Allocation becomes Final, as defined in the Plan of Allocation, which is attached hereto as Exhibit 2.

3.      The award of attorneys' fees to Class Counsel shall be allocated among Class Counsel in a fashion that, in the opinion of Class Counsel, fairly compensates Plaintiff's counsel for their respective contributions in the prosecution of this action.  The Court has considered this award of attorneys' fees and reimbursement of expenses separately from the merits of the settlement and the Court has considered and finds as follows:

a.      Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy on behalf of Lofton and the Settlement Class as a whole.

b.      The Action involves a myriad of factual and legal issues and, in the absence of Settlement, would involve further lengthy proceedings and uncertain resolution of such issues.

c.      Had Settlement not been achieved, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Verizon, and that any recovery would have been significantly delayed.

d.      The amount of attorneys' fees and reimbursable expenses awarded to Class Counsel is fair and reasonable, given the number of attorney hours expended to achieve the Settlement on behalf of Lofton and the Settlement Class as a whole, and the estimated value of the settlement benefits obtained for the Settlement Class, and the amount awarded is consistent with awards for similar work in similar cases.

4.      Having considered all the circumstances presented in the Motion for Attorney's Fee Award and Class Representative's Incentive Award, the Court specifically finds that it is appropriate to exceed the benchmark award of 25 percent because of the substantial results achieved (a $4 million common fund); the risks of class litigation against an able defendant well able to defend itself vigorously (as evidenced by the five motions Verizon brought to dismiss all or part of Lofton's case), as well as the significant risks posed by Collecto's concealment of its dialers' call logs and/or call detail reports; the skill and effort expended by Class Counsel in opposing Verizon's motion practice and detecting and obtaining a judicial determination of Collecto's discovery misconduct; the fact that Class Counsel litigated this case for four years entirely on a contingency fee basis, advancing tens of thousands of dollars doing so; and Class Counsel's significant lodestar, which exceeds the fee award requested, and which the Court finds, in general, reasonably necessary given both Verizon's motion practice and Collecto's conduct in discovery.  That said, the Court does not award the full amount requested as Class Counsel's own conduct contributed, in part, to the overly litigious nature of this Action.

5.      This Court, having considered Plaintiff's request for an incentive fee, hereby grants the request and awards Lofton an incentive fee of $15,000.  Such incentive fee shall be

paid by the Settlement Administrator to Lofton out of the Common Fund within ten (10) days of the later of (1) the Effective Date and (2) the date on which the Plan of Allocation becomes Final, as defined in the Plan of Allocation.

**IT IS SO ORDERED.**

Dated:  May 27, 2016

Honorable Yvonne Gonzalez Rogers
United States District Judge